UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: Ark Laboratory, LLC, Debtor. | Case No. 23-43403-mlo<br>Chapter 11<br>Hon. Maria L. Oxholm |
|---|---|

**FIRST DAY MOTION OF DEBTOR FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION WAGES, AND GRANTING RELATED RELIEF**

Debtor states:

**Background**

1. Ark Laboratory, LLC, dba Helix Diagnostics ("Helix") Helix is a CLIA certified, CAP proficient, COLA accredited, medical laboratory in Waterford, Michigan with approximately 112 employees. Helix specializes in substance abuse testing, blood and molecular testing. Annual projected revenue is between 18-20 million dollars. Debtor filed its bankruptcy because of cash flow issues caused by a combination of the following four factors: 1. Declining Medicare reimbursements, 2. A decrease in Covid testing, 3. Debtor's cost structure, and 4. Erroneous denials of claims by Meridian and Blue Cross. Debtor's principal and its subordinated lender infused significant funds in 2022 in order to attempt to stabilize operations. Debtor's chapter 11 filing will assist the Debtor in pivoting to a lower cost structure to maximize the value of its assets for all constituencies.

2. The Debtor is authorized to continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, the Debtor requests authority, pursuant to Sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay certain prepetition wages.

5. A proposed form of order granting the relief requested in the Motion on an interim basis is attached hereto (the "**Proposed Interim Order**").

6. Debtor proposes to pay the following employees the following amounts, all of which were earned within the 180 days prior to filing and all of which are below the priority unsecured claim threshold. The amounts to be paid to the employees are set forth below, Debtor is also requesting that it be able to make the required deductions and payroll tax payments regarding these payments (the "Authorized Prepetition Wages").

.

| Name | Amount to be paid to employee - Prepetition |
|---|---|
| Brandon Adams | $ 1,427.40 |
| Juan Barber | $ 2,277.82 |
| Kaitlyn Barnhart | $ 2,307.69 |
| Dan Baunoch | $ 2,813.13 |
| Amanda Bayer | $ 1,204.35 |
| Mary Bilbrey | $ 313.95 |
| Tiffanie Brantley | $ 1,582.60 |
| Janet Breckenridge | $ 1,858.74 |
| Lori Britton | $ 1,325.40 |
| Lakia Brown | $ 895.50 |
| Briana Carter | $ 1,595.00 |
| Isabella Catalano | $ 2,327.33 |
| Nicole Chalmers Demick | $ 1,518.40 |
| Anna Charnstrom | $ 2,658.35 |
| Danielle Chelmicki | $ 1,764.00 |
| Carol Cooper | $ 588.00 |
| Shantinecia Cooper | $ 3,634.62 |
| Shenetta Cooper | $ 2,025.00 |
| Diamond Cushingberry | $ 1,676.00 |
| Connor Dalton | $ 1,356.08 |
| Wendy Dalton | $ 4,615.38 |
| Karen Davis | $ 1,784.40 |
| Isis Day | $ 1,715.20 |
| Maria Dickerson | $ 2,031.88 |
| Liam Dillon | $ 7,692.31 |
| Kennedy Dunlap | $ 202.50 |
| Kristine Dust | $ 1,702.60 |
| Eric Fetzner | $ 2,798.26 |
| Jessica Fishta | $ 890.00 |
| Karla Foster | $ 2,592.70 |
| Crystal Freville | $ 1,738.00 |

| | |
|---|---|
| Dana Gearhart | $ 2,623.40 |
| Karin Gittler | $ 1,800.00 |
| Kellie Gossan | $ 3,156.58 |
| Lalana Grandstaff | $ 1,859.56 |
| Logan Greer | $ 1,923.08 |
| | |
| Joey Grossi | $ 857.50 |
| Amanda Gruber | $ 1,763.88 |
| Christa Guest | $ 2,220.00 |
| Karlene Guldi | $ 1,593.98 |
| Marianne Hallett | $ 2,307.69 |
| Ltanya Harmon | $ 676.80 |
| Dylan Hoeft | $ 1,764.00 |
| Rachel Hoffmann | $ 1,680.00 |
| Jennifer Hubbard | $ 1,398.88 |
| Meghan Humphries | $ 2,692.31 |
| Rodica Iacoban | $ 542.50 |
| Aranda Jabiro | $ 1,996.68 |
| Nancy Johnston | $ 1,750.61 |
| Tika Joubert | $ 1,751.13 |
| Maryellen Kilroy | $ 2,137.50 |
| Sherry Kohlmeyer | $ 1,951.60 |
| Lauren Kotalik | $ 2,561.63 |
| Angie Laugavitz | $ 1,184.84 |
| Taylor Levy | $ 1,145.00 |
| Danielle Lulgjuraj | $ 2,516.80 |
| Kristasia Magee | $ 2,307.69 |
| Alyssa Malone | $ 2,649.41 |
| Kelsey Martin | $ 2,594.40 |
| Jaronna McCrae | $ 1,238.56 |
| Kelsey McKaig | $ 2,206.92 |
| Yvette Mcqueen | $ 1,715.96 |
| Nicodemus Monear | $ 2,041.88 |
| Monica Ortiz | $ 1,391.57 |
| Rhonda Pankey | $ 1,471.58 |
| Esthefanie Paredes | $ 1,848.42 |
| Lisa Perry | $ 1,677.27 |

| | |
|---|---|
| Cassidy Pumper | $ 2,717.24 |
| Patti Riddell | $ 1,271.44 |
| Sylvanus Rollins | $ 1,507.50 |
| Sharla Rudnick | $ 2,615.38 |
| Tonya Ross | $ 3,196.80 |
| Zane Rybkowski | $ 1,632.75 |
| Taylor Sawyer | $ 1,483.00 |
| Daveion Scott | $ 499.60 |
| Tammy Scott | $ 1,926.24 |
| Shantel Shamily | $ 1,554.40 |
| Jarrod Simmonds | $ 2,400.00 |
| Lyndsay Stone | $ 1,761.54 |
| Ashley Story | $ 2,884.62 |
| Sachiko Taylor | $ 1,840.00 |
| Lauren Thornton | $ 1,298.00 |
| Tanya Vallieres | $ 1,569.85 |
| Laney Vidal | $ 1,685.25 |
| Latoya Waters | $ 1,154.25 |
| Jessica Weaver | $ 2,747.50 |
| Sam Weber | $ 1,848.63 |
| Shawna Willaeys | $ 2,384.62 |
| Ceville Williams | $ 1,250.00 |
| Toshiba Williams | $ 2,592.70 |
| Morgan Wiza | $ 3,076.93 |
| Kathleen Wong | $ 1,218.66 |
| Selena Yang | $ 1,473.60 |
| TOTAL | $179,502.70 |

**<u>The Relief Requested Should Be Granted</u>**

**I. Payment of Workforce Obligations is Warranted Under Section 363(b)(1) of the Bankruptcy Code and Doctrine of Necessity.**

7. The Court may grant the relief requested herein pursuant to Section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease,

other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under Section 363 of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims where a sound business purpose exists for doing so. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that there must be a sound business justification to justify payment of prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.* (*In re James A. Phillips, Inc.*), 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 of the Bankruptcy Code to allow contractor to pay prepetition claims of suppliers).

8. In addition, the Court has the authority, pursuant to its equitable powers under Section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtor to carry out its fiduciary duties under Section 1107(a) of the Bankruptcy Code. Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the debtor became debtor in possession and, through its management…was burdened with the duties and responsibilities of a bankruptcy trustee."). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see Ionosphere Clubs*, 98 B.R. at 175 (applying section 105(a) to justify an order authorizing the payment of certain pre-petition wages, salaries, medical benefits, and business expense claims to debtor's employees); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims).

9. In a long line of well-established cases, courts consistently have permitted payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of the continuance of [crucial] business relations"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied* 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

10. This "doctrine of necessity" functions in a Chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me. Corp.,* 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees…to pay claims…[for] goods or services

indispensably necessary" to Debtor's continued operation); *In re Structurlite Plastics Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988) ("[A] *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code."). The rationale for the doctrine of necessity is consistent with the paramount goal of Chapter 11: "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

11. The relief requested by this Motion represents a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's estate, and is justified under Sections 105(a) and 363(b) of the Bankruptcy Code. Authorizing the Debtor to pay prepetition wages will benefit the Debtor's estate and its creditors by allowing the Debtor's business operations to continue without interruption. Without the relief requested herein being granted, the Debtor's Employees may seek alternative opportunities, perhaps with the Debtor's competitors. The loss of valuable Employees would deplete the Debtor's workforce, thereby hindering the Debtor's ability to meet their customer obligations and, likely, diminishing stakeholder confidence in the Debtor's ability to successfully carry out their Chapter 11 strategy.

12. Moreover, failure to satisfy certain prepetition obligations will jeopardize Employee morale and loyalty at a time when Employee support is critical to the Debtor's business.

13. Portions of the Debtor's Employees rely exclusively on their compensation, benefits, and reimbursement of expenses to satisfy their daily living expenses. These Employees will be exposed to significant financial difficulties and other distractions if the Debtor is not permitted to honor its obligations for unpaid compensation, benefits and reimbursable expenses.

**Payment of Certain of Workforce Obligations Is Required by Law.**

14. The Debtor seeks authority to pay Deductions and Payroll Taxes to the appropriate entities regarding the prepetition wages. These amounts principally represent Employee earnings that governments, Employees, and judicial authorities have designated for deduction from Employees' paychecks. Indeed, certain Deductions, including contributions to the Employee Benefit Programs and child support and alimony payments, are not property of the Debtor's estate because they have been withheld from Employees' paychecks on another party's behalf. *See* 11 U.S.C. § 541(b). Further, federal and state laws require the Debtor and its officers to make certain tax payments that have been withheld from their Employees' paychecks. *See* 26 U.S.C. § 6672 and 7501(a); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95–97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *DuCharmes & Co., Inc. v. State of Mich.* (*In re DuCharmes & Co.*), 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes). Because the Deductions and Payroll Taxes

are not property of the Debtor's estate, the Debtor requests that the Court authorize it to transmit the Deductions and the Payroll Taxes to the proper parties in the ordinary course of business.

**Reservation of Rights**

15. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtor and any third party under Section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

**The Debtor Has Satisfied Bankruptcy Rule 6003(b)**

16. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b). The Debtor requests authority, on an interim

basis, to honor and satisfy any of these obligations as they become due and payable prior to the entry of a final order. As described above, the Debtor's Employees are vital to the Debtor's operations. Failure to satisfy obligations with respect to these persons in the ordinary course of business during the first 21 days of this Chapter 11 case will jeopardize its loyalty and trust, which may cause such individuals to leave the Debtor's employ or service at a time when they are needed most. The disruption to the Debtor's business and operations would be severe and potentially irreparable. Moreover, the Debtor's Employees rely on the Debtor's compensation, and benefits to pay their living expenses and the effect could be financially ruinous if the Debtor cannot immediately pay them in the ordinary course of business. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003(b) is satisfied.

**Compliance with Bankruptcy Rule 6004(a)**
**and Waiver of Bankruptcy Rule 6004(h)**

17. To implement the foregoing successfully, the Debtor requests that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify the finding that the notice requirements under Bankruptcy Rule 6004(a) have been

satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

**Notice**

18. Notice of this Motion will be provided to (i) the Office of the United States Trustee; and (ii) the holders of the twenty (20) largest unsecured claims against the Debtor via email; and (iii) Debtor's secured creditors. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of interim and final orders granting the relief requested herein and such other and further relief as is just.

Respectfully submitted
/s/ Robert Bassel
Robert N. Bassel P48420
PO BOX T
CLINTON, MI 49236
248.677/1234
bbassel@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## VERIFIED DECLARATION OF JAMES GROSSI

1. I am the sole member of the Debtor and its manager.

2. To the best of my knowledge, information and belief, the averments in this motion to pay prepetition wages are true and correct.

**VERIFIED UNDER PENALTY OF PERJURY**

/s/James Grossi
James Grossi, Manager/Member

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

**ORDER SETTING HEARING ON DEBTOR'S FIRST DAY MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION**

Upon the filing of the above-captioned motion,

IT IS HEREBY ORDERED THAT, a hearing on the above-captioned motion shall be held on April ___, 2023 at _____m., in the Courtroom of the Honorable Maria Oxholm, 211 W. Fort Street, Courtroom 1875, Detroit, MI 48226.

IT IS FURTHER ORDERED THAT Debtor shall serve a copy of this Order upon its secured claimants, counsel of record, the entities on the list of the 20 largest creditors filed with the Court via email, and the office of the United States Trustee immediately by email.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: | Case No. 23-43403-mlo |
|---|---|
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

**FIRST DAY INTERIM ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION WAGES, AND GRANTING RELATED RELIEF**

Upon the above-captioned motion (the "**Motion**") of Debtor pursuant to Sections 105(a), 363 and 507 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the Debtor (i) authority, to pay certain prepetition amounts[1] and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

requested in the Motion on an interim basis on April __ 2023 (the "**Interim Hearing**"); the record of the Interim Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtor and its estate after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtor is authorized pursuant to Sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay the Authorized Prepetition Wages Certain Prepetition Obligations which are all below the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

3. The Debtor and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's stated policies and prepetition practices.

4. The Debtor is further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the prepetition payroll.

5. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under Section 365 of the Bankruptcy Code.

6. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of the Debtor, or shall impair the ability of the Debtor, to contest the validity and amount of any payment made pursuant to this Interim Order.

7. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

12. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Interim Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

14. The Final Hearing on the Motion shall be held on **____________, 2023, at _____ (EST)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the Office of the United States Trustee; and (ii) counsel for the Debtor-in-Possession, so as to be received no later than **4:00 p.m. (EST) on ________, 2023**.