## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,                    Case No. 23-43403-mlo
                                        Chapter 11
              Debtor.                   Hon, Maria L. Oxholm

_____/

## FIRST DAY MOTION
## COVER SHEET FOR MOTION FOR USE OF CASH COLLATERAL,
## REGARDING ADEQUATE PROTECTION AND RELATED RELIEF

    The debtor has filed the above-captioned motion, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br>_x____ No | Page _____, ¶ _____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br>___x__ No | Page _____, ¶ _____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes<br>__x___ No | Page _____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br>___x__ No | Page _____, ¶ _____ |

| | | |
|---|---|---|
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br>__x ___ No | Page _____, ¶ ___ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br>__x__ No | Page _____, ¶ _____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | __ ___ Yes<br>__x___ No | Page _____, ¶ _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |
| (16) Provisions that purport to bind a subsequent trustee. | ___ ___ Yes<br>__x__ No | Page _____, ¶ _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br>__x___ No | Page _____, ¶ _____ |

Respectfully submitted
/s/ Robert Bassel
Robert N. Bassel P48420
PO BOX T
CLINTON,  MI 49236
248.677/1234
bbassel@gmail.com
Prospective Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                          Case No. 23-43403-mlo
                                              Chapter 11
              Debtor.                         Hon, Maria L. Oxholm
_____/


### FIRST DAY
### DEBTOR'S MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF

NOW COMES Debtor, through counsel, and states:

### General Averments

1.      Ark Laboratory, LLC, dba Helix Diagnostics ("Helix") Helix is a CLIA certified, CAP  proficient, COLA accredited,  medical  laboratory in Waterford, Michigan with approximately 112 employees.  Helix specializes in substance abuse testing, blood and molecular testing.  Annual projected revenue is between 18-20 million dollars.   Debtor filed its bankruptcy because of cash flow issues caused by a combination of the following four factors: 1. Declining Medicare reimbursements, 2. A decrease in Covid testing, 3. Debtor's cost structure, and 4. Erroneous denials of claims by Meridian and Blue Cross.  Debtor's principal and its subordinated lender infused significant  funds in 2022 in order to attempt to stabilize operations. Debtor's chapter 11 filing will assist the Debtor in pivoting to a lower cost structure to maximize the value of its assets for all constituencies.

3

2.     Debtor files this Motion for the Entry of an Order Authorizing the Debtor to Use Cash Collateral and Providing Adequate Protection (the "Motion") pursuant to Fed. R. Bankr. P. 4001(b) and L.B.R. 4001-2(a) (E.D.M.).

3.     This Court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a).

4.     This is a core matter pursuant to 28 U.S.C. §157(b)(2).

5.     Nothing in the Motion is intended to be construed as an admission with respect to liability for any indebtedness, nor should anything within the Motion be construed as an admission with respect to the extent, status, validity and enforceability of any lien against any of the assets of the Debtor.

### **Description of Debtor**

6.     The Debtor owns and operates a medical laboratory.

7.     As of the Petition Date, Debtor's principal assets consisted of the following:

| ASSETS | APPROXIMATE VALUE[1] |
|---|---|
| Cash | $      119,000 |
| Receivables | $      7,490,817 |
| Equipment-NBV | $      2,916,900 |
| Inventory/Supplies | $      581,698 |
| Total | $      11,108,415 |

---

[1] Unless otherwise stated, values are estimations.   Debtor reserves its rights to amend these figures.

4

8. A significant portion of the value of Debtor's business arises from its ongoing operations, namely, collecting rent from tenants at its real property.

**Secured Claimants**

**9.** It is contemplated that the following claimants who may have secured claims will assert claims in the following amounts:

| | |
|---|---|
| Comerica Commercial Lending Services | $6,536,566.07 |
| Peninsula Capital Partners | $14,940,749.14 |
| Diesel Funding | $187,500 |

10. No official committee of creditors holding unsecured claims has been appointed in this case.

**Use of Cash Collateral**

11. Debtor's anticipated revenues for the next several weeks and anticipated expenses are set forth in the attached spreadsheet.

12. A failure to allow Debtor to use these funds will cause irreparable and immediate harm because its ability to reorganize and preserve its going-concern value will be jeopardized.

**Adequate Protection**

**13.** Debtor proposes to grant the purported secured claimants a replacement lien on postpetition assets of the same type and to the extent they

have a perfected security interest on the particular type of prepetition assets, to the extent the prepetition asset constitutes cash collateral, to the extent that Debtor will be using those prepetition assets postpetition, and at the same priority as existed prepetition (the "Replacement Liens").

14. A court can allow the use of cash collateral under 11 U.S.C. §363. Debtor believes that the secured claimants which assert an interest in cash collateral will be adequately protected.

15. Debtor is confident that its post-petition operations will be profitable and that it will be able to demonstrate its ability to remain profitable during these bankruptcy proceedings and beyond. Debtor has prepared operating projections which are attached and which contain projected sales and an anticipated budget of necessary expenditures going forward.

16. The Projections demonstrate Debtor's anticipated revenue is sufficient to cover weekly expenses going forward in order to avoid immediate and irreparable harm to the Debtor.

17. Based upon the Projections, the Debtor asserts that it will remain profitable and will thereby be able to provide its secured creditors with adequate protection of their interests in cash collateral of the Debtor through the continuing liens being offered.

18. On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use its cash collateral.

6

19.     The Debtor contends that without authority to use its cash collateral, its operations would cease, which would result in immediate and irreparable harm that would be detrimental to the interests of the estate and to all of its creditors.

20.     Furthermore, without the use of cash collateral, the Debtor will be unable to pay vendors and employees who are critical to the operation of Debtor's business.

21.     The entry of an order authorizing Debtor's use of cash collateral will minimize disruption of the Debtor's business and will increase the possibility of a successful rehabilitation, and is, therefore, in the best interests of the estate and its creditors.

<u>**Service of Motion and Hearing Date**</u>

**22.**     The Debtor has served this motion by email upon all counsel of record, its secured claimants, the Office of the United States Trustee, and the entities on the List of the 20 Largest Unsecured Claims filed in this case.

23.     Payroll is due this Friday, April 21, 2023, and Debtor requests an interim hearing on the use of cash collateral ideally at the same date and time set by the Court for the Debtor's Motion for Authority to Pay Prepetition Wages, which is Friday, April 21, 2023 at 10:30 a.m.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court enter the attached proposed Interim Order Authorizing the Debtor to Use Cash Collateral and grant such other relief as is just and equitable to Debtor and the estate.

7

Respectfully submitted
/s/ Robert Bassel
Robert N. Bassel P48420
PO BOX T
CLINTON, MI 49236
248.677/1234
bbassel@gmail.com
Prospective Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                           Case No. 23-43403-mlo
                                               Chapter 11
       Debtor.                            Hon, Maria L. Oxholm
_____/


### VERIFIED DECLARATION OF JAMES GROSSI

    1.     I am the sole member of the Debtor and its manager.

    2.     To the best of my knowledge, information and belief, the averments in this motion to pay prepetition wages are true and correct.


### VERIFIED UNDER PENALTY OF PERJURY


          /s/James Grossi
          James Grossi, Manager/Member

9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                          Case No. 23-43403-mlo
                                              Chapter 11
                   Debtor.                    Hon, Maria L. Oxholm

_____/


**INTERIM ORDER GRANTING DEBTOR'S USE OF CASH COLLATERAL**

Upon the above-captioned motion, sufficient cause existing for the relief requested, there being no unresolved objections

IT IS HEREBY ORDERED THAT,

Debtor is authorized to use its funds including cash collateral to pay those expenses attached to the underlying motion as Exhibit A, in a weekly amount of no more than $460,000 and a monthly amount of no more than $2,000,000 through the final hearing date set in this Order and thereafter through confirmation if this interim Order becomes a final Order, to avoid immediate and irreparable harm.

Debtor is authorized to grant the purported secured claimants listed in the motion a replacement lien on post-petition assets of the same type, to the extent the pre-petition secured creditors have a perfected security interest in the particular pre-petition assets, in the same priority as existed pre-petition, to the extent the value of such creditor's interest in cash collateral is diminished (the "Replacement Liens").

10

This protection being afforded to the purported secured claimants is adequate.

Debtor shall serve a copy of this Order and the motion seeking entry of this Order within 24 hours after entry of this Order under Federal Rule of Bankruptcy Procedure 4001(d) and Local Rule 4001-2.

The final hearing under Local Rule 4001-2 shall be on _____, 2023 at _____ __.m.

Objections to this Order must be filed and served within 14 days of its entry, except that an unsecured creditors' committee may file objections within the earlier of (a) 14 days after it is served with this Order, or (b) 60 days after the entry of this Order.  If  no objections are timely filed, the order shall become a final order.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                                    Case No. 23-43403-mlo
                                                        Chapter 11
                    Debtor.                             Hon, Maria L. Oxholm

_____/


**ORDER SETTING HEARING ON DEBTOR'S**
**FIRST DAY MOTION FOR ENTRY OF ORDER FOR USE OF CASH**
**COLLATERAL**

Upon the filing of the above-captioned motion,

IT IS HEREBY ORDERED THAT,  a hearing on the above-captioned motion shall be held on April ___, 2023 at _____m., in the Courtroom of the Honorable Maria Oxholm, 211 W. Fort Street, Courtroom 1875, Detroit, MI 48226.

IT IS FURTHER ORDERED THAT Debtor shall serve a copy of this Order upon its secured claimants, counsel of record, the entities on the list of the 20 largest creditors filed with the Court and the office of the United States Trustee immediately by email, and shall file a proof of service thereafter.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                         Case No. 23-43403-mlo
                                                          Chapter 11
                    Debtor.                    Hon, Maria L. Oxholm
_____/


**PROOF OF SERVICE**

    The undersigned served, or caused to be served, copies of Cover Sheet and Motion for Use of Cash Collateral by email upon all counsel of record, its secured claimants, the Office of the United States Trustee, and the entities on the List of the 20 Largest Unsecured Claims filed in this case by email.


Respectfully submitted
/s/ Robert Bassel
Robert N. Bassel P48420
PO BOX T
CLINTON,  MI 49236
248.677/1234
bbassel@gmail.com
Prospective Counsel for Debtor

13

| Description | 21-Apr-23 Proj. | 28-Apr-23 Proj. | 5-May-23 Proj. | 12-May-23 Proj. | Cumulative Cash Flow Proj. | |
|---|---|---|---|---|---|---|
| **REVENUES** | | | | | | |
| **Gross Revenues** | | | | | | |
| | 1 | 2 | 3 | 4 | | |
| Non Covid PCR | $ 222,083 | $ 222,083 | $ 216,966 | $ 214,919 | $ 876,052 | 27.1% |
| Covid | 39,667 | 39,667 | 38,753 | 38,387 | 156,473 | 4.8% |
| Toxicology | 430,000 | 430,000 | 420,092 | 416,129 | 1,696,221 | 52.5% |
| Blood | 40,833 | 40,833 | 39,892 | 39,516 | 161,075 | 5.0% |
| Other | 86,667 | 86,667 | 84,670 | 83,871 | 341,874 | 10.6% |
| **Gross Revenues** | **$ 819,250** | **$ 819,250** | **$ 800,373** | **$ 792,823** | **$ 3,231,696** | **100.0%** |
| | | | | | | |
| Customer Price Increases | - | - | - | - | - | 0.0% |
| Reimbursement Rate Adjustments | (204,813) | (204,813) | (200,093) | (198,206) | (807,924) | -25.0% |
| **Net Revenues** | **$ 614,438** | **$ 614,438** | **$ 600,280** | **$ 594,617** | **$ 2,423,772** | **75.0%** |
| **Receipts** | | | | | | |
| Billed Receipts | 77,649 | 77,625 | 77,586 | 77,550 | 310,410 | 9.6% |
| Cash Balance WE 4/14/23 (est.) | 119,110 | | | | 119,110 | |
| Future Receipts | 497,872 | 499,846 | 503,189 | 506,359 | 2,007,265 | 62.1% |
| Medcare Delay in Billing Claims | (308,483) | (233,434) | (195,794) | (198,000) | (935,711) | |
| Improved Collections | 40,963 | 40,963 | 40,019 | 39,641 | 161,585 | 5.0% |
| **Cash Receipts** | **$ 427,110** | **$ 385,000** | **$ 425,000** | **$ 425,550** | **$ 1,662,659** | **51.4%** |
| | | | | | | |
| **Payroll Disbursements** | | | | | | |
| Salary Employees: Salary | 78,260 | 32,000 | 95,260 | 15,000 | $ 220,519 | 6.8% |
| Salary Employees: Auto Allowance | 3,500 | - | - | - | 3,500 | 0.1% |
| Payroll Missed 4/14/23 | 119,110 | | | | 119,110 | |
| Hourly Employees: Wages | 79,079 | 124,023 | 52,000 | 136,023 | 391,125 | 12.1% |
| Hourly Employees: Auto Allowance | - | - | - | - | - | 0.0% |
| Hourly Employees: Bonus and Overtime | - | 3,759 | - | 3,759 | 7,517 | 0.2% |
| **Payroll Disbursements** | **$ 279,948** | **$ 159,782** | **$ 147,260** | **$ 154,782** | **$ 741,771** | **23.0%** |
| | | | | | | |
| **Non-Payroll Disbursements** | | | | | | |
| Credit Card Fees | 470 | 470 | 459 | 454 | 1,853 | 0.1% |
| Bank Charges | - | - | 2,888 | - | 2,888 | 0.1% |
| Courier Fee | 19,654 | 19,654 | 19,654 | 19,654 | 78,615 | 2.4% |
| Marketing Fees (1099) | 31,250 | 31,250 | 31,250 | 31,250 | 125,000 | 3.9% |
| IT Hardware | - | 303 | 303 | 303 | 908 | 0.0% |
| Contract Labor | - | 559 | 559 | 559 | 1,678 | 0.1% |
| Fuel/Mileage | 1,250 | 2,127 | 2,127 | 2,127 | 7,631 | 0.2% |
| Dues & Subscriptions | 115 | 115 | 115 | 116 | 463 | 0.0% |
| Workers Comp | - | 8,386 | - | - | 8,386 | 0.3% |
| Insurance - Liability | - | 12,100 | - | - | 12,100 | 0.4% |
| Insurance - Employee Portion | (6,222) | (6,222) | (6,222) | (6,221) | (24,886) | -0.8% |
| Insurance - Health | - | - | - | 68,845 | 68,845 | 2.1% |
| Insurance - Life/AD&D/Dental/Vision | - | - | 8,049 | - | 8,049 | 0.2% |
| Insurance - Life | - | (189) | - | - | (189) | 0.0% |
| Lab Fees | - | 15,790 | 15,453 | 15,318 | 46,560 | 1.4% |
| Legal & Professional Fees | - | - | - | - | - | 0.0% |
| IT Consulting | 923 | 923 | 923 | 15,500 | 18,269 | 0.6% |
| Compliance | - | - | 2,194 | - | 2,194 | 0.1% |
| Licenses & Fees - Infrastructure | - | 356 | 614 | 356 | 1,326 | 0.0% |
| Licenses & Fees - Business Operations | - | 415 | 415 | 5,177 | 6,007 | 0.2% |
| Employee Meals | 92 | 92 | 92 | 92 | 369 | 0.0% |
| Meals and Entertainment | 58 | 58 | 58 | 58 | 231 | 0.0% |
| Medical Billing | 26,000 | 26,000 | 26,000 | 26,000 | 104,000 | 3.2% |
| Medical Directorship | 692 | 692 | 692 | 692 | 2,769 | 0.1% |
| Rent or Lease | - | - | 54,792 | - | 54,792 | 1.7% |
| Equipment Lease | - | - | - | - | - | 0.0% |
| Repair & Maintenance | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 | 0.2% |
| Payroll Fees | - | 3,303 | - | - | 3,303 | 0.1% |
| Shipping and Delivery Expense | 3,667 | 3,667 | 3,582 | 3,549 | 14,465 | 0.4% |
| Supplies | 39,000 | 72,000 | 35,000 | 51,917 | 197,917 | 6.1% |
| Telephone | - | - | - | 1,200 | 1,200 | 0.0% |
| Travel | 1,062 | 1,062 | 1,062 | 1,062 | 4,246 | 0.1% |
| Utilities | - | - | - | - | - | 0.0% |
| Cleaning Service | - | 2,769 | 2,769 | 2,769 | 8,308 | 0.3% |
| Uniforms | 945 | 945 | 945 | 945 | 3,779 | 0.1% |
| Waste Management | - | - | 1,200 | - | 1,200 | 0.0% |
| US Trustee Fees | 1,608 | 1,438 | 1,596 | 1,598 | 6,240 | 0.2% |
| Expense Reports | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 | 0.1% |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 131,056 | 201,562 | 209,559 | 246,338 | 780,515 | 24.2% |

**Helix Diagnostics**
**4-Week Cash Flow Budget (4/17/23 to 5/12/23)**
**Prepared: 4/19/23**

| Description | 21-Apr-23 Proj. | 28-Apr-23 Proj. | 5-May-23 Proj. | 12-May-23 Proj. | Cumulative Cash Flow Proj. | |
|---|---|---|---|---|---|---|
| **Other Cash Expenditures** | | | | | | |
| Capital Expenditures | - | - | - | - | - | 0.0% |
| Interest Expense - Line of Credit (Comerica Bank) | - | - | 43,856 | - | 43,856 | 1.4% |
| Interest Expense - Business Loan (Peninsula Capital) | - | - | - | - | - | 0.0% |
| Interest Expense - Equipment Loan | - | - | - | - | - | 0.0% |
| Principal Payments - Line of Credit (Comerica Bank) | - | - | - | - | - | 0.0% |
| Principal Payments - Business Loan (Peninsula Capital) | - | - | - | - | - | 0.0% |
| Principal Payments - Equipment Loan | - | - | - | - | - | 0.0% |
| Consulting Fees | | | | | - | 0.0% |
| Clear Check Float | - | - | - | - | - | 0.0% |
| Forbearance Fees and Expenses | - | - | - | - | - | 0.0% |
| Credit Card Expense | - | - | - | - | - | 0.0% |
| **Other Cash Expenditures** | **$ -** | **$ -** | **$ 43,856** | **$ -** | **$ 43,856** | **1.4%** |
| | | | | | | |
| **Disbursement Summary** | | | | | | |
| Payroll | $ 279,948 | $ 159,782 | $ 147,260 | $ 154,782 | $ 741,771 | 23.0% |
| Non-Payroll | $ 123,564 | $ 201,063 | $ 209,569 | $ 246,320 | $ 780,515 | 24.2% |
| Other Cash Expenditures | $ - | $ - | $ 43,856 | $ - | $ 43,856 | 1.4% |
| **Total Disbursements** | **$ 403,512** | **$ 360,844** | **$ 400,684** | **$ 401,102** | **$ 1,566,142** | **48.5%** |
| | | | | | | |
| **Net Cash Flow (Weekly)** | **$ 23,598** | **$ 24,155** | **$ 24,316** | **$ 24,448** | | |
| **Cumulative Cash Flow** | **$ 23,598** | **$ 47,753** | **$ 72,069** | **$ 96,517** | | |

Notes:

**Operating Cash**

| | | | | |
|---|---|---|---|---|
| Beginning Balance | 3,214 | 26,812 | 50,967 | 75,283 |
| + Cash Inflows | 427,110 | 385,000 | 425,000 | 425,550 |
| - Cash Outflows | (403,512) | (360,844) | (400,684) | (401,102) |
| +/- Adjustments | | | | |
| Ending Balance | 26,812 | 50,967 | 75,283 | 99,731 |
| *Increase/Decrease* | *23,598* | *24,155* | *24,316* | *24,448* |

**A/R Rollforward**

| | | | | |
|---|---|---|---|---|
| Medcare: Accounts Receivable (total payments) | | | | |
| Medcare: Legacy Unbilled (expected value) | | | | |
| MEdcare: Claims in Transit (not included above) | | | | |
| QuickBooks: Client Bill (less than 90 days aged) | | | | |
| Beginning A/R | 7,490,817 | 7,678,145 | 7,907,583 | 8,082,863 |
| +Sales | 614,438 | 614,438 | 600,280 | 594,617 |
| -Collections | (427,110) | (385,000) | (425,000) | (425,550) |
| +/- Adjustments | - | - | - | - |
| Ending A/R | 7,678,145 | 7,907,583 | 8,082,863 | 8,251,930 |
| *Increase/Decrease* | *187,328* | *229,438* | *175,280* | *169,067* |

**Supplies**

| | | | | |
|---|---|---|---|---|
| Beginning Supplies | 581,698 | 581,698 | 581,698 | 581,698 |
| +Purchases (operational) | 39,000 | 72,000 | 35,000 | 51,917 |
| -(Sales * Materials %) | (39,000) | (72,000) | (35,000) | (51,917) |
| +/- Adjustments | | | | |
| Ending Supplies | 581,698 | 581,698 | 581,698 | 581,698 |
| *Increase/Decrease* | - | - | - | - |

**A/P Rollforward**

| | | | | |
|---|---|---|---|---|
| Beginning A/P | 7,239,297 | 7,239,297 | 7,239,297 | 7,239,297 |
| +Purchases (operational) | 39,000 | 72,000 | 35,000 | 51,917 |
| -Payments (operational) | (39,000) | (72,000) | (35,000) | (51,917) |
| -Payments (incremental) | - | - | - | - |
| +/- Adjustments | | | | |
| Ending A/P | 7,239,297 | 7,239,297 | 7,239,297 | 7,239,297 |
| *Increase/Decrease* | - | - | - | - |

**Revolver Balance**

| | | | | |
|---|---|---|---|---|
| Beginning Revolver Balance | 6,379,000 | 6,379,000 | 6,379,000 | 6,379,000 |
| +/- Adjustments | | | | |
| Ending Revolver Balance | 6,379,000 | 6,379,000 | 6,379,000 | 6,379,000 |
| *Increase/Decrease* | - | - | - | - |

| Description | 21-Apr-23 Proj. | 28-Apr-23 Proj. | 5-May-23 Proj. | 12-May-23 Proj. | Cumulative Cash Flow Proj. |
|---|---|---|---|---|---|
| **EBITDA/Cash Flow Reconciliation** | | | | | |
| Net Revenues | 614,438 | 614,438 | 600,280 | 594,617 | |
| Payroll Disbursements | (279,948) | (159,782) | (147,260) | (154,782) | |
| Non-Payroll Disbursements | (123,564) | (201,063) | (209,569) | (246,320) | |
| Other Cash Expenditures | - | - | (43,856) | - | |
| **Cash Flow Operating income before Addbacks** | **210,925** | **253,593** | **199,596** | **193,515** | |
| Add Backs: | | | | | |
| Capital Expenditures | - | - | - | - | |
| Interest Expense - Line of Credit (Comerica Bank) | - | - | 43,856 | - | |
| Interest Expense - Business Loan (Peninsula Capital) | - | - | - | - | |
| Interest Expense - Equipment Loan | - | - | - | - | |
| Principal Payments - Line of Credit (Comerica Bank) | - | - | - | - | |
| Principal Payments - Business Loan (Peninsula Capital) | - | - | - | - | |
| Principal Payments - Equipment Loan | - | - | - | - | |
| Consulting Fees | - | - | - | - | |
| Clear Check Float | - | - | - | - | |
| Forbearance Fees and Expenses | - | - | - | - | |
| Credit Card Expense | - | - | - | - | |
| Capital Infusion | - | - | - | - | |
| Payment on Capital Infusion | - | - | - | - | |
| Payment for Emergency Capital Influx from Senior Employees | - | - | - | - | |
| A/P Payment Plan | - | - | - | - | |
| Incremental Fee Related to Legacy Collections | 1,560 | 1,560 | 1,559 | 1,558 | |
| **Model Implied Recurring EBITDA** | **212,486** | **255,153** | **245,011** | **195,073** | |
| **Adjustments to Reconcile to Cash Flow:** | | | | | |
| Deduct: | | | | | |
| Capital Expenditures | - | - | - | - | |
| Interest Expense - Line of Credit (Comerica Bank) | - | - | (43,856) | - | |
| Interest Expense - Business Loan (Peninsula Capital) | - | - | - | - | |
| Interest Expense - Equipment Loan | - | - | - | - | |
| Principal Payments - Line of Credit (Comerica Bank) | - | - | - | - | |
| Principal Payments - Business Loan (Peninsula Capital) | - | - | - | - | |
| Principal Payments - Equipment Loan | - | - | - | - | |
| Consulting Fees | - | - | - | - | |
| Clear Check Float | - | - | - | - | |
| Forbearance Fees and Expenses | - | - | - | - | |
| Credit Card Expense | - | - | - | - | |
| Capital Infusion | - | - | - | - | |
| Payment on Capital Infusion | - | - | - | - | |
| Payment for Emergency Capital Influx from Senior Employees | - | - | - | - | |
| A/P Payment Plan | - | - | - | - | |
| Incremental Fee Related to Legacy Collections | (1,560) | (1,560) | (1,559) | (1,558) | |
| Net Revenues | (614,438) | (614,438) | (600,280) | (594,617) | |
| Add: | | | | | |
| Receipts | 427,110 | 385,000 | 425,000 | 425,550 | |
| | 23,598 | 24,155 | 24,316 | 24,448 | |
| Cash Flow | 23,598 | 24,155 | 24,316 | 24,448 | |
| Difference | $ - | $ - | $ - | $ - | |