# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Ark Laboratory, LLC,<br><br>                Debtor. | Case No. 23-43403-mlo<br><br>Chapter 11<br><br>Hon. Maria L. Oxholm |

## COMERICA BANK'S OBJECTION TO DEBTOR'S FIRST DAY MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF

Comerica Bank ("Comerica") files this objection to Debtor's request to use cash collateral.

1. Ark Laboratory, LLC ("Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 12, 2023 (the "Petition Date"). Although Comerica is Debtor's primary working capital lender, Debtor filed its bankruptcy case without advance notice to Comerica.

2. On April 19, 2023, a week after the commencement of its bankruptcy case, Debtor filed its First Day Motion for Use of Cash Collateral, Regarding Adequate Protection and Related Relief (the "Motion"). Comerica and Debtor had been in discussions over the first week of the case regarding a proposed form of

interim cash collateral order. However, the proposed order attached to Debtor's Motion bears no resemblance to the order that the parties had been negotiating.

3. Comerica believes that Debtor's business is losing money, is cash flow negative, is not viable, is already administratively insolvent and that an orderly wind down should be commenced immediately.

4. Debtor is indebted to Comerica under a certain Master Revolving Note executed by Debtor to the order of Bank on February 28, 2022 in the original principal amount of $6,500,000 (as amended, the "Revolving Note") and that, without limitation, the indebtedness under the Revolving Note as of the Petition Date includes principal of $6,376,908.51, interest of $23,360.32, plus costs, fees and expenses. Interest, attorney fees and expenses and other charges continue to accrue.

5. Comerica's claim is secured by a valid, perfected, first priority security interest in (among other collateral) all of Debtor's accounts receivable, general intangibles, chattel paper, contract rights, deposit accounts, documents, instruments, inventory, equipment and fixtures, and all proceeds or products of the same, under a Security Agreement (All Assets) executed by Debtor in favor of Comerica dated January 19, 2021. The proceeds of Comerica's collateral constitute cash collateral as defined in 11 U.S.C. § 363(a).

6. As set forth in the Motion, Debtor also owes almost $15,000,000 to The Peninsula Fund VII Limited Partnership ("Peninsula"), which is also secured

-2-

4886-5363-5422_2

by a lien on substantially all of Debtor's assets. Peninsula's lien is junior to Comerica's lien under a Senior Subordination Agreement dated January 19, 2021, as amended.

7. In addition, upon information and belief, after having maximized its borrowings under the Comerica loan documents and after exhausting its ability to obtain additional funds from Peninsula, Debtor entered into a Merchant Cash Advance Agreement dated March 10, 2023, under which Diesel Funding LLC advanced funds to Debtor characterized as a purchase from Debtor of certain future receivables. The Motion states that Diesel Funding LLC's claim is in the amount of $187,500 (but the documentation seems to require repayment of $300,000).

8. In the Motion, Debtor seeks authority to use $1,566,142 of Comerica's cash collateral over the next four weeks.

9. Comerica objects to the Motion and to any use of its cash collateral because Debtor has not offered adequate protection for the use of such cash and because the proposed terms of the use of cash collateral are not appropriate.

10. In its Motion, Debtor takes the position that Comerica and the other secured creditors will be adequately protected by a replacement lien on postpetition assets. In fact, however, Comerica's interest would not be protected adequately.

11. Debtor asserts that its assets had a total value of $11,108,415 as of the Petition Date. However, the Motion states that the values are "estimations" and that Debtor reserves the right to amend these figures. Despite the requirements of

LBR 4001-2(a) (E.D.M.), no appraisal or other evidence is given to support Debtor's values. In addition, while the $11 million figure on its face suggests that there may be an equity cushion above the amount of Comerica's claim, Debtor has not stipulated that Comerica's claim is oversecured. Moreover, even if Comerica has an equity cushion, Peninsula's secured claim is almost $15,000,000 and there is nothing in the proposed order to protect either Comerica or Peninsula from degradation in the value of their collateral.

12. Debtor's Motion states an estimated value of $7,490,817 for accounts receivable. However, Debtor admits in the Motion that it has suffered from cash flow issues caused by, among other things, declining Medicare reimbursements and "erroneous denials" of claims by Meridian and Blue Cross. Upon information and belief, these issues have existed for many months and Debtor has been unable to "right" them. Thus, the true, collectable amount of Debtor's accounts receivable is questionable.

13. Also included in Debtor's total valuation is an ascribed "net book value" of $2,916,900 for equipment. It is not clear what the actual value of the equipment is or whether there is any equity in the equipment for the benefit of Comerica. According to a recent UCC search, there were 15 different UCC filings covering particular equipment which appear to be purchase money security interest filings. Debtor's Motion does not contain any information regarding those other equipment finance creditors and what amounts they may be owed.

14. Comerica believes that Debtor may be overstating the value of the collateral. In the first instance, in a case such as this one, where Debtor's projections show that it will operate with very thin cash flow margins, the book value of its assets is not an appropriate measure of adequate protection.

> "[I]t is improper to look at valuation of assets in a vacuum. While the present value of a debtor's assets may be sufficient to constitute adequate protection, a debtor's future operational plans may result in a rapid deterioration of the collateral. Where an equity cushion is insufficient in size or likely to erode, it cannot, standing alone, constitute adequate protection. * * * [Secured lender] asserts that <u>liquidation value</u> is the appropriate yardstick by which to measure the value of the Debtor's assets. We agree." <u>In re Sharon Steel Corp.</u>, 159 B.R. 165, 169 (Bankr. W.D. Pa. 1993) (emphasis added).

<u>See also</u> <u>In re Case</u>, 115 B.R. 666, 670 (9th Cir. BAP 1990) (in valuing collateral for purposes of adequate protection determination, the "possibility of forced liquidation would be assumed and a deduction for selling costs would be logical"). Comerica asserts that if a proper valuation standard is used (<u>i.e.</u>, liquidation value), there may be marginal or no equity for Comerica in its collateral.

15. In addition, Debtor does not propose to maintain any type of formula with respect to accounts and supplies to insure that Comerica's position will not further deteriorate. These provisions are in the negotiated form of cash collateral order which Comerica and Debtor had been discussing.

16. Comerica asserts that Debtor must present evidence at the hearing on its Motion to support its assertion that Comerica is adequately protected, and Comerica intends to cross-examine any witnesses that Debtor may present.

-5-

4886-5363-5422_2

23-43403-mlo    Doc 32    Filed 04/20/23    Entered 04/20/23 13:14:39    Page 5 of 8

17. Debtor has separately filed a motion seeking authority to pay prepetition payroll of approximately $180,000. As of the current date, Debtor does not have sufficient funds in its bank account maintained at Comerica to cover even that expense, let alone any of the other items in Debtor's proposed budget. While Comerica has inquired whether Debtor has other funds on deposit at an institution other than Comerica (which would constitute a violation of Debtor's loan agreements with Comerica), Debtor has not responded to Comerica's inquiries.

18. Comerica does not believe that the continued operation of Debtor's business is in the best interests of Comerica or Debtor's other creditors. Comerica objects to Debtor's continued operations and will not agree to any surcharge of its collateral to finance such operations. Debtor should not be permitted to operate on a basis that will result in administrative insolvency for the estate.

19. Debtor has failed to meet its burden to show that Comerica's interest in cash collateral would be protected adequately. Accordingly, the request for use of cash collateral should be denied.

20. Comerica further asserts that under Local Rule 7026-3, cause has been shown to permit Bank to take discovery from Debtor in this matter, including requests for production of documents and depositions of Debtor's principal, James Grossi, and Russell D. Long (Debtor's financial advisor). Comerica requests that the Court enter an order permitting such discovery. (This provision was also in the

negotiated form of cash collateral order which Comerica and Debtor had been discussing).

## Conclusion

For all of the foregoing reasons, Comerica's interest in cash collateral is not adequately protected and Debtor's Motion to use Comerica's cash collateral should be denied.

Dated: April 20, 2023　　　　　　　　**BODMAN PLC**

　　　　　　　　　　　　　　　　　　By: /s/ Brian R. Trumbauer
　　　　　　　　　　　　　　　　　　　　Brian R. Trumbauer (P57747)
　　　　　　　　　　　　　　　　　　　　Robert J. Diehl, Jr. (P31264)
　　　　　　　　　　　　　　　　　　Attorneys for Comerica Bank
　　　　　　　　　　　　　　　　　　6th Floor at Ford Field
　　　　　　　　　　　　　　　　　　1901 St. Antoine Street
　　　　　　　　　　　　　　　　　　Detroit, Michigan 48226
　　　　　　　　　　　　　　　　　　(313) 259-7777
　　　　　　　　　　　　　　　　　　btrumbauer@bodmanlaw.com
　　　　　　　　　　　　　　　　　　rdiehl@bodmanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 20, 2023, a copy of Comerica Bank's Objection to Debtor's First Day Motion for Use of Cash Collateral, Regarding Adequate Protection and Related Relief was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/Brian R. Trumbauer
Brian R. Trumbauer

4886-5363-5422_2