UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,            Case No. 23-43403-mlo
                                                    Chapter 11
            Debtor.                    Hon, Maria L. Oxholm
_____/

## ORDER (1) APPROVING BIDDING PROCEDURES AND OTHER MATTERS RELATING TO THE SALE OF THE DEBTORS' ASSETS ; (2) FORM OF ASSET PURCHASE AGREEMENT; AND (3) SCHEDULING A SALE HEARING; AND GRANTING RELATED RELIEF

Upon preliminary consideration of the motion (the "Sale Motion") of Ark Laboratory, LLC, debtor-in-possession in this chapter 11 case (the "Debtor"), for the entry of an order authorizing and approving (i) bidding procedures, attached to the Sale Motion as **Exhibit C**, form of asset purchase agreement, and certain other matters relating to the Debtor's intended sale of substantially all of its assets (the "Property") as more fully defined in the Asset Purchase Agreement dated June 2, 2023 (the "Agreement") between the Debtor and Auxo Investment Partners, LLC ("Auxo"), which is attached to the Sale Motion as **Exhibit A**; and (ii) the sale (the "Sale") of the Property free and clear of liens, claims, interests and encumbrances; this Court having determined that granting the preliminary relief requested in the Sale Motion, as it pertains to the preliminary relief approved in this Order, is in the

best interests of the Debtors, the estate and the Debtors' creditors; that proper and adequate notice of the Sale Motion has been given and that the Court has jurisdiction over this matter pursuant to 27 U.S.C. §§1334 and 157; a hearing having been held, the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(6); (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

AND THE COURT FURTHER FINDING AND DETERMINING THAT:

A. The Debtor's proposed notice of the Bidding Procedures, t, the Auction and the hearing to approve any sale of the Debtor's Property (the "Sale Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

B. The Bidding Procedures substantially in the form attached to the Sale Motion as **Exhibit C** are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Debtor's Property.

C.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED in all respects.

2.  The Bidding Procedures filed as **Amended Exhibit C** to the Motion are APPROVED.

3.  The Bid Deadline shall be **July 28, 2023**, at 4:00 p.m. (prevailing Eastern Time).

4.  The Debtor, in conjunction with the Creditors' Committee, shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify bidders whether their bids have been recognized as such prior to the Auction.[1]

5.  The Auction, if necessary, shall be held on **July 31, 2023**, beginning at 10:00 a.m. (prevailing Eastern Time), at the offices of Miller Johnson, 500 Woodward Avenue, Suite 2800, Detroit MI 48226, or such later time or other place

---

[1] All rights granted in favor of the Debtor in these Bidding Procedures shall be exercised in accordance with its fiduciary obligations.

as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids, or at such other later date, time and place as may be designated in writing by the Debtor, in consultation with the Creditors' Committee, and served on Qualified Bidders via electronic mail, facsimile transmission, or overnight mail delivery.

8.  6.  The Sale Approval Hearing shall be held on **August 3, 2023** at 11:00 a.m**.** (prevailing Eastern Time) before this Court, the U.S. Bankruptcy Court for the Eastern District of Michigan, in the courtroom of the Honorable Maria L Oxholm, 18th Floor, 211 W. Fort Street, Detroit, Michigan 48226. or as soon thereafter as counsel may be heard. Anyone having an objection to the Sale or to the entry of an order approving the Successful Bid must be present if the hearing is an in-person hearing. The deadline for the Debtor to file the motion to assume and assign executory contracts or unexpired leases in connection with the sale shall be July 10, 2023 and the deadline for any party to file an objection to the Sale or Debtor's motion to assume and assign is **July 27, 2023 at 4:00 p.m. (prevailing Eastern Time)**. By July 10, 2023, the Debtor shall also file the motion to reject executory contracts or unexpired leases for which the debtor does not require use of such services following the closing on the Sale; and the deadline for parties to file their objection to the motion for rejection of executory contracts and unexpired leases shall be July 27, 2023.

7. The Sale Approval Hearing may be adjourned from time-to-time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Approval Hearing, and the Debtor, in consultation with the Creditors' Committee, shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, to cancel the Sale at any time.

9. The Buyer (as defined in the Agreement) is approved as the "stalking horse" bidder for the purchase of the Property. The Buyer's bid for the Assets set forth in the Agreement, plus the minimum overbid increment of $200,000 shall be the floor bid against which any and all other bids shall be considered by the Debtor.

9. The following form of notice is approved: Notice of Sale Procedures, Auction Date, and Sale Approval Hearing, in the form substantially similar to that attached to the Motion as **Exhibit D** (the "Procedures Notice").

10. 10. The Debtors will serve a copy of the Procedures Notice, together with this Bidding Procedures Order, on the following parties: (a) the U.S. Trustee, (b) counsel for Creditors' Committee, (c) any parties requesting notices in this Case, (d) all creditors or their counsel known to the Debtor to have asserted a lien (including a security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets, (e) all parties who have expressed an interest in purchasing the Assets (the "Potential Bidders"), and (f) the Matrix (collectively, the

"Notice Parties"). Receipt of such Notice of Sale shall constitute notice of the Auction and the Sale Hearing for all purposes.

11. The Debtor shall serve, or cause to be served, the Procedures Notice within one (1) business day following entry of this Order, by first-class U.S. mail, overnight mail delivery, electronic mail, facsimile transmission, or the Court's ECF notice system.

12. Debtor shall publish notice of the sale at least once digitally in Crain's and at least once in the print edition of the Detroit News in a form substantially similar to Exhibit D.

13. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order. This Order shall be effective immediately upon its entry, and the 14-day stay provided by F.R.Bankr.P. 6004(g) and 6006(d) is waived.

**Signed on June 29, 2023**



/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**