UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Bankruptcy Case No. 23-43403-MLO
Chapter 11
ARK LABORATORY, LLC,  Hon. Maria L. Oxholm

    Debtor.
_____/

**STIPULATION TO ORDER GRANTING 6600 HIGHLAND, LLC
RELIEF FROM AUTOMATIC STAY**

Ark Laboratory LLC ("Debtor"). 6600 Highland LLC, a creditor and a landlord of the Debtor ("Landlord") and the Official Committee of Unsecured Creditors ("Committee"), by and through their respective counsel, hereby stipulate to entry of the Order Granting 6600 Highland, LLC Relief from Automatic Stay, attached as **Exhibit A** to this Stipulation.

| | |
|---|---|
| /s/ Robert N. Bassel | /s/ Steven Alexsy |
| Robert N. Bassel (P48420) | Steven Alexsy (P33438) |
| P.O. Box T | 29580 Northwestern Highway |
| Clinton, MI 49236 | Suite 1000 |
| (248) 677-1234 | Southfield MI 48075 |
| bbassel@gmail.com | (248) 559-5555 |
| Attorney for Debtor | sa@alawdetroit.com |
| | Attorney for 6600 Highland, LLC |

/s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
Attorney for the Committee

128065745v2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                                  Bankruptcy Case No. 23-43403-MLO
                                                                        Chapter 11
ARK LABORATORY, LLC,                                                    Hon. Maria L. Oxholm

    Debtor.
_____/          **EX. A**

## ORDER GRANTING 6600 HIGHLAND, LLC
## RELIEF FROM AUTOMATIC STAY

THIS MATTER COMES BEFORE THIS COURT based on the stipulation of Ark Laboratory, LLC, ("Debtor"), 6600 Highland, LLC ("Landlord") and the Official Committee of Unsecured Creditors ("Committee" and, together with the Debtor and the Landlord, the "Parties") regarding the Landlord's request for relief from the automatic stay. As stipulated to by the Parties, the Court having reviewed this Order and finding that:

1. On July 1, 2021 the Debtor and the Landlord entered into the Gross Lease ("Lease") for Units 1,2,3,4, 5 and 6 at 6600 Highland Road, Waterford, Michigan ("Premises").

2. On April 12, 2023 a hearing was held in the 51st District Court for Oakland County Michigan (the "District Court") in Case No. 23-0658-LT (the "State Court Action"). The District Court granted judgment in the amount of $231,210 against the Debtor and in favor of the Landlord and ordered that a writ of restitution to evict Defendant from the Premises may be issued if the amount of the judgment was not paid within 7 days in the State Court Action. A judgment (the "Judgment") was submitted for entry on that date and was entered by the District Court on April 14, 2023.

128065745v2

3. On April 12, 2023 ("Petition Date"), after the hearing in the District Court, the Debtor filed a petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101, *et seq*. (the "Bankruptcy Code").

4. The restraining provisions of 11 U.S.C. 362(a) automatically took effect upon the commencement of the chapter 11 case.

5. There is no equity in the Lease or the Premises and neither the Lease nor the Premises are necessary for an effective reorganization of the Debtor.

6. The Landlord is entitled to relief from the automatic stay as it applies to the Lease and the Premises.

7. The Lease is rejected by the Debtor as of the Petition Date.

8. The Landlord's claim for unpaid rent as reflected in the Judgment is an unsecured claim and is subject to the limitations set forth in Section 502 (b)(6) of the Bankruptcy Code. The Landlord does not have any other claims related to the Lease and the Premises in this case.

NOW, THEREFORE, IT IS HEREBY ORDERED that the automatic stay is hereby modified in favor of the Landlord as to the Lease and the Premises.

IT IS FURTHER ORDERED that the Landlord is permitted to exercise any of its state law and non-bankruptcy remedies to enforce its rights under the Lease to recover possession of the Premises.

IT IS FURTHER ORDERED that the stay provisions of Bankruptcy Rule 4001(a)(3) are waived, and the Landlord may immediately enforce and implement this Order.

128065745v2

IT IS FURTHER ORDERED that this Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of title 11 of the Bankruptcy Code.

128065745v2