UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,   Case No. 23-43403-mlo
                       Chapter 11
          Debtor.      Hon, Maria L. Oxholm
_____/

## MOTION OF DEBTOR TO REJECT OPERATING LEASE AND FOR RELATED RELIEF

Debtor states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested include Bankruptcy Code sections 105 and 365.

### BACKGROUND

3. Pursuant to the Stipulated Order Extending Time For Debtor To Move To Assume Or Reject Unexpired Lease Of Non-Residential Real Property At 6620 Highland Road, Waterford, MI 48327 [ECF No. 201],

"IT IS ORDERED THAT:
…The deadline for Debtor to move to assume or reject the unexpired lease of nonresidential real property at 6620 Highland Road, Waterford, MI 48327 shall be extended from August 25, 2023 to August 28, 2023. "

4. The above-captioned proceedings were commenced by the filing of a voluntary Chapter 11 Petition by Debtor on April 12, 2023 (the "Commencement Date"). The Debtor is authorized to continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. Debtor operates a medical laboratory and has filed a motion to sell substantially all of its assets to Auxo Investment Partners, LLC ("Auxo" and "Purchaser"), pursuant to the DEBTOR'S MOTION TO APPROVE (1) BIDDING PROCEDURES AND FORM OF ASSET PURCHASE AGREEMENT RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105(A) AND 363; ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. §365; AND (4) GRANTING RELATED RELIEF (the "Sale Motion")(ECF No. 145).

6. On July 10, 2023, Debtor filed its MOTION AND MEMORANDUM OF DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FOR RELATED RELIEF [ECF No. 153] (the "Omnibus Motion to Assume and Assign").

7. The Omnibus Motion to Assume and Assign requested assumption of various contracts and unexpired leases, including the unexpired real property lease with Medical Real Estate Group LLC regarding the lease of real property (the "Leased Premises") located at 6620 Highland Rd., Waterford, MI (the "Operating Lease").

8. Since the filing of the Omnibus Motion to Assume and Assign, 2 significant events have occurred which were not foreseen (the "Unforeseen Circumstances"):

    a. Debtor's business has significantly deteriorated to the point that Debtor's primary secured lender and prospective purchaser of substantially all of Debtor's assets, Auxo Investment Partners, LLC, has had to advance funds to Debtor to allow it to continue to operate and attempt to preserve its going concern value, thus calling into question whether consummating the sale of substantially all of Debtor's assets pursuant to the Sale Motion is feasible; and

    b. Debtor is in the process of filing an application to employ special counsel ("Special Counsel") to pursue Debtor's outstanding Covid-19 testing claims with each health insurance provider and governmental entity owing money to the Debtor (the "Claims"). Special Counsel has indicated that there is a potentially large recovery based on Special Counsel's efforts that could assist in funding a liquidating plan or otherwise be used to fund material payments through the estate pursuant to the Bankruptcy Code's priorities of payment. Debtor, the Committee, the Office of the United States Trustee, and Auxo are in the process of evaluating what actions should be taken.

9. The Omnibus Motion to Assume and Assign provided, in pertinent part,

"Debtor reserves the ability to modify the list of Contracts to later reject any of the listed contracts or unexpired leases if Debtor and Purchaser are unable to reach mutually agreeable terms for assumption and assignment with the relevant counter-party, or if Debtor or Purchaser determines that assumption and assignment of the relevant executory contract or unexpired lease would not be prudent. "

10. In light of the Unforeseen Circumstances, Debtor and Auxo do not believe that assuming the Operating Lease is in the best interests of the bankruptcy estate, and have determined that rejecting the Operating Lease, effective the earlier of when Debtor and Auxo surrender the Leased Premises or 90 days after entry of an Order rejecting the Operating Lease (the "Effective Rejection Date"), is in the best interests of the estate.

11. Accordingly, Debtor is withdrawing its previously requested assumption and assignment of the Operating Lease and filing its Motion to Reject the Operating Lease and for Related Relief.

**RELIEF REQUESTED**

12. By this Motion, the Debtor requests authority pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, to reject the Operating Lease.

13. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval, may assume or reject any…executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The standard applied to determine whether the assumption or rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. Courts defer to a debtor's business judgment in assuming an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the assumption or rejection under section 365(a) of the Bankruptcy Code. *See In re Penn Traffic Co.*, 524 F.3d 373, 383 (2nd Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *NLRB v. Bildisco & Bildisco*, 465 U.S.

513, 523 (1984) (recognizing the "business judgment" standard used to approve assumption or rejection of executory contracts or unexpired leases).

14. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006).

15. As set forth above, the Debtor has determined that assumption and assignment of the Operating Lease is not beneficial to the Debtor or to the Purchaser.

16. In view of the foregoing, the Debtor respectfully requests that the Court approve the rejection of the Operating Lease pursuant to Section 365(a) of the Bankruptcy Code in the manner requested herein. Debtor requests in the proposed Order that the counterparty to the Operating Lease have 30 days from entry of an order authorizing rejection of the Operating Lease to file a proof of claim or amend their claim.

17. Debtor requests that the Operating Lease be rejected as of the earlier of 90 days after entry of the Order granting the relief requested or the date that Debtor and Auxo surrender possession of the Leased Premises.

18. Debtor proposes that all unpaid postpetition obligations that become due regarding the Operating Lease through the date the Leased Premises are actually surrendered to the Landlord shall be paid by Auxo. Auxo has indicated that it is willing to stipulate to this financial arrangement.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Respectfully submitted,
/s/ Robert Bassel
Robert Bassel (P48420)
Counsel for Debtor
PO Box T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com

Dated: August 28, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,                      Case No. 23-43403-mlo
                                                       Chapter 11
                     Debtor.                            Hon, Maria L. Oxholm
_____/

**ORDER GRANTING MOTION OF DEBTOR TO REJECT OPERATING LEASE AND FOR RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "**Debtor**"), pursuant to § 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, for entry of an order (i) authorizing the Debtor to reject the unexpired real property lease with Medical Real Estate Group LLC regarding the lease of real property (the "Leased Premises") located at 6620 Highland Rd., Waterford, MI (the "Operating Lease"), and (ii) granting related relief, all as more fully set forth in the Motion; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; and upon the record of the Hearing, and upon all of the proceedings had before the Court, there being no unresolved objections; and the Court having determined that the cause exists for the relief granted herein;

---

[1] References in this Order to terms not defined in this Order shall have the meanings set forth in the underlying Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth in this Order.

2. The Operating Lease is hereby rejected as of the earlier of 90 days after entry of the Order granting the relief requested or the date that Debtor and Auxo surrender possession of the Leased Premises (the "Effective Rejection Date").

3. All unpaid postpetition obligations that become due regarding the Operating Lease through the date the Leased Premises are actually surrendered to the Landlord shall be paid by Auxo.

4. The counterparty to the Operating Lease shall have 30 days from the Rejection Date to file a proof of claim or amend their claim.

5. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

6. The Debtor is authorized to take any and all action necessary to effectuate the relief granted in this Order.

7. This Court shall retain jurisdiction to interpret and enforce this Order and enter such further Orders necessary to effectuate the terms of this Order.

8. This Order shall be effective immediately, notwithstanding any procedural provision in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the relevant local rules or otherwise.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In the Matter of:

ARK LABORATORY, LLC,                          Case No. 23-43403-mlo
                                                                         Chapter 11
                         Debtor.                              Hon, Maria L. Oxholm
_____/


## NOTICE OF MOTION OF DEBTOR TO REJECT OPERATING LEASE, AND FOR RELATED RELIEF

       Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case filed a motion for entry of an order (i) authorizing the Debtor to reject the unexpired real property lease with Medical Real Estate Group LLC regarding the lease of real property (the "Leased Premises") located at 6620 Highland Rd., Waterford, MI (the "Operating Lease"), and (ii) granting related relief, all as more fully set forth in the Motion.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then on or before 14 days from the date of service of the motion and this notice, unless shortened by the Court, you or your attorney must:

File with the Court a written objection or request for a hearing at:[21]

U.S. Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

If you mail your objection or request for a hearing to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the 14 day period expires. All attorneys are required to file pleadings electronically.

---

[21] Objection or request for a hearing must comply with F.R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to undersigned counsel whose address is below:

If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief**.

                                            Respectfully submitted,
                                            /s/ Robert Bassel
                                            Robert Bassel (P48420)
                                            Attorney for Debtor
                                            PO Box T
                                            Clinton, MI 49236
                                            248.677.1234
                                            bbassel@gmail.co

Dated: August 28, 2023

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,             Case No. 23-43403-mlo
                                                  Chapter 11
             Debtor.                      Hon, Maria L. Oxholm

_____/

## CERTIFICATE OF SERVICE

I certify that on August 28, 2023, I served copies as follows:

| Documents Served: | MOTION OF DEBTOR TO REJECT OPERATING LEASE, AND FOR RELATED RELIEF: Proposed Order; Notice of Time to Respond; Certificate of Service |
|---|---|
| Served Upon: | Office of the U.S. Trustee<br>211 West Fort Street, Suite 700<br>Detroit, MI 48226 |
| | (i) the Office of the United States Trustee; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Official Committee of Unsecured Creditors (iv) the counterparty to the Contracts or their counsel of record, (v) Auxo Investment Partners, LLC through counsel, (vi) any parties requesting notices in this case and counsel of record, (vii) all creditors or their counsel known to the Debtor to have asserted a lien (including a security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets, and (viii) all parties who have expressed an interest in purchasing the Assets (the "Potential Bidders"). |
| Method of Service: | First-Class Mail upon the indicated creditors and via the ECF noticing system upon counsel of record |

Respectfully submitted,
/s/ Robert Bassel
Robert Bassel (P48420)
Attorney for Debtor
PO Box T
Clinton, MI 49236
 248.677.1234
bbassel@gmail.com

Dated: August 28, 2023