UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,                    Case No. 23-43403-mlo
                                        Chapter 11
        Debtor.                         Hon. Maria L. Oxholm
_____/

**EX PARTE MOTION FOR COURT TO HOLD STATUS CONFERENCE ON AUGUST 31, 2023, TO CONSIDER, AMONG OTHER THINGS, WHETHER TO ADJOURN SALE RELATED MATTERS TO SEPTEMBER 14, 2023**

Ark Laboratory, LLC ("Debtor") states:

1. Debtor, the Office of the United States Trustee ("U.S. Trustee"), Auxo Investment Partners, LLC ("Auxo"), McLaren Medical Laboratory ("McLaren") and the Official Unsecured Creditors Committee ("Committee") all support the requested relief.

2. Since the filing of the Sale Motion [ECF No. 145], the Assumption Motion [ECF No. 153], and the Rejection Motion [ECF No. 154], Debtor's counsel has become aware of a potentially significant asset, the "Claims" (as defined in the recently filed amended Schedule

A-B [ECF No. 206]) that appear to have at least $4.0 million in value to the bankruptcy estate. As indicated on Amended Schedule A/B, "The Claims are valued at no less than $4.0 million to the bankruptcy estate (exclusive of contingent fees owed to special counsel to be retained by the Debtor, in the amount of 30% of the amount recovered). The face amount of the Claims may be over $40 million, However, that amount does not take into account collectability, nor the contingent fee that will be owed to special counsel."(the "<u>Potential Recoveries</u>").

    3. The Claims relate to Covid tests done by Debtor, some of which (i) the Debtor was never compensated for, and/or (ii) were compensated at less than the contract price for the Covid tests.

    4. Prepetition, Debtor did not believe that it was cost-effective for it to attempt to collect these Claims, and thus, entered into a contingency fee agreement in March 2023 prior to the bankruptcy filing after being contacted by Amy Thomas, Esq. and Only One Hub d/b/a Primus Health (proposed "<u>Special Counsel</u>") who indicated that they believed they would be able to collect the Claims.[1] At that time, Debtor

---

[1] Debtor will be filing an application with the Court seeking to retain Special Counsel.

had no expectation of any recovery, but because it was being handled on a contingent fee basis, it felt that it had nothing to lose.

      5. Throughout the case, Debtor has treated the Claims as not being collectable, and when Schedule G was initially drafted, the contingency fee contract was inadvertently omitted therefrom. Debtor's counsel only became aware of the contingent fee agreement and the Claims when he was recently contacted by local counsel for Special Counsel. Debtor's counsel and local counsel then contacted the Office of the U.S. Trustee, the Committee, and Auxo, the primary secured creditor of the Debtor, to inform them of the Potential Recoveries. After having several discussions with counsel for one large health care payor, it became apparent that there was at least some significant value to the Claims, and potentially very great value to those claims in excess of the $4.0 million amount (an amount that does not appear to be contested as being owed by that health care payor).

      6. Since the recent discovery of the Potential Recoveries, the parties in interest have been discussing the matter regarding the most prudent course of action to take, and believe that informing the Court of the Potential Recoveries and discussing the matter at a Status

Conference would be in all parties' best interests, as well as in the best interest of the creditors of the estate. The parties are still trying to wrap their hands around what the likely recovery will be, how those monies should be allocated in light of the current posture of the bankruptcy proceeding and the proposed course of action to be taken in light of the disclosure of these significant newly discovered assets.

7. Auxo, Debtor, McLaren, the U.S, Trustee and the Committee believe that a two week adjournment would make sense to allow the parties in interest to determine what actions should be taken. In the meanwhile, the September rent for the real estate lease will have been paid, and Auxo has committed to pay all budgeted post-petition expenses. Accordingly, neither the estate nor any of the parties in interest would be materially prejudiced by a two week adjournment of the sale hearing.

8. The Debtor intends to file with the Court a revised budget running through September 15, 2023. The terms of the Stipulated Order adjourning the hearing on the Sale Motion and related matters [ECF No. 180] would remain in effect in the interim as follows:

> ***Auxo shall fund all unpaid budgeted expenses, from the petition date, including during the interim period between***

> *August 3, 2023 and August 25, 2023 (the "Interim Period") pursuant to the terms of a budget to be agreed upon and approved by Auxo,* the Debtor, the Committee and McLaren no later than August 4, 2023 (the "Interim Budget") and filed with the Court. ***At a minimum, the Interim Budget <u>shall expressly provide</u> for and fund the <u>fees of the U.S. Trustee, payroll and taxes incurred by the Debtor during the Interim Period, the Professional Fee Carve Out, August rent due to Medical Real Estate, and all administrative fees</u> to be incurred and provided for in the Interim Budget for the Interim Period;*** provided, however, such being without prejudice to the Committee, the Debtor, the U.S. Trustee or any party in interest raising issues with respect to the failure of Auxo to previously fund, or the Debtor's failure to pay, certain budgeted expenses prior to the Interim Period, all of which objections are expressly preserved. Entry of this Order does not limit the obligations of any party under the Final Cash Collateral Order, including but not limited to paragraph 16 of ECF No. 144. (Emphasis added).

9. The Court has the power to adjourn the current hearings and to set a status conference under Fed.R.Bankr.P. 9006 and 11 U.S.C. § 105.

WHEREFORE, Debtor respectfully requests entry of the attached Order setting a status conference in this matter for August 31, 2023 at 11:00 a.m. to consider, among other things, adjourning the hearings on the Sale Motion, the Assumption Motion and the Rejection Motion to September 14, 2023, and such other and further relief as is just.

Respectfully submitted,

/s/ Robert Bassel
Robert Bassel (P48420)
Counsel for Debtor
PO Box T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com

Dated: August 29, 2023

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,           Case No. 23-43403-mlo
                                             Chapter 11
          Debtor.                   Hon. Maria L. Oxholm
_____/

## ORDER GRANTING EX PARTE MOTION FOR COURT TO HOLD STATUS CONFERENCE ON AUGUST 31, 2023, TO CONSIDER, AMONG OTHER THINGS, WHETHER TO ADJOURN SALE RELATED MATTERS TO SEPTEMBER 14, 2023

Upon the motion (the "Motion")[2] of Debtor, the concurrences of the U.S. Trustee, Auxo, McLaren and the Committee, and the Court having determined that the cause exists for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Court shall hold a status conference on August 31, 2023 at 11:00 a.m. to consider, among other things, the adjournment of the hearings on the Sale Motion [ECF No. 145], the Assumption Motion

---

[2] References in this Order to terms not defined in this Order shall have the meanings set forth in the underlying Motion.

[ECF No. 153], and the Rejection Motion [ECF No. 154] from August 31, 2023 at 11:00 a.m. to September 14, 2023 at 11:00 a.m.

2. All timely filed objections that are still outstanding as to any of the above matters are preserved.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In the Matter of:

ARK LABORATORY, LLC,           Case No. 23-43403-mlo
                                              Chapter 11
            Debtor.                      Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I certify that on August 29, 2023, I served copies as follows:

| Documents Served: | EX PARTE MOTION FOR COURT TO HOLD STATUS CONFERENCE ON AUGUST 31, 2023, TO CONSIDER, AMONG OTHER THINGS, WHETHER AND TO ADJOURN SALE RELATED MATTERS TO SEPTEMBER 14, 2023 |
|---|---|
| Served Upon and Method of Service: | via the ECF noticing system upon counsel of record |

128790920v2

                Respectfully submitted,

                /s/ Robert Bassel
                  Robert Bassel (P48420)
                  Attorney for Debtor
                  PO Box T
                  Clinton, MI 49236
                  248.677.1234
                  bbassel@gmail.com

Dated: August 29, 2023