UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Ark Laboratory, LLC

    Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## PETITION OF DEBTOR TO EMPLOY AMY THOMAS, ESQ. AND ONLY ONE HUB d/b/a PRIMUS HEALTH AS SPECIAL COUNSEL

**ARK LABORATORY, LLC,** the above-captioned Chapter 11 Debtor-in-Possession (collectively, the "Debtor") petitions this Court as follows:

1. On April 12, 2023, Debtor filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. Since the filing of the Petition, the Debtor has operated as Debtor-in-Possession.

3. Prior to the filing of the case, on or about March 29, 2023, the Debtor employed Amy Thomas, Esq. and Only One Hub d/b/a Primus Health (hereafter "Applicant") as its counsel under the "Contingent Fee Agreement for Covid-19 Testing Collections" (hereafter the "Fee Agreement", attached as Exhibit "A"). Pursuant to the Fee Agreement, Applicant was tasked with pursuing the Debtor's outstanding Covid-19 testing claims with each health insurance provider and governmental entity owing money to the Debtor (the

"Claims"). Specifically, Applicant was to pursue the Claims in accordance with federal law, including:

(a) Pursuant to Sections 6001-6005 of the Families First Coronavirus Response Act, group health plans, health insurers offering group or individual health insurance coverage, Medicare, Medicare Advantage, and Medicaid Plans are required to provide benefits for certain items and services related to the detection of SARS-CoV-2 or the diagnosis of Covid-19, when those items or services are furnished on or after March 18, 2020. And during the applicable emergency period. Plans and issuers must provide this coverage without imposing any cost-sharing requirements (including deductibles, copayments, and coinsurance), prior authorizations, or other medical management requirements. FFCRA, Publ.L. 116-127.

(b) Section 3202(a) of the Coronavirus Aid, Relief, and Economic Security Act requires plans and issuers providing coverage for Covid-19 diagnostic testing and related services to reimburse a provider that does not have a negotiated rate, at the cash price for such service that is listed by the provider on a public website. CARES Act, Pub.L. 116-136.

In connection with its prepetition retention, Applicant has been pursuing the Claims since its retention. Applicant was apparently inadvertently not listed in the Debtor's Schedules and was not aware of the Debtor's Chapter 11 filing until recently, at which time it retained local counsel to notify the Debtor's counsel and take whatever action is necessary to protect the Debtor and Applicant's rights relative to the Claims. The Debtor seeks authority, through this application, to retain Applicant as of the Petition Date as special counsel in these proceedings, pursuant to the terms

2

of the Fee Agreement, which provides for Applicant to receive a fee in the amount of thirty (30%) of the net recovery of any amounts recovered by Applicant for the benefit of the Debtor. Further detail regarding the terms of the engagement and compensation are contained in the Exhibit A Fee Agreement.

4. Applicant has indicated in its Declaration that it has no connections with the Debtor (other than its prepetition representation), creditors of the Debtor, or any other party in interest, including their respective accountants, the United States Trustee, or any other person employed by the Office of the United States Trustee, other than it has sought recovery on behalf of its clients from various insurance carriers in the past and concurrently in other representations, and will be seeking, or has sought, recovery from those same insurance carriers for Debtor. Applicant has conducted a search of its client files to make this determination.

5. Applicant understands that it is required to apply to this Court for approval of its fees and expenses pursuant to F.R.Bankr.P. 2016 and L.B.R. 2016-1 (E.D.M.) before it may be paid by the estate.

6. A Declaration of Disinterestedness is submitted with this Application in accordance with L.B.R. 2014-1 (E.D.M.).

## RELIEF REQUESTED

The Debtor respectfully requests that this Court enter an Order authorizing employment of Amy Thomas, Esq. and Only One Hub d/b/a Primus Health as special counsel for the specified purposes set forth in this Petition.

Respectfully submitted:
___/s/ Robert N. Bassel _____
ROBERT N. BASSEL P48420
Counsel for Debtor
P.O. BOX T
CLINTON, MI 49236
248.677.1234
bbassel@gmail.com

Date: August 29 , 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Ark Laboratory, LLC

Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## **DECLARATION OF AMY THOMAS, ESQ. AND**
## **ONLY ONE HUB d/b/a PRIMUS HEALTH**

Amy Thomas, Esq. declares as follows:

1. The undersigned is a representative of Only One Hub d/b/a Primus Health ("Applicant") with offices located at 110 W. High Street, Ebensburg, Pennsylvania 15931.

2. Applicant has the experience and ability to represent the above-captioned Debtor for the purposes described in the accompanying Petition to Appoint Amy Thomas, Esq. and Only One Hub d/b/a Primus Health as Special Counsel for the Debtor-in-Possession and is willing to accept employment on the basis set forth herein.

3. As set forth in the prepetition Fee Agreement attached as Exhibit "A" Applicant would receive a thirty (30%) fee on any net recovery of the Claims.

4. Applicant does not hold any interest adverse to the estate, and Applicant, as well as its members, are disinterested persons, as defined in 11

U.S.C. § 101(14)[1].

5. Pursuant to F.R.Bankr.P. 2014, Applicant has no connection[2] with the Debtor (other than its prepetition representation), creditors of the Debtor, or any other party in interest, including their respective accountants, the United States Trustee, or any other person employed by the Office of the United States Trustee, other than it has sought recovery on behalf of its clients from various insurance carriers in the past and concurrently in other representations, and will be seeking, or has sought, recovery from those same insurance carriers for Debtor. Applicant has conducted a search of its client files to make this determination.

---

[1] "Disinterested person" means person that ----
 (A) is not a creditor, an equity security holder, or an insider;
 (B) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and
 (E) does not have an interest materially adverse to the interest of the estate or of an class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason;

[2] Under E.D. Mich. LR 2014-1(a), "connection" "includes any family relationship as defined in code § 101(45)," which is defined as an ". . . individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree. . ."

6. Applicant understands that all compensation is subject to Court review and approval, and that no fees may be paid without an Order of the Court.

                              ONLY ONE HUB d/b/a PRIMUS HEALTH

                              <u>/s/ Amy Thomas, Esq.</u>
                              110 W. High Street
                              Ebensburg, PA 15931

Date: August 29, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Ark Laboratory, LLC                         Case No. 23-43403-MLO
                                                         Chapter 11
         Debtor.                             Hon. Maria L. Oxholm
_____/

## ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL

Upon the application of the Debtor and Debtor-in-Possession, **Ark Laboratory, LLC**, in these Chapter 11 proceedings, and upon approval of the United States Trustee,

**IT IS HEREBY ORDERED** that the employment as special counsel of Amy Thomas, Esq. and Only One Hub d/b/a Primus Health for the specified purpose of pursuing the Debtor's outstanding Covid-19 testing claims with each health insurance provider and governmental entity owing money to the Debtor, is APPROVED under 11 U.S.C. §§ 327(e) and 328 effective as of the Petition Date, as set forth in this Order. All fees and expenses are subject to Court approval, following the filing of an application for allowance and payment.

**IT IS FURTHER ORDERED** that sections 9 and 11 of the Fee Agreement attached as Exhibit A to the Application are hereby stricken. Applicant will remit all claim Recovery amounts to the Debtor for deposit into the debtor-in-possession accounts for distribution by the Debtor, including Applicant's fees and expenses.

# CONTINGENT FEE AGREEMENT FOR COVID-19 TESTING COLLECTIONS

**BY THIS AGREEMENT** ("Agreement"), the undersigned, Ark Laboratory LLC Dba Helix Diagnostics, a Michigan limited liability company, with offices located at 6620 Highland Rd., Suite 240, Waterford, Michigan 48327 (the "Client") appoints Amy L. Thomas, Esquire, of Only One Hub, a Wyoming corporation, with offices located at 110 W High Street, Ebensburg, Pennsylvania 15931, along with any of its agents and employees (collectively the "Attorney") as its Attorney to prosecute all of its outstanding Covid-19 testing claims ("Claims"). **NOW, THEREFORE,** Client agrees to the following arrangement for payment of costs, expenses, and attorneys fees in connection with these Claims:

**Section 1. Legal Services/Scope of Work:** Attorney will evaluate and aggressively pursue Client's outstanding Covid-19 testing claims with each health insurance provider and government entity (individually, "Payer", collectively "Payers").

**Section 2. Federal Law Regarding Payment for Covid-19 Testing:** Attorney will pursue Client's Covid-19 testing claims in accordance with the following Federal Laws, along with all other applicable laws:

(a) Pursuant to Sections 6001 – 6005 of Families First Coronavirus Response Act, group health plans, health insurers offering group or individual health insurance coverage, Medicare, Medicare Advantage, and Medicaid plans are required to provide benefits for certain items and services related to the detection of SARS-CoV-2 or the diagnosis of Covid-19, when those items or services are furnished on or after March 18, 2020, and during the applicable emergency period. Plans and issuers must provide this coverage without imposing any cost-sharing requirements (including deductibles, copayments, and coinsurance), prior authorizations, or other medical management requirements. FFCRA, Pub. L. 116-127.

(b) Section 3202(a) of the Coronavirus Aid, Relief, and Economic Security Act requires plans and issuers providing coverage for COVID-19 diagnostic testing and related services to reimburse a provider that does not have a negotiated rate, at the cash price for such service that is listed by the provider on a public website. CARES Act, Pub. L. 116-136.

**Section 3. Attorney Will Pay All Costs Incurred:** Attorney will pay, on Client's behalf, all out-of-pocket expenses, including, but not limited to, postage, copies, court filing fees, court transcript fees, and the costs of reproduction of papers filed with the courts, which Attorney incurs directly or on Client's behalf in connection with Client's Claims ("collectively "Costs").

**Section 4. Client Responsible for Own Expenses:** Client is responsible for its own expenses in connection with Client's Claims.

1

**Section 5. Recovery:** The term "Recovery" means all sums of money received on Client's behalf as a result of Client's Claims by way of direct payment, settlement, award, or verdict.

**Section 6. Client Cooperation:** Client agrees that it will cooperate with Attorney and provide, in a timely manner, all requested records, documentation, information, and other items deemed necessary by Attorney to facilitate Recovery for Client's Claims. Client also agrees that it will forward to Attorney all correspondence received by Client relating to Client's Claims.

**Section 7. No fee if No Recovery:** If there is no Recovery as a result of Client's Claims, Client will not owe nor have to pay the Attorney any fee for his/her professional services in connection with Client's Claims. In addition, if no recovery is made, Attorney will not seek reimbursement for any costs incurred by Attorney related to Client's Claims.

**Section 8. Attorney Fee For Recovery:** If a Recovery is obtained, Attorney will receive THIRTY percent (30%) of the net Recovery as a fee for and in consideration of the professional services rendered by him/her in the investigation, institution and general prosecution of Client's Claims and to cover the costs incurred by Attorney on Client's behalf. The remainder of the net Recovery will go to Client.

**Section 9. Manner of Distribution:**
1. <u>Recovery for Individual Claims</u>.
   a. If claims are paid out on an individual or small group basis to Attorney, Attorney will deposit all funds into Attorney's escrow account and distribute the funds that have cleared once per month in accordance with this agreement
   b. If claims are paid to Client directly, Client agrees to notify Attorney of the said payments collected for the foregoing month and to distribute the full amount due to Attorney in accordance with this Agreement on a monthly basis.
2. <u>Lump-Sum Recovery</u>.
   a. If a lump-sum Recovery is obtained from specific Payers, Attorney will direct that payment be made by a check or draft payable jointly to Client and Attorney;
   b. Client will endorse the check or draft and return it to Attorney for deposit in his/her escrow account;
   c. When the original check or draft clears, Attorney will distribute the funds in accordance with this Agreement.
   d. Client understands and agrees that Client may be required to sign a

2

release, a settlement agreement, a distribution memorandum, or all of these, in order to conclude Clients Claims.

3. <u>Other Methods of Payment</u>. Payment may be received by either party in other manners not contemplated by this Agreement. Client and Attorney both agree that regardless of the method of payments, all funds recovered relating to Client's Claims will be distributed by either party in accordance with this Agreement.

4. <u>Receipt of Payment after Contract Termination</u>. Client and Attorney acknowledge that payment for Client's Claims may be received up to one year after the date of submission to a Payer. Client recognizes that Attorney is entitled to receive its fee for services from the recovered funds even after this Agreement has terminated. If the Agreement has terminated, Client agrees to notify Attorney of the receipt of any additional funds within 10 days. Client agrees to pay Attorney its portion of the recovery fee on a monthly basis from all additional funds received.

**Section 10. Privacy Provisions:** Client and Attorney acknowledge that it will be necessary for Attorney to create, receive, maintain, or be otherwise exposed to personally identifiable or aggregate patient or other medical information defined as Protected Health Information ("PHI") in the Health Insurance Portability and Accountability Act of 1996 or its relevant regulations ("HIPPA"). Attorney recognizes that in performing the work contemplated for Client, Attorney may meet the definition of Business Associate as defined in the HIPAA Privacy Standards. Attorney recognizes that HITECH (the Health Information Technology for Economic and Clinical Health Act of 2009) and the regulations thereunder apply to Attorney in the same manner that such sections apply to Client. Accordingly, Attorney shall abide by all such regulations and shall use all appropriate safeguards to prevent the disclosure of the PHI other than as provided for by this Agreement.

**Section 11. Termination:** If Client terminates this Agreement before any Recovery is obtained, Client specifically agrees that Attorney shall be entitled (a) to immediate reimbursement for Costs incurred in connection with Client's Claims through and until the date of Attorney's actual receipt of notice of termination and (b), in the event of Recovery being obtained after termination, to compensation at Attorney's hourly rate of $500 per hour for all work done through and until the date of Attorney's actual receipt of notice of termination, but such compensation shall not exceed the amounts otherwise recoverable under Section 8 hereof.

**Section 12. Governing Law, Jurisdiction, and Venue:** This Agreement and the rights

of the parties hereunder shall be governed by and interpreted in accordance with the internal laws of the State of Pennsylvania, without regard to its conflict of laws rules or choice of law principles. Exclusive jurisdiction and venue for any claims made by either party against the other shall be within the state and federal courts located in the State of Pennsylvania.

Section 13. **Intent to be Legally Bound:** Client intends to be legally bound by this Agreement.

Section 14. **Copy Received:** Client has received a copy of this Agreement.

**Ark Laboratory LLC dba Helix Diagnostics**

Dated: 3/29/23

By: _Lei Doe_ (signature)

Name: ~~James Grossi~~ Lian Dillon
Title: ~~Managing Member~~, Interim CFO

**Only One Hub**

3/29/2023

By: _Amy Thomas_ (signature)

Name: Amy Thomas, Esquire
Title: In-House Counsel

4