# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

| | |
|---|---|
| Ark Laboratory, LLC<br>a/k/a Helix Diagnostics, | Case No. 23-43403-mlo<br>Hon. Maria L. Oxholm<br>Chapter 11 |
|     Debtor In Possession. | |

_____/

## MEDICAL REAL ESTATE GROUP LLC'S OBJECTION TO MOTION OF DEBTOR TO REJECT OPERATING LEASE AND FOR SUCH OTHER RELEIF

Medical Real Estate Group, LLC ("Landlord"), by undersigned counsel, objects to Debtor's Motion to Reject Operating Lease and for Such Other Relief (DE #205) ("Rejection Motion") and says:

1. Ark Laboratory, LLC a/k/a Helix Diagnostics ("Helix" or "Debtor") has filed the Rejection Motion at the last minute for the benefit of Auxo Partners ("Auxo") claiming "unforeseen circumstances" and with the knowledge that the Landlord will incur significant damage as a result of Auxo's tactics. The facts show that the circumstances are not unforeseen but instead are a bad faith negotiating tactic for which Auxo is using the Debtor as its agent.

2. On January 1, 2021, Debtor and the Landlord entered into the Gross Lease ("Lease") for its place of business at 6620 Highland Road, Waterford, Michigan ("Premises").

3. The Landlord filed suit against the Debtor for unpaid rent and a writ of eviction in the 51st District Court for Oakland County Michigan (Case No. 23-0659-LT) ("District Court Case"). On April 12, 2023 a hearing was held in the District Court Case. The Court granted judgment in the amount of $252,679 with interest at the statutory rate against the Debtor and in favor of the Landlord and ordered that a writ of restitution to evict Defendant from the Premises may be issued if the amount of the judgment was not paid within 7 days. A judgment was submitted for entry on that date and was entered on April 14, 2023. The Lease and the Judgment are attached to the Landlord's Proof of Claim filed on May 17, 2023 as Claim #25.

4. On April 12, 2023 (after the hearing in the District Court Case) the Debtor filed its Chapter 11 petition in Case No. 23-43403.

5. The Lease is an unexpired lease under 11 U.S.C. § 365.

6. Pursuant to Section 365(d)(2) of the Bankruptcy Code, 11 U.S.C. § 365(d)(2), a court may order the trustee (or debtor in possession) to determine within a specified period of time whether to assume or reject an executory contract.

7. On July 10, 2023, Debtor filed its Motion and Memorandum of Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases and for Related Relief (DE #153) (the "Assumption Motion"). The Assumption Motion

sought an order allowing Debtor to assume and assign the Lease. The assignee is or was to be Auxo or a related party.

8. On June 14, 2023, almost a month prior to the filing of the Assumption Motion, Auxo and the Landlord began to negotiate a new lease for the Premises. Auxo, through its attorney, contacted the Landlord and introduced Brian Dora as Auxo's representative.

9. On June 20, 2023, Mr. Dora requested and received from the Landlord a Word version of the Lease for his review and revisions.

10. On June 28, 2023, Mr. Dora sent a proposed revised lease with Auxo's comments. Because some of the proposed revisions removed protection for the Landlord in the event of a default (specifically the grant of a security interest in the tenant's collateral and the requirement for a guarantor), the Landlord asked for financial information on MSU Labs, the proposed tenant.

11. On July 6, 2023, Mr. Dora responded that he did not see the need for the proposed tenant's financial information because the Landlord had access to the Debtor's financial information.

12. Four days later the Assumption Motion was filed. The Landlord relied on the Assumption Motion and the representation by the Debtor (and Auxo) that the terms of the Lease were acceptable and would be assumed. However the Landlord filed an Objection to the cure amount because the pre-petition amount

slightly differed from the amount of the judgment and the District Court Case and the Debtor had not paid post-petition rent (DE #160). On August 14, 2023, after the post-petition rent was paid, the Landlord filed its Notice of Withdrawal of Objection to Cure Amount (DE # 191).

13. On July 27, 2023 Mr. Dora and Shakir Alkhafaji, the Landlord's principal met. Mr. Dora complained about the unforeseen circumstances that Auxo had encountered. Mr. Alkhafaji notified Mr. Dora that Northwest Labs was ready to take the space on September 1, 2023. Despite this information, Auxo did not instruct the Debtor to withdraw the Assumption Motion until four days prior to September 1, 2023.

14. Northwest Labs is a competitor of Auxo.

15. The Landlord has repeatedly advised the Debtor and Auxo that Northwest Labs was prepared to assume the Lease effective September 1, 2023.

16. Because of the uncertainty that Auxo has caused regarding its intention about the pending Assumption Motion, on August 26, 2023 Northwest Labs notified the Landlord that it cannot commit to assuming the Lease and taking over the Premises on September 1, 2023 and is making other arrangements.

17. Now Auxo has caused the Debtor to file the Rejection Motion citing the same "unforeseen circumstances" that Auxo complained about over a month earlier. Auxo now seeks to use the Debtor to cause the Landlord to lose a

prospective tenant willing to assume the Lease and allow Auxo to use the Premises for 90 days without any consideration for the damages that the Debtor and Auxo has and will cause the Landlord.

18. The Supreme Court has long recognized that bankruptcy courts are courts of equity with the power to apply flexible equitable remedies in bankruptcy proceedings. See *Young v. United States*, 535 U.S. 43, 50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) ("[B]ankruptcy courts ... are courts of equity and 'appl [y] the principles and rules of equity jurisprudence.' ") (quoting *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939)); *United States v. Energy Resources Co.*, 495 U.S. 545, 549, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990) ("[B]ankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships."); *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.")

19. The Rejection Motion should be denied because Debtor and Auxo based on promissory estoppel. The elements are "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Cove Creek Condominium Association v.*

5

23-43403-mlo    Doc 218    Filed 08/30/23    Entered 08/30/23 07:58:14    Page 5 of 8

*Vistal Land and Home Development, LLC.*, 330 Mich. App. 67, 713 (2019) (quotation marks and citation omitted)

20. Here, the Debtor and Auxo in the Assumption Motion promised to assume and assign the Lease. Auxo had stopped negotiating on the terms of a new lease and failed to provide any information regarding the new proposed tenant. Despite citing "unforeseen circumstances" as early as a month ago and knowing that the Landlord had another prospective tenant, Auxo and Debtor did not withdraw the Assumption Motion until August 28, 2023, after the prospective new tenant indicated it could no longer wait. The Landlord could not enter into a new lease while the Assumption Motion was pending. Debtor and Auxo are bound to perform based on the equitable principle of promissory estoppel.

21. As a result of Auxo's actions by and through the Debtor, the Landlord has a post-petition claim under the Michigan common law tort for interference with prospective economic advantage. "[A] claim of tortious interference with a contract or a prospective economic advantage is complete upon a showing of the existence of a valid business relationship or the expectation of such a relationship between the plaintiff and some third party, knowledge of the relationship or expectation of the relationship by the defendant, and an intentional interference causing termination of the relationship or expectation, resulting in damages to the

plaintiff." *In re Lightning Technologies*, 647 B.R. 76, 99 (Bankr. E.D. Mich 2022) (quoting *Blazer Foods, Inc. v. Rest. Properties, Inc.*, 259 Mich.App. 241 (2003)).

22. Auxo was well aware of Northwest Labs' interest in assuming the Lease for the Premises. Auxo waited until Northwest Labs could no longer wait and then required the Debtor to file the Rejection Motion seeking 90 additional days at the Premises. If the Court grants the Rejection Motion, the Landlord requests that Court allow the Landlord to attempt to mitigate its damages and order that the Lease is rejected and the automatic stay is lifted immediately to allow the Landlord to pursue its state court remedies.

WHEREFORE, Medical Real Estate Group, LLC respectfully requests that this Court deny the Rejection Motion or in the alternative order that the Lease is rejected effective August 31, 2023 and the automatic stay is lifted immediately and for such other relief as the Court determines is equitable and just.

Respectfully submitted,

BY:    /S/ Steven Alexsy
Steven Alexsy (P33438)
Counsel for 6600 Medical Real Estate Group, LLC
29580 Northwestern Hwy., Ste. 1000
Southfield, MI 48075
(313) 333-4902
sa@alawdetroit.com

Dated: August 30, 2023

In Re:

| | |
|---|---|
| Ark Laboratory, LLC<br>a/k/a Helix Diagnostics,<br><br>　　　　Debtor In Possession.<br>_____/ | Case No. 23-43403-mlo<br>Hon. Maria L. Oxholm<br>Chapter 11 |

## **CERTIFICATE OF SERVICE**

I, Steven Alexsy, hereby certify that on August 30, 2023, I electronically filed the following:

    MEDICAL REAL ESTATE GROUP LLC'S OBJECTION TO MOTION OF DEBTOR TO REJECT OPERATING LEASE AND FOR SUCH OTHER RELEIF

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF System has served all registered users.

                                      /S/ Steven Alexsy_____
                                      STEVEN ALEXSY (P33438)
                                      29580 Northwestern Hwy., Ste. 1000
                                      Southfield, MI 48075
                                      (313) 333-4902
                                      Counsel for 6600 Medical Real Estate Group, LLC
                                      sa@alawdetroit.com