UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:

ARK LABORATORY, LLC  
a/k/a Helix Diagnostics,

      Debtor In Possession.

_____/

Case No. 23-43403-mlo  
Hon. Maria L. Oxholm  
Chapter 11

**MOTION OF MEDICAL REAL ESTATE GROUP, LLC FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF PARTY IN INTEREST AND SECURED CREDITOR AUXO INVESTMENT PARTNERS, LLC PURSUANT TO BANKRUPTCY RULE 2004**

Medical Real Estate Group, LLC ("Landlord"), by and through its attorneys Simon PLC, hereby respectfully moves (the "Motion"), this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling examination of Secured Creditor and Party in Interest Auxo Investment Partners, LLC ("Auxo"), pursuant to Bankruptcy Rule 2004 the "Bankruptcy Rules"). In support of this Motion, Landlord respectfully states as follows:

**JURISDICTION**

The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules of this Court (the "Local Rules).

## BACKGROUND

1. On January 1, 2021, Debtor and the Landlord entered into the Gross Lease ("Lease") for its place of business at 6620 Highland Road, Waterford, Michigan ("Premises").

2. The Landlord filed suit against the Debtor for unpaid rent and a writ of eviction in the 51st District Court for Oakland County Michigan (Case No. 23-0659-LT) ("District Court Case"). On April 12, 2023 a hearing was held in the District Court Case. The Court granted judgment in the amount of $252,679 with interest at the statutory rate against the Debtor and in favor of the Landlord and ordered that a writ of restitution to evict Defendant from the Premises may be issued if the amount of the judgment was not paid within 7 days. A judgment was submitted for entry on that date and was entered on April 14, 2023.

3. On April 12, 2023 (after the hearing in the District Court Case) the Debtor filed its Chapter 11 petition in Case No. 23-43403.

4. The Lease is an unexpired nonresidential lease under 11 U.S.C. § 365.

5. Subsequent to the commencement of the Debtor's Chapter 11 case, Auxo succeeded, by assignment, to the secured position of Comerica Bank and others, acquiring a first secured interest and/or ownership of substantially all of the Debtor's personal property assets, including items of personal property that may be asserted to constitute trade fixtures and/or otherwise affixed or appurtenant to the Premises.

6. Auxo has filed a motion for the sale of substantially all of Debtor's assets pursuant to 11 U.S.C. § 363 a hearing on which has been set for September 14, 2023.

7. On August 28, 2023 following a prior motion to assume and assign the Lease and negotiations with prospective assignee, the Debtor ultimately filed a Motion to Reject Operating Lease and for Such Other Relief seeking to reject the Lease and impermissibly extend the amount of time it may remain in possession of the Premises.

8. Auxo has intimated to Landlord and a prospective tenant that it intends to remove all personal property formerly belonging to the Debtor from the Premises without regard to what items may or may not be fixtures in contravention of the Lease which expressly prohibits removal of any personal property without Landlord's consent.

9. On or about September 6, 2023 Landlord filed its Motion for Relief From Stay and is anticipating the grant of same; time is therefore of the essence and requests an examination date as soon as possible upon expiration of the notice period and anticipated grant of relief from stay.

9. Landlord through his attorneys made reasonable efforts prior to filing this Motion to arrange a mutually convenient date time and place for the examination regarding Auxo's claims with respect to trade fixtures and other tenant improvements present in the Premises, contacting Auxo's counsel on September 7th and 8th 2023 however such concurrence was not forthcoming.

10. Accordingly, discovery regarding personal property in which Auxo has a security interest and the nature and extent of any tenant improvements made to the Premises during the time of Debtor's possession is necessary to determine what, if any, of the property and improvements may be considered a removable trade fixture or which are required to remain in place in advance of the institution of proceedings supplemental to the District Court Case to recover possession of the Premises upon termination of the automatic stay.

## RELIEF REQUESTED

11. By this 2004 Motion, Landlord respectfully requests the entry of an Order compelling the examination of Auxo and for the production of the documents and information as set forth on the attached proposed Order.

## BASIS FOR RELIEF

12. Bankruptcy Rule 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code,… the examination may relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.
> Fed. R. Bankr. P. 2004.

13. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)). Accordingly, examinations under Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate. See Fed. R. Bank.P. 2004(a) and (c).

14. Moreover, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc*., 156 B.R. 414, 432 (S.D.N.Y. 1993), affd, 17 F.3d 600 (2d Cir. 1994).

15. The purpose of this examination is to fully determine the extent of tenant improvements made by the Debtor during its occupancy of the Premises and the extent to which

Debtor's personal property may be claimed to be a trade fixture by Auxo and/or otherwise subject to its security interest.

16. Although the scope of an examination under Rule 2004 is "unfettered and broad", Landlord has narrowly tailored the information and documentation sought from Auxo specifically relate to tenant improvements, personal property and fixtures in the Premises. See *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983); Fed. R. Bankr. P. 2004.

## NOTICE

17. Notice of this Motion has been served on counsel to the Debtor, the Office of the United States Trustee, and all other parties who have requested notice in this case. Under the circumstances, Landlord submits that such notice is adequate and sufficient and that no other or further notice is required.

## NO PRIOR REQUEST FOR RELIEF

18. No previous motion for the relief sought herein has been made to this or any other Court. Landlord reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

WHEREFORE, Landlord respectfully requests that this Court grant its Motion for Rule 2004 Examination in its entirety, compel the examination of Auxo, and/or its designee, to be conducted by Landlord and grant such further and additional relief as this Court deems just and proper.

    Respectfully submitted,

    Simon PLC Attorneys & Counselors

    */s/Daniel J. Feko*
    Daniel J. Feko (P58733)
    Co-counsel for Medical Real Estate Group, LLC
    363 W Big Beaver Road, Suite 411

Troy, MI 48084  
(248) 720-0290 (office)  
(248) 720-0291 (fax)  
dfeko@simonattys.com

Dated: September 8, 2023