# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Ark Laboratory, LLC,<br><br>                Debtor. | Case No. 23-43403-mlo<br><br>Chapter 11<br><br>Hon. Maria L. Oxholm |

## MOTION FOR AUTHORIZATION TO ISSUE RULE 2004 SUBPOENAS FOR PRODUCTION OF DOCUMENTS AND ORAL EXAMINATION OF CERTAIN PARTIES

The Official Committee of Unsecured Creditors of Ark Laboratory, LLC (the "Committee") through its undersigned counsel states as follows in support of its *Motion for Authorization to Issue Rule 2004 Subpoena for Production of Documents and Oral Examination of Certain Parties*:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408. The Court also has constitutional jurisdiction over the relief sought in this Motion.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**REQUESTED RELIEF**

3. The Committee requests that this Court enter an order pursuant to Fed. R. Bankr. P. 2004(a), granting the Committee leave to issue a Rule 2004 subpoena on the Debtor's designated responsible party, James Grossi ("Grossi"), as well as the Debtor's former members, Nameer Kiminaia, ("Kiminaia") and Brian Tierney ("Tierney") individually and, on behalf of Ion Diagnostics, LLC.

4. The form of each proposed subpoena requesting documents, and scheduling each of the oral examinations, are attached hereto as Exhibits 1 through 3.

5. Ark Laboratory, LLC (the "Debtor") filed its voluntary petition under Chapter 11 of title 11 of the United States Code (the "Code") on April 12, 2023 (the "Petition Date").

6. The Committee was appointed on May 1, 2023.

7. According to the Debtor's schedules, James Grossi ("Grossi") is the sole member of the Debtor and is the Debtor's designated responsible party.

8. Prior to the Petition Date, on January 19, 2021, Grossi became the sole member of the Debtor pursuant to a membership interest redemption agreement (the "MIRA") between and among the Debtor and former members Tierney and Kiminaia.

128932891v3

9. Grossi, Tierney and Kiminiaia each held an equal one-third membership interest in the Debtor before the MIRA transaction.[1]

10. In connection with the MIRA, Kiminaia and Tierney purchased a Michigan limited liability company with the name Ion Diagnostics, LLC ("Ion Diagnostics") from the Debtor.

11. The Committee is investigating the Debtor's transactions including the MIRA and the Debtor's sale of Ion Diagnostics and has requested and received from Grossi several documents pertaining to the MIRA however, despite repeated requests to Grossi, the Committee has not received a complete record of all documents executed in connection with the MIRA.

12. In addition to the outstanding records request, the Committee requires additional records and information to assist it in its investigation of the Debtor's transactions and financial affairs.

13. The Committee expects it will also require oral examination of Grossi, Kiminaia, Tierney and a representative of Ion Diagnostics pursuant to Fed. R. Bankr. P. 2004 to conduct its investigation of the Debtor's transactions and financial affairs.

---

[1] Kiminaia's and Tierney's interests were each held by their respective trusts, namely, The Tierney Family Trust, Dated December 21, 2018 for Tierney, and Nameer Kiminaia Living Trust Dated May 31, 2019 for Kiminaia. Kiminaia and Tierney were the named trustees of their respective trusts according to the MIRA. The trusts were the sellers under the MIRA.

12893289 1v3

# BASIS FOR REQUESTED RELIEF

14. Fed. R. Bankr. P. 2004 ("Rule 2004") allows parties in interest to inquire into "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

15. The scope of an inquiry under Rule 2004 is very broad. *Roosen v. Gillespie (In re Gillespie)*, No. 22-12971, 2023 WL 4549561 at *2 (E.D. Mich. July 14, 2023); *In re Great Lakes Comnet, Inc.*, 558 B.R. 194, 196 (Bankr. W.D. Mich. 2016).

16. The standard for determining the propriety of an examination request under Rule 2004 is "good cause." *In re Davis*, 452 B.R. 610, 617 (Bankr. E.D. Mich. 2011). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Id.*

17. "A court must also balance the examiner's interest against the subject's interest in avoiding the cost and burden of disclosure." *Id.* (internal quotations omitted); *see also In re Gillespie*, 2023 WL 4549561, at *2.

18. Good cause exists for entry of an order permitting a Rule 2004 examination. The information the Committee seeks to discover, by this Motion, will

assist in ascertaining a complete understanding of the Debtor's financial affairs and whether there are any causes of action the estate can and should pursue.

19. Counsel for the Committee emailed Debtor's counsel requesting concurrence in production of records and examination and has not received all of the records requested or agreement to produce Grossi for an examination.

20. Notice of this Motion has been given to: (a) the Office of the United States Trustee for this District; (b) Debtor's counsel, (c) the Debtor at the address listed in Debtor's schedules, and (d) those persons who have requested electronic notice pursuant to the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Committee requests that this Court find the notice provided for herein sufficient under the circumstances.

**WHEREFORE,** the Committee respectfully requests that this Court enter an order: (a) permitting an examination and seeking production of documents of the Debtor and Ion Diagnostics, LLC pursuant to Fed. R. Bankr. P. 2004; (b) authorizing the Committee, in its discretion, to issue a Rule 2004 subpoena to James Grossi, Brian in their individual capacities and as designated representatives of Ion Diagnostics, LLC in substantially the form attached hereto as <u>Exhibit A</u>; and (c) granting such further relief that the Court deems just and proper.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: September 15, 2023

/s/ Kimberly Ross Clayson
Richard Kruger (P57142)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
rkruger@taftlaw.com
kclayson@taftlaw.com

*Attorneys for the Committee*

128932891v3