**EXHIBIT 1**
**(Draft Subpoena to James Grossi)**

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Michigan__

In re __Ark Laboratory, LLC__  
_Debtor_

Case No. __23-43403-mlo__

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: James Grossi, Responsible Party to the Debtor.

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Taft Stettinius & Hollister, LLP<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034 | 10:00 a.m. (ET) on Wednesday, October 18, 2023 |

The examination will be recorded by this method: __Court Reporter__

☒ *Production:* ~~You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:~~
Production of documents listed on Exhibit A are due by Wednesday, October 11, 2023.
See Exhibit A

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR  /s/ Kimberly Ross Clayson

_Signature of Clerk or Deputy Clerk_    _Attorney's signature_

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Official Unsecured Creditor's Committee , who issues or requests this subpoena, are:

Richard Kruger, Kimberly Ross Clayson and Judith Greenstone Miller, 27777 Franklin Rd., Ste. 2500, Southfield, MI 48034
Rkruger@taftlaw.com, kclayson@taftlaw.com, Jgmiller@taftlaw.com, 248-351-3000

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit A to Subpoena

To: James Grossi
Produce copies of the following:

1. Peninsula Fund VII, LLC loan closing documents for the secured loan to Ark Laboratory, LLC (the "Company") described in the Company's Schedule D, Line 2.4 [ECF No.54];

2. Dates and amounts of principal and interest payments the Company made under the seller redemption notes provided for under the January 19, 2021 Membership Interest Redemption Agreement ("MIRA") by and among the Company, Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia") and James Grossi, ("Grossi"), including the dates and amounts of any accelerated principal payments made upon full forgiveness of the Company's SBA PPP loans);

3. Dates and amounts of principal and interest payments the Company made under the Seller redemption notes included in the Membership (including the dates and amounts of any accelerated principal payments made upon full forgiveness of the Company's SBA PPP loans);

4. Copies of any all aagreements, including but not limited to subordination agreements entered into between any Seller and any of Ark's lenders in connection with the redemption notes the Company issued to the Sellers;

5. Company federal and state tax returns for 2019, 2020, 2021 and 2022;

6. Copies of all current insurance policies for the Company including but not limited to polices covering liability for errors and omissions and /or directors and officers, cyber security liability, general liability and personal property.

7. Company financial statements including profit and loss statements and balance sheets prepared for year end 2019, 2020, 2021 and 2022 and first quarter 2023 through March 31, 2023;

8. Company bank account records for all company bank accounts that were open at anytime between April 1, 2019 and the petition date of April 12, 2023 (the "Petition Date");

9. Employment agreements or contracts between the Company and either James Grossi, Brian Tierney or Nameer Kiminaia that were in effect in 2019, 2020, 2021, 2022 or 2023;

10. The Company's payor appeal letters, correspondence or records for the Company's appeal of any and all claims denial or claims reduction appeals taken by the Company for insurance, Medicare and Medicaid reimbursement denials, offsets or reductions for 2021, 2022 and 2023 through the date of the Subpoena;