UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Ark Laboratory, LLC,<br><br>       Debtor. | Case No. 23-43403-mlo<br>Chapter 11<br>Hon. Maria L. Oxholm |

**FIRST AMENDED STIPULATED FINAL ORDER
AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

THIS MATTER having come before the Court upon the Stipulation to Entry of the First Amended Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection, and for sufficient cause,

IT IS HEREBY ORDERED:

1. The terms of the *Stipulated Final Order Authorizing Use Of Cash Collateral And Granting Adequate Protection* (the "Final Cash Collateral Order") [ECF No. 144] is amended as follows:

 a. Consistent with Paragraphs 7 and 16 of the Final Cash Collateral Order, any advances made by, or to be made by, Auxo Investment Partners, LLC ("Auxo"), to or for the benefit of Debtor (the "Advances"), shall increase the amount of Auxo's secured claim, and be given the same treatment as the Prepetition Indebtedness under the Final Cash Collateral Order, subject to the Carve Out modified below. The amount of the Advances provided by Auxo to the Debtor to fund the Debtor's

ongoing operations since July 20, 2023 through the date of the entry of this Order has been $1,100,000 and Auxo expects to provide additional Advances to the Debtor in an amount up to $300,000 between the date of the entry of this Order and the closing on the sale subject to Debtor's Motion to Approve (I) Bidding Procedures and Form of Asset Purchase Agreement Relating to Sale of Substantially All of the Debtor's Assets; (2) The Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 105(A) and 363; (3) Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365; and (4) Granting Related Relief ("Sale Motion")[ECF No. 145] currently set for September 28, 2023.

  b. Paragraph 15 of the Final Cash Collateral Order shall be deleted and in its place shall be substituted the following:

"15. The Prepetition Liens, the Postpetition Liens and the adequate protection granted to Auxo under this Order shall, in any event, in all cases be subject and subordinate to a carve-out (the "Carve-Out"), which shall be comprised of the following: (i) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a) (which will be paid in full and not be subject to distribution pari passu with administrative expenses), (ii) subject to Court approval, the sum of (A) and (B), where (A) is the aggregate amount of the Debtor's professional fees and disbursements which have been incurred, accrued, or invoiced

(but remain unpaid) for any professional retained by an order of the Court under Sections 327 or 328 of the Bankruptcy Code, and (B) is the aggregate amount of fees and disbursements of the Debtors' retained professionals up to $250,000.00 (which will be paid in full and not be subject to distribution pari passu with administrative expenses), and (iii) subject to Court approval, the sum of (C) and (D), where (C) is the aggregate amount, of the Committee's professional fees and disbursements which have been incurred, accrued or invoiced (but remain unpaid) for any professional retained by an order of the Court under Section 1102 of the Bankruptcy Code, and (D) is the aggregate amount of fees and disbursements of any Committee's retained professionals up to $350,000 (which will be paid in full and not be subject to distribution pari passu with administrative expenses). The Carve Out granted hereunder (i) covers all Collateral, including prepetition, post-petition and post-conversion, (ii) subordinates Auxo's liens to the professional fees of Debtor and the Committee awarded at any time, and (iii) survive conversion of this case to chapter 7. All Carve Out Amounts paid for fees required to be paid to the Clerk of the Court and to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a) (which will be paid in full), and for approved fees and expenses of the Debtor professionals and the Committee professionals shall be held in the segregated DIP Professionals Account that was opened by Debtor pursuant to the Final Cash Collateral Order. Fees and expenses of Debtor and Committee professionals remain subject to application and

approval of their fees by the Court under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Carve Out shall be paid by Auxo to Debtor's professionals and the Committee's professionals, with one-half (50%) being funded in the DIP Professionals Account no later than September 28, 2023, and the other half (50%) being funded in the DIP Professionals Account no later than December 1, 2023. In the event of a liquidation of the Debtor's estate other than by a sale of substantially all of the assets of Debtor, an amount equal to the Carve Out shall be reserved from the proceeds of such liquidation, or from the proceeds of Auxo's collateral, with such proceeds or cash to be held in the DIP Professionals Account, prior to the making of any distributions. All distributions and withdrawals from the DIP Professionals Account shall require two (2) signatures."

2. All of the other terms of the Final Cash Collateral Order shall remain in effect unless modified by entry of this Order.

**Signed on September 27, 2023**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm**
**United States Bankruptcy Judge**