UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

        Debtor.
_____/

Chapter 11
Case No. 23-43403
Hon. Maria L. Oxholm

# STIPULATION FOR ORDER ASSUMING AND ASSIGNING CONTRACT WITH MEDSPEED LLC

The undersigned counsel stipulate to entry of the attached Order Assuming and Assigning Contract with Medspeed LLC ("Medspeed") to Auxo Investment Partners, LLC ("Purchaser"). In support of the Order, the parties advise the Court as follows:

1. The Debtor filed the *Motion of Debtor to Assume Certain Executory Contracts and Unexpired Leases, and for Related Relief* on July 10, 2023 [Doc. No. 153] (the "Motion").

2. In the Motion, Debtor proposed to assume its executory contract with Medspeed (the "Contract").

3. This matter was set for hearing on August 31, 2023, which was then adjourned to September 28, 2023.

4. The parties request that the Court enter the proposed Order attached as Exhibit A which, among other things, provides for: (a) assumption and assignment of the Contract, as modified by agreement between Purchaser and Medspeed; (b) cure costs pursuant to 11 U.S.C. §365(b) ("Cure") to be paid by Purchaser after the closing of the sale approved by Court order entered at Docket No. 279 and prior to December 31, 2023, so long as the amount of the Cure has been determined, and (c) Cure to be limited to unpaid amounts owed under the Contract and arising for the period from and after April 12, 2023, to be determined by agreement of Purchaser and Medspeed or, absent such agreement, by order of the Court.

Respectfully submitted,

*/s/ Robert N. Bassel*
Robert N. Bassel (P48420)
Counsel for Debtor
P.O. Box T
Clinton, Michigan 49236
(248) 677-1234
bbassel@gmail.com

**QUARLES & BRADY LLP**

By: /s/ Christopher Combest
Christopher Combest
Counsel for Medspeed LLC
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
Phone: (312) 715-5091
christopher.combest@quarles.com

**MILLER JOHNSON**

*/s/ Robert D. Wolford*
      Robert D. Wolford (P62595)
Attorneys for Auxo Investment Partners, LLC
45 Ottawa Ave. SW, Suite 1100
Grand Rapids MI 49503
(616) 516-6988
wolfordr@millerjohnson.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

        Debtor.
_____/

Chapter 11
Case No. 23-43403
Hon. Maria L. Oxholm

# STIPULATED ORDER ASSUMING AND ASSIGNING CONTRACT WITH MEDSPEED LLC

THIS MATTER is before the Court on the Stipulation of the parties. The Court has reviewed the Stipulation, finds good cause for entry of this Order and is otherwise advised in the premises.

NOW THEREFORE,

IT IS HEREBY ORDERED that the contract between Medspeed LLC ("Medspeed") and the Debtor (the "Contract") is assumed and assigned to Auxo Investment Partners, LLC ("Purchaser"), effective as of the closing ("Closing") of the sale authorized by this Court's order entered at Docket No. 279.

IT IS FURTHER ORDERED that Purchaser shall pay cure costs, pursuant to 11 U.S.C. §365(b) ("Cure"), in immediately available funds, to Medspeed in the sum of all unpaid amounts owed under the Contract

and arising on or after April 12, 2023, to be determined by agreement of Purchaser and Medspeed or, absent such agreement, by order of this Court entered upon separate motion of the Debtor, Purchaser, or Medspeed. Such Cure payment shall be made after a determination of the amount of the Cure and prior to December 31, 2023, so long as the Closing has occurred and provided, further, that, (a) if the Closing occurs after December 31, 2023, such Cure payment shall be paid at the Closing and (b) if the Closing does not occur, nothing in this Order shall alter the obligation of Purchaser to pay all postpetition administrative expenses owed to Medspeed by the Debtor.

IT IS FURTHER ORDERED that Cure shall not include any amounts owed to Medspeed under the Contract and arising during any period prior to April 12, 2023.

IT IS FURTHER ORDERED that the Debtor is authorized to take any and all actions necessary to effectuate the relief granted in this Order.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to interpret and enforce this Order and enter such further Orders as may be necessary to effectuate the terms of this Order.

IT IS FURTHER ORDERED that assumption and assignment to the Purchaser of the Contract will not cause the Purchaser to be

deemed a "successor," or subject the Purchaser to any liability whatsoever with respect to, or on account of, the operation of the Debtor's business prior to the Closing.

IT IS FURTHER ORDERED that the Contract, consistent with the provisions contained herein, shall be transferred to, and remain in full force and effect for the benefit of, Purchaser in accordance with its terms (as such terms may have been amended by agreement of Purchaser and Medspeed), notwithstanding any provision in such Contract (including any of the type described in section 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any liability with respect to the Contract related to obligations thereunder arising from and after the effectiveness of such assignment to and assumption by the Purchaser.

IT IS FURTHER ORDERED that, upon payment to Medspeed of the Cure as required hereunder, all defaults or other obligations of the Debtor under the Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured and Purchaser shall have no liability or

obligation arising or accruing under the Contracts prior to the Closing absent separate Order of this Court, provided, however, that, notwithstanding anything else contained in this Order, entry of this Order is without prejudice to the rights, claims, and defenses of each of the Debtor and Medspeed with regard to the proof of claim filed by Medspeed (Claim No. 76) in Debtor's chapter 11 case, including, without limitation, Medspeed's right to receive a distribution thereon from the Debtor's estate.

IT IS FURTHER ORDERED that under §365 of the Bankruptcy Code, Medspeed is hereby forever barred from asserting against Purchaser or the Purchased Assets any default existing as of the Closing or any counterclaim, defense, setoff, or any other claim asserted or assertable against the Debtor as of the Closing.

IT IS FURTHER ORDERED that this Order shall be effective immediately, notwithstanding any procedural provision in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the relevant local rules or otherwise.