UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

          Debtor.

Chapter 11
Case No. 23-43403
Hon. Maria L. Oxholm

_____/

**STIPULATION FOR ORDER ASSUMING AND ASSIGNING
CONTRACT WITH
ORCHARD SOFTWARE CORPORATION
AND ALLOWING ADMINISTRATIVE EXPENSE**

The undersigned counsel stipulate to entry of the attached Order Assuming and Assigning Contract with Orchard Software ("Orchard") to Auxo Investment Partners, LLC ("Purchaser"). In support of the Order, the parties advise the Court as follows:

1. The Debtor filed the *Motion of Debtor to Assume Certain Executory Contracts and Unexpired Leases, and for Related Relief* on July 10, 2023 [Doc. No. 153] (the "Motion").

2. In the Motion, Debtor proposed to assume its executory contract(s) with Orchard (the "Contract").

3. This matter was set for hearing on August 31, 2023, which was then adjourned to September 28, 2023.

4.     On September 12, 2023, Orchard filed its Application for Allowance and Payment of Administrative Claim [Doc. No. 241] including its Notice of Application for Allowance and Payment of Administrative Claim ("Administrative Expense Motion").

5.     The parties to this Stipulation have reviewed the summary of invoices provided by Orchard and agree that the Administrative Expense should be allowed in the amount of $92,765.00.

6.     The parties request that the Court enter the proposed Order attached as Exhibit A which provides for assumption and assignment, allowing the Administrative Expense of Orchard, and for no cure costs to be paid as to prepetition arrearages.

Respectfully submitted,


/s/ Robert N. Bassel
Robert N. Bassel (P48420)
Counsel for Debtor
P.O. Box T
Clinton, Michigan 49236
(248) 677-1234
bbassel@gmail.com



 /s/ David J. Jurkiewicz
David J. Jurkiewicz
Indiana Attorney No. 18018-53
BOSE MCKINNEY & EVANS LLP
Counsel for Orchard Software Corporation

111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 684-5000
djurkiewicz@boselaw.com


**MILLER JOHNSON**

*/s/ Robert D. Wolford*
     Robert D. Wolford (P62595)
Attorneys for Auxo Investment Partners, LLC
45 Ottawa Ave. SW, Suite 1100
Grand Rapids MI 49503
(616) 516-6988
wolfordr@millerjohnson.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

Debtor.
_____/

Chapter 11
Case No. 23-43403
Hon. Maria L. Oxholm

**ORDER ASSUMING AND ASSIGNING CONTRACT WITH
ORCHARD SOFTWARE CORPORATION AND
ALLOWING ADMINISTRATIVE EXPENSE**

THIS MATTER is before the Court in the Stipulation of the parties. The
Court has reviewed the Stipulation, finds good cause for entry of this Order and is
otherwise advised in the premises.

NOW THEREFORE,

IT IS HEREBY ORDERED that the contract(s) between Orchard Software
Corporation ("Orchard") and the Debtor (the "Contracts") are assumed and
assigned to Auxo Investment Partners, LLC ("Purchaser").

IT IS FURTHER ORDERED that the administrative expense claim of
Orchard is allowed in the amount of $92,765.00.

IT IS FURTHER ORDERED that Orchard's allowed administrative expense
shall be paid pursuant to the Debtor's combined Disclosure Statement and Plan of

1

Liquidation [Doc. No. 249], that same may be amended, or other order of this Court.

IT IS FURTHER ORDERED that the Debtor is authorized to take any and all action necessary to effectuate the relief granted in this Order.

IT IS FURTHER ORDERED this Court shall retain jurisdiction to interpret and enforce this Order and enter such further Orders necessary to effectuate the terms of this Order.

IT IS FURTHER ORDERED that assumption and assignment to the Purchaser of the Contracts will not deem the Purchaser to be a "successor," or subject the Purchaser to any liability whatsoever with respect to, or on account of, the operation of the Debtor's business prior to the Closing.

IT IS FURTHER ORDERED that there are no cure costs for any prepetition amounts owed to Orchard.

IT IS FURTHER ORDERED that the Contracts, consistent with the provisions contained herein, shall be transferred to, and remain in full force and effect for the benefit of, Purchaser in accordance with their respective terms, notwithstanding any provision in any such Contract (including those of the type described in section 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, and the Debtor shall be relieved from any further liability with respect to the Contracts after such assignment to and assumption by the Purchaser.

IT IS FURTHER ORDERED that all defaults or other obligations of the Debtor under the Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured and Purchaser shall have no liability or obligation arising or accruing under the Contracts prior to the Closing Date excepting the allowed administrative expense.

IT IS FURTHER ORDERED that under §365 of the Bankruptcy Code, Orchard is hereby is forever barred from asserting against Purchaser or the Purchased Assets, any default existing as of the Closing or any counterclaim, defense, setoff, or any other claim asserted or assertable against the Debtor as of the Closing.

IT IS FURTHER ORDERED that the failure of the Debtor or Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions, or of the Debtor's and Purchaser's rights to enforce every term and condition of the Contracts.

IT IS FURTHER ORDERED that this Order shall be effective immediately, notwithstanding any procedural provision in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the relevant local rules or otherwise.

IT IS FURTHER ORDERED that the objection filed by Orchard to the Motion [ECF No. 156] is resolved by entry of this Order.