UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC

    Debtor.
_____/

No. 23-43403-mlo
Chapter 11
Hon. Maria L. Oxholm

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER (I) GRANTING FINAL APPROVAL OF THE DEBTOR'S DISCLOSURE STATEMENT AND PLAN SUPPLEMENT, AND (II) CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION**

Ark Laboratory, LLC ("Debtor") filed its Combined Disclosure Statement and Plan of Liquidation (collectively, the "Initial Plan") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") on September 19, 2023 [ECF No. 249]. On September 20, 2023, the Bankruptcy Court[1] entered the Order Preliminarily Approving the Disclosure Statement and scheduled the hearing on confirmation of the Plan (the "Scheduling Order") [ECF No. 250]. On October 13, 2023, the Debtor filed the Plan Supplement, that contained, among other things, a revised list of the Causes of Action preserved under the Plan, including lists of Avoidance Actions, a list of the proposed Executory Contracts proposed to be assumed under the Plan, and the Liquidating Trust Agreement (the "Initial Plan Supplement") [ECF No. 302], and on October 16, 2023 and October

---

[1] All capitalized terms shall have the meanings ascribed to them in the Plan, unless expressly stated to the contrary herein.

22, 2023, the Debtor filed a corrected Plan Supplement (collectively, the "Corrected Plan Supplement" and, together with the Initial Plan Supplement, the "Plan Supplement") [ECF Nos. 303, 310, and 366]. On November 26, 2023, the Debtor filed a First Amended Plan of Liquidation (the "First Amended Plan") [ECF No. 365] and, on November 30, 2023, the Debtor filed a Second Amended Plan of Liquidation [ECF No. 384] (the "Second Amended Plan" and, together with the Initial Plan, the First Amended Plan, the "Plan") and a red-lined versions showing the changes made between (i) the Initial Plan and the First Amended Plan, and (ii) the First Amended Plan and the Second Amended Plan. The Initial Plan and notice of the dates contained in the Scheduling Order were served on all parties listed on the Proof of Service for the Plan [ECF No. 258]. The Plan Supplement was served on all parties listed on the Proof of Service for the Plan Supplement [ECF Nos. 311]. The First Amended Plan was served on all counsel of record who receive notice via the Court's ECF noticing system [ECF No. 378]. The Second Amended Plan was served on all counsel of record who receive notice via the Court's ECF noticing system [ECF No. 384].

Creditor McLaren Medical Laboratory ("McLaren") filed an objection to confirmation of the Plan [ECF No. 323] that was subsequently withdrawn by McLaren [ECF No. 361]. The Office of the United States Trustee (the "U.S. Trustee") filed an objection to confirmation of the Debtor's First Amended Plan [ECF No. 371] and all of its objections were resolved by virtue of plan

modifications placed in the Second Amended Plan and this Order. No other objections were filed to confirmation of the Plan that have not been resolved. Debtor has submitted a stipulation in support of entry of the proposed Order Confirming Plan (the "Stipulation") that the U.S. Trustee, The United States of America (the "USA"), Auxo Investment Partners, LLC ("Auxo") and the Official Committee of Unsecured Creditors (the "Committee" and, collectively with the Debtor, the U.S. Trustee, the USA and Auxo, the "Parties") have all signed [ECF No.386] to resolve formal and informal objections. The Court held a hearing on confirmation of the Plan on November 30, 2023 (the "Confirmation Hearing"), at which all the Parties consented to dispense with an evidentiary hearing on confirmation to support confirmation of the Plan. Based upon this consent, the Court found pursuant to Local Bankruptcy Rule 3020-1 that each of the elements necessary for confirmation under 11 U.S.C. § 1129(a) has been established. Based on the Plan and the Plan Supplement, the report of balloting on the Plan filed by the Debtor (the "Ballot Report") [ECF No. 369], the statements made at the Confirmation Hearing, Local Bankruptcy Rule 3020-1 and the Stipulation, the Court is advised in the premises and having found that all necessary requirements for confirmation under 11 U.S.C. § 1129 have been satisfied.

**NOW, THEREFORE**, the Court hereby makes the following findings of fact and orders as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. Adequate and sufficient notice of the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of claims and interests.

4. The Plan was transmitted and served in compliance with the Bankruptcy Rules and orders of the Court and such transmittals and service were adequate and sufficient. Notice of the confirmation hearing, the opportunity for any party in interest to object to confirmation and all dates were adequate and appropriate and in accordance with Bankruptcy Rule 2002(b) as to all parties to be affected by the Plan and the transactions contemplated thereby. No other or further notice is required.

5. The Ballot Report pertaining to voting on the Plan [ECF No. 369] was filed with the Court on November 26, 2023.

6. Group I consists of the administrative claims of the Debtor's estate and the Debtor's professionals and the professionals appointed in this case, including the

Debtor's counsel, the Debtor's financial advisor, the Debtor's Special Counsel and the Committee's counsel.

7. Group II consists of priority claims entitled to receive priority under section 507(a) of the Bankruptcy Code. Holders of claims in this Group are not entitled to vote.

8. Class I consists of the secured claim of Auxo. Subsequent to the Petition Date, Auxo acquired and succeeded to the rights of Comerica Bank, N.A. ("Comerica") and The Peninsula Fund VII Limited Partnership ("Peninsula"), secured creditors of the Debtor. Comerica filed a secured proof of claim in the amount of $6,410,750.83 (Claim No. 15) and Auxo filed a secured claim on behalf of Peninsula in the amount of $14,940,749.14 (Claim No. 83). In addition, Auxo provided additional advances to the Debtor in the approximate amount of $1,400,000 in order to allow the Debtor to continue to operate pursuant to the Stipulated Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection [ECF No. 144] and Stipulated First Amended Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection [ECF No. 269], and Stipulated Second Amended Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection [ECF No. 370]. Auxo is also providing a carveout of $600,000 for payment of Accrued Professional Compensation for the Retained Professionals. As a result, Auxo is owed $22,151,499.97 as of the Confirmation Hearing. The Class I creditor voted to accept the Plan.

9. Class II consists of the secured claim of LA Barrington. The Class II creditor did not vote in connection with the Plan. Nevertheless, the Court found that the creditor realized the indubitable equivalent of their claim.

10. Class III consists of the secured claim of Team Financial Group. The Class III creditor voted to accept the Plan.

11. Class IV consists of the pre-petition general unsecured non-priority claims against the Debtor, including the unsecured claim of the USA and the State of Michigan. Class IV has voted to accept the Plan. For purposes of clarification, the USA has not cast a ballot.

12. Class V consists of the claims of the USA Setoff Claims. The Class V creditor did not vote in connection with the Plan.

13. Class VI consists of the equity security interests of the Debtor. The Class VI interest holder voted to accept the Plan.

14. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C § 1122(a), the claims placed in each class are substantially similar to the other claims in each such class. Pursuant to 11 U.S.C § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classifications do not unfairly discriminate among the holders of claims. The classification of claims in the Plan is reasonable.

15. Pursuant to 11 U.S.C § 1123(a)(2), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan.

16. Pursuant to 11 U.S.C § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are impaired under the Plan.

17. Pursuant to 11 U.S.C § 1123(a)(4), the Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

18. Pursuant to 11 U.S.C. § 1123(a)(5), the Plan provides adequate means for its implementation, by, without limitation, (i) providing for the distribution of payments to the Holders of Allowed Secured Claims, Administrative Expense Claims, Priority Claims and Allowed Unsecured Claims, (ii) providing for the appointment of the Liquidating Trustee for distribution of payments under the Plan and preserving the Causes of Action as set forth in the Plan and the Plan Supplement; (iii) the grant of authority to the Liquidating Trustee, and (iv) the general authority for all corporate action necessary to effectuate the Plan.

19. Because the Debtor is not issuing any securities under the Plan 11 U.S.C. § 1123(a)(6) is inapplicable in this Chapter 11 case.

20. This is a liquidating plan. To the extent, however, that 11 U.S.C. § 1123(a)(7) applies to the Liquidating Trustee, the Plan complies with 11 U.S.C. § 1123(a)(7) because the selection of the Liquidating Trustee has been accomplished in a fair and reasonable manner, consistent with public policy, and thus, the Plan satisfies 11 U.S.C. § 1123(a)(7).

21. As permitted by 11 U.S.C. § 1123(b)(2), the Plan provides for the assumption and assignment or rejection of executory contracts of the Debtor that have not been previously assumed, assumed and assigned, or rejected pursuant to 11 U.S.C. § 365 of and the filing and treatment of Claims arising from the rejection of executory contracts.

22. The Plan provides that, as of the Effective Date, and as permitted by with 11 U.S.C. § 1123(b)(3) and the Plan, certain assets of the Debtor, including, without limitation, the Causes of Action, including Avoidance Actions, are reserved and preserved. The Bankruptcy Court shall retain jurisdiction (without limitation) to determine all questions and disputes regarding all Causes of Action, including Avoidance Actions, controversies, disputes, or conflicts, whether or not subject to any pending action as of the Effective Date, with any other party, and any other right to recover assets pursuant to the provisions of the Bankruptcy Code, including all Causes of Action and Avoidance Actions, as reserved, preserved and described in the Plan, the Plan Supplement and the Disclosure Statement, and to consider and act on the compromise and settlement of any Claims against or Causes of Action, including Avoidance Actions, arising under or in connection with the Plan. Such litigation may be pursued in accordance with the Plan. The failure of the Debtor to specifically list any Cause of Actions, including Avoidance Actions, right of action, suit or proceeding in any Exhibit or Schedule to the Plan, the Plan Supplement or Disclosure Statement does not, and will not be deemed to constitute a waiver or

release by the Debtor of such Causes of Action, including Avoidance Actions, right of action, suit or proceeding, and, except as expressly provided in the Plan, the Liquidating Trustee will retain the right to pursue such Causes of Action, including Avoidance Actions, rights of action, suits or proceedings, in his sole discretion, and therefore, no preclusion doctrine, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to such claim, right of action, suit or proceeding upon confirmation or consummation of the Plan by virtue of, or in connection with, the confirmation, consummation or effectiveness of the Plan.

23. The Plan complies with all applicable provisions of Chapter 11 of the United States Bankruptcy Code.

24. The Plan has been proposed in good faith and neither the Plan, nor the means by which it was proposed, are forbidden by any law.

25. All payments to be made or promised by the Debtor have been disclosed to the Court and are reasonable.

26. The Plan does not unfairly discriminate against any class of creditors.

27. No regulatory commission has any jurisdiction over this matter.

28. Each holder of a claim or interest in each Group or Class has accepted the Plan or will receive or retain under the Plan as of the Effective Date of the Plan not less than the amount the holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

29. The Plan complies with the applicable provisions of 11 U.S.C. §§ 1129(a) and (b). Subject to LBR 3020-1, the Debtor, as the proponent of the Plan, has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this Court. The Court also finds that the Debtor has satisfied the elements of section 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

30. The Plan provides that holders of priority claims will receive either cash equal to the allowed amount of such claims or deferred cash payments equal to the allowed amounts of such claims, to the extent funds are available to satisfy such requirements. To the extent that such claims are treated otherwise, the holders of such claims have accepted the Plan.

31. Given the complexities and issues raised in this case, the agreed upon carveout by Auxo for compensation of the Debtor's professionals in the amount of $250,000 and for compensation of the Committee's professionals in the amount of $350,000 is appropriate. Provided however, that fees of Debtor's and Committee's professionals shall remain subject to court approval upon proper application.

32. The Court finds that the Plan does not discriminate unfairly, is feasible, and fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

**NOW, THEREFORE**, upon application of the Debtor:

**IT IS ORDERED** that the Disclosure Statement and Plan Supplement contain adequate information as defined under 11 U.S.C. § 1125 and are therefore approved on a final basis.

**IT IS ORDERED** that the Plan, as modified herein, is confirmed under 11 U.S.C. § 1129.

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. § 1141(d)(2) and (3), the provisions of the Plan as modified herein, as of the Effective Date, shall bind the Debtors, any Creditor, and Debtor's equity security holders, whether or not the claim of such interest or creditor is impaired under the Plan and whether such creditor or interest holder has accepted the Plan.

**IT IS FURTHER ORDERED** that, other than those Executory Contracts set forth on **Exhibit C** to the Plan Supplement, all of the Debtor's prepetition executory contracts and unexpired leases that have not been previously specifically assumed or rejected are hereby rejected as of the Confirmation Date pursuant to the terms and conditions of the Plan and 11 U.S.C. §§ 1123(b)(2) and 365 and any applicable Bankruptcy Rules. With respect to the Executory Contracts set forth on **Exhibit C** to the Plan Supplement, such Executory Contracts are hereby assumed and assigned to the Liquidating Trust on the Effective Date.

**IT IS FURTHER ORDERED** that the Debtor shall not receive a discharge as a consequence of the confirmation of the Plan.

**IT IS FURTHER ORDERED** that the failure of this Confirmation Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan. In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control; <u>provided</u>, <u>however</u>, as relates to the treatment accorded to and the rights of the USA, the Plan shall govern.

**IT IS FURTHER ORDERED** that on or before January 18, 2024 Auxo shall wire transfer to the Liquidating Trustee such funds required to pay all Administrative Claims and Priority Claims, plus the amounts necessary and sufficient to pay the U.S. Trustee fees associated with distributions on such claims by the Liquidating Trustee. The Liquidating Trustee shall promptly pay all Allowed Administrative Claims and Priority Claims, as provided in the Plan and the Liquidating Trust Agreement. To the extent, however, such Administrative Claims and Priority Claims have not been Allowed, the Liquidating Trustee shall deposit the remaining funds into a Distribution Reserve account, as provided under the Plan and the Liquidating Trust Agreement. Such funds shall remain in the Distribution Reserve account until the remaining Administrative Claims and Priority Claims become Allowed Claims or a determination is made that the particular Administrative Claim or Priority Claim shall not be allowed, and are paid by the Liquidating Trustee from

the Distribution Reserve account to the extent they are Allowed Claims; <u>provided</u>, <u>however</u>, if a creditor files a motion seeking allowance of an administrative claim that was neither budgeted, nor reflected in the Debtor's books and records, then Auxo shall not be required to fund the payment of that claim for distribution by the Liquidating Trustee, plus the amounts necessary and sufficient to pay the U.S. Trustee fees associated with distributions on such claims by the Liquidating Trustee, until ten (10) day after entry of a Final Order allowing that claim. After the Trustee has paid all Allowed Administrative Claims and Priority Claims, the Liquidating Trustee shall disburse any remaining funds in the Distribution Reserve account to Auxo.

**IT IS FURTHER ORDERED** that the modifications contained in the First Amended and the Second Amended Plan constitute modifications allowed under 11 U.S.C. § 1127 as the Plan meets the requirements of 11 U.S.C. §§ 1122 and 1123. Furthermore, the First Amended Plan and the Second Amended Plan do not adversely change the treatment of any Claim or Interest under the Plan. As a result, under Fed. R. Bankr. P. 3019, the Second Amended Plan is deemed accepted by all Creditors and Interest Holders who have previously accepted the Plan, and it is not necessary for the Second Amended Plan to be re-noticed to Creditors.

**IT IS FURTHER ORDERED** that Auxo shall pay the Allowed Administrative Claims of the Debtor, (ii) the Allowed Priority Claims of the Debtor, and (iii) the U.S. Trustee fees associated therewith by transmitting the funds required

to pay such amounts to the Liquidating Trustee, as required under the Plan unless otherwise agreed to by the holder of such Allowed Administrative Claim or such Allowed Priority Claim.

**IT IS FURTHER ORDERED** that the Liquidating Trust, attached to the Plan Supplement is approved, and Paul R. Hage is appointed as the Liquidating Trustee under the Liquidating Trust as of the Effective Date and shall be vested with all of the duties and responsibilities provided under the Plan and the Liquidating Trust Agreement, including serving as the Debtor's representative under section 1123(b)(3)(B) of the Bankruptcy Code and be vested with the powers, authority, responsibilities and duties of the Liquidating Trust set forth in Plan and the Liquidating Trust.

**IT IS FURTHER ORDERED that** except to the extent set forth in the Plan, the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its respective assets. Except as otherwise provided in the Plan (i) on the Effective Date, all Claims against the Debtor will be deemed satisfied and released in full as provided in the Plan, and (ii) all entities shall be precluded from asserting their Claims against the Debtor, the Liquidating Trustee, the Liquidating Trust, or their respective successors or assigns, or their assets, to the extent set forth in the Plan.

Except as otherwise provided in the Plan, neither the Plan, nor entry of the Confirmation Order, nor any failure to object to a Claim shall have any res judicata, estoppel, or other preclusive effect as to the Debtor, Liquidating Trustee, Liquidating Trust or their successor or assigns, with respect to any Cause of Action, including Avoidance Actions, against any party.

**IT IS FURTHER ORDERED,** that except as provided in the Plan or this Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim, Equity Interest, or other debt or liability are permanently enjoined as set forth in Article IX of the Plan.

**IT IS FURTHER ORDERED** that Accrued Professional Compensation in this case will only be allowed and paid following approval by this Court, after proper notice and opportunity for hearing in accordance with applicable rules. Final fee applications shall be filed within 45 days of entry of this Order.

**IT IS FURTHER ORDERED** that as of the Effective Date the "client" for purposes of the engagement of Amy Thomas, Esq. and Only One Hub d/b/a Primus Health as Special Counsel for the Debtor pursuant to the Order Approving Employment of Special Counsel [ECF No. 229] is the Liquidating Trustee.

**IT IS FURTHER ORDERED** that no just reason exists for delay in the implementation of this Confirmation Order. The Court hereby directs entry of the Order set forth herein. This Confirmation Order is a final and appealable order. To the extent permitted by law, this Court will reserve and retain jurisdiction to enforce

the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order or under the Liquidating Trust Agreement.

**IT IS FURTHER ORDERED** that the Liquidating Trustee shall timely file, in accordance with 11 U.S.C. §§ 1106(a)(1) and 1107 and Fed. R. Bankr. P. 2015(a), post-confirmation reports as long as the case remains pending.

**IT IS FURTHER ORDERED** that the substantial consummation of the Plan, within the meaning of 11 U.S.C. §1127 of the Bankruptcy Code, is deemed to occur on the Effective Date.

**IT IS FURTHER ORDERED that** notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over this Chapter 11 Case after the Effective Date as is legally permissible, including (a) jurisdiction over the matters set forth in Article X of the Plan, which provisions are incorporated herein by reference, and (b) examinations to be conducted by the Liquidating Trustee pursuant to Federal Rule of Bankruptcy Procedure 2004.

**IT IS FURTHER ORDERED** that all fees payable pursuant to 28 U.S.C. § 1930 after the Effective Date, shall be paid by the Liquidating Trustee prior to the closing of the Chapter 11 Case. Fees for all periods prior to the Effective Date shall be paid on the earlier of when due or the Effective Date, or as soon thereafter as practicable by the Liquidating Trustee.

**IT IS FURTHER ORDERED** that the Debtor shall timely pay to the United States Trustee all fees payable under section 1930 of Title 28 of the United States Code after the Effective Date on a quarterly basis until this Chapter 11 case is closed, converted, or dismissed. The Debtor, Debtor in Possession, Liquidating Trust and any Successors to the Debtor will be jointly and severally liable for the payment of all quarterly fees due after the Effective Date, including all fees payable in the event that the case is reopened after it has been closed, converted, or dismissed. Fees due the United States Trustee as charges assessed against the estate under chapter 123 of Title 28 are not expenses of administration but are entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

**IT IS FURTHER ORDERED** that in the event of conversion of this case post-confirmation to a case under Chapter 7 of the Bankruptcy Code, all property that vested in the Debtor, Debtor-in-Possession, Reorganized Debtor, Liquidating Trust, Liquidating Trustee or any Successor to the Debtor or the Liquidating Trustee or Successor Trustee pursuant to the confirmed Plan or under 11 U.S.C. § 1141, or that was otherwise acquired post-confirmation, other than the funding provided to the Liquidating Trustee under the Second Amended Stipulated Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection [ECF No. 370] or any amendment thereof, will become property of the Chapter 7 estate.

**IT IS FURTHER ORDERED** that Professional fees in this case will only be allowed and paid following approval by this Court, after proper notice and

opportunity for hearing in accordance with applicable rules. Fee applications must be filed within 75 days of entry of this Order.

**Signed on December 1, 2023**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm
United States Bankruptcy Judge**