UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Ark Laboratory, LLC,   Case No. 23-43403-MLO
                             Chapter 11
     Debtor.                 Hon. Maria L. Oxholm
_____/

**OBJECTON OF PAUL R. HAGE, SOLELY IN HIS
CAPACITY AS THE LIQUIDATING TRUSTEE OF THE
ARK LABORATORY TRUST, TO ENTRY OF FINAL
DECREE AND CLOSING OF THE CASE**

Paul R. Hage, solely in his capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "Liquidating Trustee"), by his counsel Taft Stettinius & Hollister, LLP, states for his *Objection to Entry of Final Decree and Closing of the Case*, as follows:

1. Ark Laboratory, LLC (the "Debtor") confirmed its *Second Amended Plan of Liquidation* [ECF No. 384] ("Plan")[1] on December 1, 2023, as reflected in the *Findings of Fact, Conclusions of Law and Order (I) Granting Final Approval of the Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* [ECF No. 392] (the "Confirmation Order").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

1

2. In conjunction with entering the Confirmation Order, the Court issued a *Notice of Confirmation and Opportunity to Object to Entry of Final Decree and Closing of the Case* [ECF No. 392] ("Notice of Closing") that provided that the Court would enter a final decree and close the case within 60 days of the entry of the Confirmation Order unless within that time an objection was filed.

3. The Liquidating Trustee objects to the closing of the case for the reasons set forth below.

4. The Plan provided for, among other things, the establishment of the Ark Laboratory Trust (the "Trust"). Pursuant to the Plan and the Confirmation Order, the Liquidating Trustee was appointed to serve as the trustee of the Trust on the Effective Date of the Plan.

5. The Effective Date of the Plan occurred on December 14, 2023, as reflected in the *Notice of Occurrence of Effective Date of Confirmed Second Amended Plan of Liquidation* [ECF No. 413].

5. As a result of the occurrence of the Effective Date, all of the Debtor's assets have been transferred to the Trust and are being administered by the Liquidating Trustee.

6. The Liquidating Trustee has sole power to exercise the powers and duties set forth in the Liquidating Trust Agreement including, among other things, to: (i) administer the assets transferred to the Trust, (ii) object to claims, (iii)

investigate and pursue causes of action preserved under the Plan, and (iv) make distributions to the holders of Allowed Claims under the Plan.

7. Article X, Retention of Jurisdiction in the Plan, provides, that:

> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, to the fullest extent legally permissible, . . .

Plan, Article X [ECF No. 384].

8. There are various matters currently pending before the Court that fall within the Court's retained jurisdiction under Article X of the Plan:

A. Motions seeking allowance of administrative expense claims were filed by various creditors, to which the Liquidating Trustee has objected and on which hearings have been scheduled.

B. On December 22, 2023, the Liquidating Trustee filed a 22-count complaint against various individuals that are or were managers and members of the Debtor, plus their entities and trusts and others, seeking $72 million in damages, thereby commencing Adversary Proceeding No. 23-04496-MLO (the "<u>Adversary Proceeding</u>") that is currently pending before the Court.

C. Under the Confirmation Order, the Retained Professionals have 75 days from the entry of the Confirmation Order to file their final fee applications seeking allowance of compensation for fees and costs incurred by them on

behalf of the estate before the Effective Date. The date for filing such final fee applications does not run until February 14, 2024.

D. The Liquidating Trustee is currently pursuing collection of the Covid Testing Claims. Various subpoenas issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") were served after the Effective Date seeking documents from payors subject to the Covid Testing Claims. It is anticipated that additional subpoenas pursuant to Rule 2004 will be issued by the Liquidating Trustee seeking documents and scheduling examinations of payors in connection with seeking recovery of the Covid Testing Claims.

E. Under the Plan Supplement filed with the Court, various causes of action, including Avoidance Actions, were preserved. At the current time, the Liquidating Trustee is investigating the transfers disclosed in the Plan Supplement to ascertain what causes of action need to be pursued for the benefit of the creditors of the estate.

F. The Liquidating Trustee has not yet reviewed claims, other than administrative expense claims, filed by creditors in the chapter 11 case. When and if assets are available to make distributions to unsecured creditors of the estate, the Liquidating Trustee will need to review such claims to determine if they are valid or otherwise subject to disallowance.

9. As a result of all of the matters currently pending before the Court, as well as such other matters likely to come before the Court, it is important that the Court not enter a final decree closing the case, and instead, defer such determination for at least one year in order to allow the Liquidating Trustee to administer the Trust and the assets of the estate, consistent with his duties under the Trust and the Plan.

WHEREFORE, the Liquidating Trustee respectfully requests that (i) the Court not enter a final decree closing the case, (ii) defer any determination on entering a decree and closing the case for at least one year, and (iii) granting all other just and equitable relief justified in this matter.

January 16, 2024

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P(P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Attorneys for Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust*

5

13023-48403-mlo    Doc 476    Filed 01/16/24    Entered 01/16/24 15:58:24    Page 5 of 6

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC

    Debtor.

_____/

Case No. 23-43403
Chapter 11

Hon. Maria L. Oxholm

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, my office caused to be served a copy of the *Objection of Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust, to Entry of Final Decree and Closing of the Case* and this *Certificate of Service* using the Court's electronic filing system which will send notice to all ECF participants registered to receive notice.

Dated: January 16, 2024    Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P(P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Paul R. Hage, solely in his capacity as the Liquidating Trustee of the Ark Laboratory Trust*