UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

**STIPULATION RESOLVING THE LIQUIDATING TRUSTEE'S** *MOTION FOR ORDER DIRECTING STEVEN N. NOFAR OF NOFAR LAW PLLC TO PRODUCE DOCUMENTS AND, IF NECESSARY, DIRECTING STEVEN N. NOFAR TO APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE*

Paul R. Hage, solely in his capacity as the liquidating trustee of the Ark Laboratory Trust (the "Liquidating Trustee") and Steven N. Nofar ("Nofar") of Nofar Law, PLLC ("Nofar Law"), through their respective undersigned counsel, state as follows:

1. The Liquidating Trustee filed his *Motion for Order Directing Steven N. Nofar of Nofar Law PLLC to Produce Documents and, If Necessary, Directing Steven N. Nofar to Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [ECF No. 484] (the "2004 Motion")

1

seeking, among other things, production of the Client File[1] including the Records in Nofar Law's and/or Nofar's possession and/or control.

2. Subsequent to filing the 2004 Motion, Nofar produced what he represents and warrants is a complete copy of Nofar Law's Client File and the Records and, in addition to the Client File and the Records, Nofar executed a sworn affidavit (the "Nofar Affidavit") regarding the loss of certain electronically stored records including all electronic communications such as emails, text messages and other electronic means of communications involving Ark Laboratory, LLC that comprised the Client File and Records attached as **Exhibit 1**.

3. Based on Nofar's and Nofar Law's representations and warranties that Nofar Law has produced a complete record of the Client File and Records other than the Records Nofar could not access according to the Nofar Affidavit, Nofar has fulfilled the records production request set out in the 2004 Motion and, as a result, the parties are willing to enter into this Stipulation to resolve the 2004 Motion ("Stipulation") by entry the Order attached as **Exhibit 2**.

WHEREFORE the Liquidating Trustee, Nofar Law and Nofar request entry of the attached Order in resolution of the 2004 Motion.

---

[1] Capitalized terms not otherwise defined in this Stipulation shall have the same meaning ascribed in the 2004 Motion.

**STIPULATED FOR ENTRY:**

TAFT STETTINIUS & HOLLISTER, LLP

By: */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Counsel for the Liquidating Trustee*

COLLINS EINHORN FARRELL PC

By: */s/Trent B. Collier (with permission)*
Trent B. Collier (P66448
4000 Town Center # 909,
Southfield, Michigan 48075
(248) 355-4141
Trent.Collier@ceflawyers.com

*Counsel for Steven N. Nofar and Nofar Law PLLC*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Ark Laboratory, LLC,　　　　　　　　Case No. 23-43403-mlo

　　　　　　　Debtor.　　　　　　　Chapter 11

　　　　　　　　　　　　　　　　　　Hon. Maria L. Oxholm

---

### AFFIDAVIT OF STEVEN NOFAR

STATE OF MICHIGAN　　　　）
　　　　　　　　　　　　　） ss.:
COUNTY OF OAKLAND　　　　）

Steven Nofar, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

2. I am the owner of Nofar Law, PLLC ("Nofar Law"), a law firm currently located at 32600 Telegraph Rd Ste 100, Bingham Farms, MI 48025.

3. I started Nofar Law on or about November 17, 2014 and hired ERSA Group ("ERSA") as Nofar Law's information technology ("IT") company on or about the same time. ERSA was owned and operated by Eric Sadek.

4. From November 2014 until the end of 2021 or early 2022, Nofar Law utilized Microsoft's Office 365 suite of services, including Microsoft Outlook email access which included two-factor authentication. These services were maintained in ERSA's name.

5. Nofar Law saved electronic client files in two ways. Copies of electronic communications were placed into folders in Microsoft Outlook whereas copies of other documents mostly consisting of PDF files were placed in folders separated by client. It was my understanding that Nofar Law's electronic client files, including electronic communications, were maintained on an ERSA physical server and that a mirror of this data was also maintained by ERSA on a Microsoft SharePoint cloud-based server. Nofar Law accessed electronic client files from these servers.

6. Sometime during 2021, I noticed that Nofar Law's electronic client files were missing some data. The data loss appeared to be sporadic – some data was missing from client files, as opposed to client files being missing completely. At that time, I reached out to ERSA and described the data loss, but ERSA was not able to determine the cause of the data loss.

7. Around that time, I learned that Sadek was experiencing personal and professional difficulties, which I believe impacted the operation of ERSA. For these reasons combined with the loss of data, I decided to discontinue Nofar Law's use of

2

ERSA's IT services. It is my understanding that ERSA has subsequently ceased operations.

8. In early 2022, Nofar Law retained LNX for replacement IT services. After transferring IT services to LNX, LNX copied the remaining Nofar Law electronic client file data from the ERSA server. This data was then placed into a new Microsoft Office 365 SharePoint server maintained in Nofar Law's name and utilizing the same suite of Office 365 services, including Microsoft Outlook. Nofar Law has maintained this setup to this day, including during and after Nofar Law's move to new offices in 2022.

9. Nofar Law staff periodically discovers new instances of data loss when searching Nofar Law electronic historical files for PDFs of previously scanned documents and find only a folder marked "PDF" with no data inside that folder.

10. In this instance, I have searched both Nofar Law's electronic folders on its SharePoint server for documents and Nofar Law's Microsoft Outlook email communications folder for communications requested in the subpoena. All documents and communications located were previously produced by my attorneys. I am not aware of any other responsive documents maintained by Nofar Law.

Steven Nofar

Subscribed and sworn to before me
this 7th day of February, 2024.

Julia Zeer
Notary Public

JULIA ZEER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires Aug. 3, 2028
Acting in the County of OAKLAND

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

**PROPOSED STIPULATED ORDER RESOLVING THE LIQUIDATING TRUSTEE'S *MOTION FOR ORDER DIRECTING STEVEN N. NOFAR OF NOFAR LAW PLLC TO PRODUCE DOCUMENTS AND, IF NECESSARY, DIRECTING STEVEN N. NOFAR TO APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF* THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

THIS MATTER is before the court on the Stipulation of the Liquidating Trustee[1] and Nofar Law resolving the 2004 Motion;

NOW THEREFORE, IT IS HEREBY ORDERED that the Liquidating Trustee is authorized to take Nofar's oral examination ("Examination") at a date, time and location mutually agreed upon by the Liquidating Trustee and Nofar or, in the event that a mutually agreed upon date, time and location is unable to be

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed in the Stipulation.

1

established after the Liquidating Trustee has made reasonable efforts to schedule the Examination, upon seven (7) days' advance notice. The Liquidating Trustee shall file a Notice of Deposition with the Court and serve same on Nofar at least seven (7) days in advance of the agreed upon or proposed Examination date, time and location.