# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## MOTION OF PAUL R. HAGE, SOLELY IN HIS CAPACITY AS THE LIQUIDATING TRUSTEE OF THE ARK LABORATORY TRUST, FOR AN ORDER DIRECTING DAVID H. FINK OF FINK BRESSACK TO (I) PRODUCE DOCUMENTS AND (II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE

Paul R. Hage, solely in his capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "Liquidating Trustee"), through his undersigned counsel, for his *Motion for Order Directing David H. Fink of Fink Bressack to (I) Produce Documents, and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Motion") and states in support as follows.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408. The Court also has constitutional jurisdiction over the relief sought in this Motion.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**REQUESTED RELIEF**

3. The Liquidating Trustee requests that this Court enter an order pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure ("Rule 2004") directing David H. Fink of Fink Bressack ("Fink") to produce records and to appear for oral examination.

4. The form of the Proposed Order is attached as **Exhibit 1** to the Motion.

5. Ark Laboratory, LLC (the "Debtor") filed its voluntary petition under Chapter 11 of title 11 of the United States Code (the "Code") on April 12, 2023 (the "Petition Date").

6. The Debtor confirmed its Second Amended Plan of Liquidation [ECF No. 384] (the "Plan") that was confirmed by the Court on December 1, 2023, as reflected in the *Finding of Fact, Conclusions of Law and Order (I) Granting Final Approval of the Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* [ECF 392] (the "Confirmation Order").

7. The Plan provided for, among other things, the establishment of the Ark Laboratory Trust (the "Trust"). Pursuant to the Plan and the Confirmation

Order, the Liquidating Trustee was appointed to serve as the trustee of the Trust on the Effective Date of the Plan.

8. The Effective Date of the Plan occurred on December 14, 2023, as reflected in the *Notice of Occurrence of Effective Date of Confirmed Second Amended Plan of Liquidation* [ECF No. 413].

9. As a result of the occurrence of the Effective Date, all of the Debtor's assets have been transferred to the Trust and are being administered by the Liquidating Trustee.

10. The Liquidating Trustee has sole power to exercise the powers and duties set forth in the Liquidating Trust Agreement including, among other things, to investigate the Debtor's financial affairs and any claims and causes of action of the Debtor that were preserved under the Plan.

11. The Debtor's business records disclose that Fink served as the Debtor's legal counsel for certain periods prior to the Petition Date and, more specifically, in connection with the Debtor's litigation that took place in the State of Michigan, Oakland County Circuit Court with former members, Nameer Kiminaia and Brian Tierney (the "Litigation").

12. On January 17, 2024, the Liquidating Trustee made a demand on Fink to turn over the Debtor's client file (the "Client File") by January 29, 2024 (the "Demand"). Fink did not respond to the Demand. On February 7, 2024, the

Liquidating Trustee made another request to Fink to respond to the Demand and Fink did not respond.

13. The Liquidating Trustee is entitled, as a matter of right, to the Client File. Moreover, the Liquidating Trustee believes that the Client File contains necessary records and information for the Liquidating Trustee to complete the investigation of the Debtor's financial affairs, claims and causes of action.

14. Upon receipt of the Client File, the Liquidating Trustee may also require the oral examination of Fink in order to complete his investigation of the Debtor's financial affairs.

## BASIS FOR REQUESTED RELIEF

15. Rule 2004 allows parties in interest to inquire into "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

16. Pursuant to the Plan, the Trust, the Bankruptcy Code and applicable law, the Client File is property of the Trust. Moreover, the Liquidating Trustee now holds Ark's attorney client privilege. *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986 (1985). Accordingly, Fink has a duty to turn over the Client File to the Liquidating Trustee who, by operation of applicable law, controls the attorney-client relationship of the Debtor.

17. The standard for determining the propriety of an examination request under Rule 2004 is "good cause." *In re Davis*, 452 B.R. 610, 617 (Bankr. E.D. Mich. 2011). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Id.*

18. "A court must also balance the examiner's interest against the subject's interest in avoiding the cost and burden of disclosure." *Id.* (internal quotations omitted); *see also In re Gillespie*, 2023 WL 4549561, at *2.

19. Good cause exists for entry of an order directing Fink to produce the Client File, as well as any other records that Fink may have in his possession and control related to the Debtor[1] pursuant to Rule 2004 and to appear for oral examination. The information the Liquidating Trustee seeks to discover will assist in ascertaining a complete understanding of the Debtor's financial affairs.

20. Notice of this Motion has been given to: (a) the Office of the United States Trustee for this District; (b) those persons who have requested electronic notice pursuant to the Federal Rules of Bankruptcy Procedure, and (c) Fink. In light

---

[1] For purposes of what records the Liquidating Trustee is seeking turnover of as part of the Client File, the term "records" shall be given the broadest definition and include, among other things, emails, texts, correspondence, pleadings, memoranda, drafts, notes and any other written or electronic document, touching on or related to the Debtor in Fink's possession or control (collectively, the "<u>Records</u>").

of the nature of the relief requested, the Liquidating Trustee requests that this Court finds the notice provided for herein sufficient under the circumstances.

**WHEREFORE,** the Liquidating Trustee respectfully requests that this Court enter an order: (a) directing Fink to turn over a complete copy of the Client File, and all Records; (b) authorizing the Liquidating Trustee, in his discretion, to issue a notice of deposition for oral examination of David H. Fink pursuant to Rule 2004, and (c) grant any and all other just and equitable relief justified in this matter.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: February 12, 2024

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Attorneys for Paul R. Hage solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust*

# EXHIBIT A

**PROPOSED ORDER DIRECTING DAVID H. FINK OF FINK BRESSACK TO (I) PRODUCE DOCUMENTS AND,
(II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## PROPOSED ORDER DIRECTING DAVID H. FINK OF FINK BRESSACK TO PRODUCE DOCUMENTS AND, IF NECESSARY, DIRECTING DAVID H. FINK TO APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE

THIS MATTER came before the court on the *Motion of Paul R. Hage, Solely in His Capacity as the Liquidating Trustee of the Ark Laboratory Trust for Order Directing David H. Fink of Fink Bressack to (I) Produce Documents and (II) Appear for Oral Examination Pursuant To Rule 2004 Of The Federal Rules Of Bankruptcy Procedure* [ECF No. ___] (the "Motion"); the Liquidating Trustee[2] served notice of the Motion on Fink as well as all parties and creditors in interest receiving electronic notice in the above captioned bankruptcy matter as stated in the Certificate of Service filed with the Motion; no responses or objections having been timely filed or all such

---

[2] All capitalized terms shall have the meanings ascribed to them in the Motion unless expressly stated to the contrary herein.

objections having been overruled, the Court having read the same and being otherwise fully and duly advised in the premises;

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED.

2. Fink is hereby directed to turn over to the Client File, including the Records, that are in Fink's possession and/or control.

3. Fink shall deliver the Client File, including the Records, in digital and/or paper format to the attention of the Liquidating Trustee's counsel, Attn: Kimberly Ross Clayson, Taft Stettinius & Hollister, 27777 Franklin Rd., Suite 2500, Southfield, Michigan 48034; kclayson@taftlaw.com within seven (7) days of the entry of this Order.

4. The Liquidating Trustee is authorized to take Fink's oral examination upon seven (7) days' advance notice. The Liquidating Trustee will file a Notice of Deposition with the Court and serve same on Fink at least seven (7) days in advance of the proposed examination.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## NOTICE OF MOTION OF PAUL R. HAGE, SOLELY IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE ARK LABORATORY TRUST, FOR ORDER DIRECTING DAVID H. FINK OF FINK BRESSACK TO (I) PRODUCE DOCUMENTS, AND (II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE

Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "<u>Liquidating Trustee</u>"), has filed papers with the Court seeking entry of an *Order Directing David H. Fink of Fink Bressack to (I) Produce Documents and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, within fourteen (14) days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**United States Bankruptcy Court**
**211 West Fort Street, 17th Floor**
**Detroit, Michigan 48226**

2.  If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

> Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust
> c/o Judith Greenstone Miller and Kimberly Ross Clayson
> 27777 Franklin, Suite 2500
> Southfield, MI 48034
> (248) 351-3000
> jgmiller@taftlaw.com and kclayson@taftlaw.com

3.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: February 12, 2024

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com
*Attorneys for Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I caused a copy of:

*(i)* *Motion of Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust, for Order Directing David H. Fink of Fink Bressack to (I) Produce Documents, and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*;

*(ii)* *Notice of Motion of Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust, for Order Directing David H. Fink of Fink Bressack to (I) Produce Documents, and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*;

*(iii)* *Proposed Order Directing David H. Fink of Fink Bressack to (I) Produce Documents, and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*

*(iv)* and this *Certificate of Service*;

On all parties who are registered to receive electronic notification via the court's ECF filing system, including the Debtor's counsel, and the United States Trustee; and on the following individuals via US Mail first class, postage prepaid, and via electronic mail:

David H. Fink
Fink Bressack
38500 Woodward Ave. Suite 350
Bloomfield Hills, MI 48304

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: February 12, 2024  /s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Attorneys for Paul R. Hage Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust*