## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Ark Laboratory, LLC,

                Debtor.

Case No. 23-43403-mlo

Chapter 11

Hon. Maria L. Oxholm

## MOTION OF PAUL R. HAGE, SOLELY IN HIS CAPACITY AS THE LIQUIDATING TRUSTEE OF THE ARK LABORATORY TRUST, FOR AN ORDER DIRECTING ANDREW WACHLER OF WACHLER & ASSOCIATES, P.C. TO (I) PRODUCE DOCUMENTS AND (II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE

Paul R. Hage, solely in his capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "Liquidating Trustee"), through his undersigned counsel, states as follows for his *Motion for Order Directing Andrew Wachler of Wachler & Associates, P.C. to (I) Produce Documents and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Motion"):

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408. The Court also has constitutional jurisdiction over the relief sought in this Motion.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## REQUESTED RELIEF

3.      The Liquidating Trustee requests that this Court enter an order pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure ("Rule 2004") directing Andrew Wachler of Wachler & Associates, P.C. ("Wachler") to produce, and respond to inquiries related to, the records described below.

4.      The form of the proposed order is attached as **Exhibit 1** to the Motion.

5.      Ark Laboratory, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 12, 2023 (the "Petition Date").

6.      The Court confirmed the *Second Amended Plan of Liquidation of Ark Laboratory, LLC* [ECF No. 384] (the "Plan") on December 1, 2023, as reflected in the *Finding of Fact, Conclusions of Law and Order (I) Granting Final Approval of the Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* [ECF 392] (the "Confirmation Order").

7.      The Plan provided for, among other things, the establishment of the Ark Laboratory Trust (the "Trust"). Pursuant to the Plan and the Confirmation

Order, the Liquidating Trustee was appointed to serve as the trustee of the Trust on the Effective Date of the Plan.

8. The Effective Date of the Plan occurred on December 14, 2023, as reflected in the *Notice of Occurrence of Effective Date of Confirmed Second Amended Plan of Liquidation* [ECF No. 413].

9. As a result of the occurrence of the Effective Date, all of the Debtor's assets have been transferred to the Trust and are being administered by the Liquidating Trustee.

10. The Liquidating Trustee has sole power to exercise the powers and duties set forth in the Liquidating Trust Agreement including, among other things, to investigate the Debtor's financial affairs and any claims and causes of action of the Debtor that were preserved under the Plan.

11. The Debtor's business records disclose that Wachler served as the Debtor's legal counsel for certain periods prior to the Petition Date related to matters that the Liquidating Trustee seeks to investigate.

12. In January, counsel for the Liquidating Trustee had a telephone call with Wachler to discuss the status of Ark's bankruptcy proceeding and the appointment of the Liquidating Trustee. During that telephone call, counsel

requested that he turn over the Debtor's client file (the "<u>Client File</u>").[1] Wachler responded that he needed more time to produce the Client File to the Liquidating Trustee. Approximately two weeks later, on February 7, 2024, counsel sent an email to Wachler to follow up on the status of production of the Client File and received no response.

13. On or about February 12, 2024, counsel for the Liquidating Trustee made another telephone call to Wachler to request the Client File and Wachler once again requested more time for production of the Client File. On the same day, counsel for the Liquidating Trustee sent a written demand letter to Wachler directing the production of the Client File on or before March 1, 2024.

14. After several telephone calls to Wachler following March 1, 2024, on or about March 13, 2024, he responded and only produced 45 court pleadings and nothing else.[2]

---

[1] For purposes of what records the Liquidating Trustee is seeking turnover of as part of the Client File, the term "records" shall be given the broadest definition and include, among other things, emails, texts, correspondence, pleadings, memoranda, drafts, notes and any other written or electronic document, touching on or related to the Debtor in Wachler's possession or control including but not limited to files that involve the joint representation of the Debtor and its principal, James A. Grossi (collectively, the "<u>Records</u>").

[2] Counsel for the Liquidating Trustee last called Wachler on March 20, 2024 and received his email response on March 21, 2024 indicating that he is out of town but that he was working with an office assistant on the production and would produce additional records next week - a justification that he has previously used without

15.     As of the filing of this Motion, Wachler has not supplemented his initial production or agreed to do so.

16.     The Liquidating Trustee is entitled to the Client File. The Liquidating Trustee believes that the Client File contains necessary records and information for the Liquidating Trustee to complete the investigation of the Debtor's financial affairs, claims and causes of action.

17.     Upon receipt of the Client File, the Liquidating Trustee may also require the oral examination of Wachler in order to complete his investigation of the Debtor's financial affairs.

## **BASIS FOR REQUESTED RELIEF**

18.     Rule 2004 allows parties in interest to inquire into the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed.R.Bankr.P. 2004(a).

19.     Pursuant to the Plan, the Trust, the Bankruptcy Code and applicable law, the Liquidating Trustee is the successor to Ark and the Client File is property of the Trust. The Liquidating Trustee now controls Ark's attorney client privilege. *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986

---

follow through in response to the Liquidating Trustee's prior requests for production of the Client File.

(1985).   Accordingly, Wachler has a duty to turn over the Client File to the Liquidating Trustee.

20.     The standard for determining the propriety of an examination request under Rule 2004 is "good cause." *In re Davis*, 452 B.R. 610, 617 (Bankr. E.D. Mich. 2011). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Id.*

21.     Good cause exists for entry of an order directing Wachler to produce the Client File, as well as any other records that Wachler may have in his possession and control related to the Debtor pursuant to Rule 2004 and to appear for oral examination. The information that he Liquidating Trustee seeks to discover will him ascertain a complete understanding of the Debtor's financial affairs and will assist in investigating potential causes of action that could be pursued for the benefit of creditors of the estate.[3]

22.     Notice of this Motion has been given to: (a) the Office of the United States Trustee for this District; (b) those persons who have requested electronic notice pursuant to the Federal Rules of Bankruptcy Procedure, and (c) Wachler.  In

---

[3] If Wachler promptly produces the complete Client File before the deadline to respond to the relief requested herein, the Liquidating Trustee will withdraw this Motion.

light of the nature of the relief requested, the Liquidating Trustee submits that the notice provided for herein is sufficient under the circumstances.

**WHEREFORE,** the Liquidating Trustee respectfully requests that this Court enter an order: (a) directing Wachler to turn over a complete copy of the Client File and all Records; (b) authorizing the Liquidating Trustee, in his discretion, to issue a notice of deposition for oral examination of Andrew Wachler pursuant to Rule 2004, and (c) grant any and all other just and equitable relief justified in this matter.

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: March 22, 2024

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com

*Attorneys for Paul R. Hage Solely in his*
*Capacity as the Liquidating Trustee of*
*the Ark Laboratory Trust*

## EXHIBIT 1

**PROPOSED ORDER DIRECTING ANDREW WACHLER OF WACHLER
& ASSOCIATES P.C. TO (I) PRODUCE DOCUMENTS AND,
(II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-43403-mlo |
| Ark Laboratory, LLC, | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

## ORDER DIRECTING ANDREW WACHLER OF WACHLER & ASSOCIATES P.C. TO (I) PRODUCE DOCUMENTS, AND (II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE

THIS MATTER came before the court on the *Motion of Paul R. Hage, Solely in His Capacity as the Liquidating Trustee of the Ark Laboratory Trust for Order Directing Andrew Wachler of Wachler & Associates P.C. to (I) Produce Documents and (II) Appear for Oral Examination Pursuant To Rule 2004 of The Federal Rules of Bankruptcy Procedure* [ECF No. ___] (the "Motion"); the Liquidating Trustee[4] having provided sufficient notice of the Motion; no responses or objections having been timely filed or all such objections having been overruled, the Court having read the same and being otherwise fully and duly advised in the premises;

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

---

[4] All capitalized terms shall have the meanings ascribed to them in the Motion unless expressly stated to the contrary herein.

1.     The Motion is GRANTED.

2.     Wachler is hereby directed to turn over to the Liquidating Trustee the Client File, including the Records, that are in Wachler's possession and/or control.

3.     Wachler shall deliver the Client File, including the Records, in digital and/or paper format to the attention of the Liquidating Trustee's counsel, Attn: Kimberly Ross Clayson, Taft Stettinius & Hollister, 27777 Franklin Rd., Suite 2500, Southfield, Michigan 48034; kclayson@taftlaw.com within seven days of the entry of this Order.

4.     The Liquidating Trustee is authorized to take Wachler's oral examination upon seven days' advance notice. The Liquidating Trustee will file a Notice of Deposition with the Court and serve same on Wachler at least seven days in advance of the proposed examination.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Ark Laboratory, LLC,

Debtor.

Case No. 23-43403-mlo

Chapter 11

Hon. Maria L. Oxholm

**NOTICE OF MOTION OF PAUL R. HAGE, SOLELY IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE ARK LABORATORY TRUST, FOR ORDER DIRECTING ANDREW WACHLER OF WACHLER & ASSOCIATES P.C. TO (I) PRODUCE DOCUMENTS, AND (II) APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF <u>THE FEDERAL RULES OF BANKRUPTCY PROCEEDURE</u>**

Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "<u>Liquidating Trustee</u>"), has filed papers with the Court seeking entry of an *Order Directing Andrew Wachler of Wachler & Associates P.C. to (I) Produce Documents and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.*

> **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, within fourteen (14) days, you or your attorney must:

    1.    File with the court a written response or an answer, explaining your position at:[1]

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**United States Bankruptcy Court**
**211 West Fort Street, 17th Floor**
**Detroit, Michigan 48226**

2. If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

> Taft, Stettinius & Hollister, LLP
> Attn: Kimberly Ross Clayson &
> Judith Greenstone Miller
> 27777 Franklin, Suite 2500
> Southfield, MI 48034
> (248) 351-3000
> kclayson@taftlaw.com
> jgmiller@taftlaw.com

3. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: March 22, 2024          /s/ Kimberly Ross Clayson
                              Kimberly Ross Clayson (P69804)
                              Judith Greenstone Miller (P29208)
                              27777 Franklin, Suite 2500
                              Southfield, MI 48034
                              (248) 351-3000
                              kclayson@taftlaw.com
                              jgmiller@taftlaw.com

*Attorneys for Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust*

In re:

Ark Laboratory, LLC,

                Debtor.

Case No. 23-43403-mlo

Chapter 11

Hon. Maria L. Oxholm

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I caused a copy of the *Motion of Paul R. Hage, Solely in his Capacity as the Liquidating Trustee of the Ark Laboratory Trust, for Order Directing Andrew Wachler of Wachler & Associates P.C. to (I) Produce Documents, and (II) Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* on all parties who are registered to receive electronic notification via the court's ECF filing system and the Office of the United States Trustee; and on the following individuals via US Mail first class, postage prepaid, and via electronic mail:

Andrew Wachler
Wachler & Associates P.C.
210 E 3rd St. Ste. 204
Royal Oak, MI 48067-2638

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: March 22, 2024          /s/ Kimberly Ross Clayson
                               Kimberly Ross Clayson (P69804)
                               Judith Greenstone Miller (P29208)
                               27777 Franklin, Suite 2500
                               Southfield, MI 48034
                               (248) 351-3000
                               kclayson@taftlaw.com

                               *Attorneys for Paul R. Hage Solely in his*
                               *Capacity as the Liquidating Trustee of*
                               *the Ark Laboratory Trust*