# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  Case: 23-43403-MLO
        Chapter 11
ARK LABORATORY, LLC,  Hon. Maria L. Oxholm

    Debtor
_____/

### ORDER ALLOWING PAYMENT OF DEFENSE COSTS AND FEES UNDER SCOTTSDALE INDEMNITY COMPANY BUSINESS AND MANAGEMENT INDEMNIFICATION POLICY

Zousmer Law Group PLC ("Zousmer") and Saretsky Hart Michaels + Gould PC ("Saretsky"), as co-counsel for James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia") and Hamid Sattar ("Sattar" and collectively with Grossi, Tierney and Kiminaia, the "Individual Defendants"), each solely in their individual capacities, are seeking payment of their attorneys' fees and costs (collectively, "Defense Costs") incurred and to be incurred in defending the Individual Defendants in the Adversary Proceeding[1] commenced by Paul R. Hage, solely in his capacity as the Liquidating Trustee of the Ark Laboratory Trust (the "Trustee"), pursuant to a Business and Management Indemnity Policy issued by Scottsdale Indemnity Company ("Scottsdale") to the Debtor prior to the

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation Allowing Payment of Defense Costs and Fees Under the Scottsdale Indemnity Company Business and Management Indemnification Policy ("Stipulation") unless otherwise provided herein.

commencement of the chapter 11 case, Policy No. EK13461050 (the "Insurance Policy").

In addition, Saretsky is seeking the payment of its Defense Costs incurred and to be incurred in defending Grossi, Kiminaia and Liam Dillon ("Dillon" and, collectively with Grossi and Kiminaia, the "Oakland County Defendants" and, collectively with the Trustee and the Individual Defendants, the "Parties") in the Oakland County Litigation (collectively with the Adversary Proceeding, the "Pending Litigations").

The Parties have agreed to the interim payment of Defense Costs for the Pending Litigations under the Insurance Policy by Scottdale pursuant to provisions and subject to the reservations delineated below; the Court having read same and being otherwise fully and duly advised in this matter;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Scottsdale is hereby authorized to make payments to Zousmer and Saretsky (collectively "Defense Counsel") in the aggregate amount of up to and no more than Two Hundred and Thirty Thousand and 00/100 Dollars ($230,000.00) (the "Interim Cap") to cover their Defense Costs incurred in the Pending Litigations, subject first to a review of their invoices on a monthly basis for reasonableness by Scottsdale for fees and costs incurred up to and through August 15, 2024 (the "Interim Period"). Defense Counsel shall determine how to allocate the Interim Cap

between the Adversary Proceeding and the Oakland County Litigation during the Interim Period.

2. However, Zousmer and Saretsky shall advise the Trustee and his counsel on a monthly basis the amount of Defense Costs that have been approved and authorized to be paid to Zousmer and Saretsky on each of the Pending Litigations.

3. Defense Counsel shall record their time on a task-based basis to the 1/10 of the hour for both of the Pending Litigations with respect to each time entry for which they are seeking payment from Scottsdale.

4. This proposal is without prejudice for the Trustee to request that the Bankruptcy Court impose any additional protocols and/or limitations regarding payment of Defense Costs incurred after August 15, 2024 that he deems warranted, including, but not limited to, the right to review Defense Costs thereafter for reasonableness.

5. If the Adversary Proceeding does not settle at the mediation (that is currently scheduled to take place on August 14 and 15, 2024), Defense Counsel may negotiate another stipulated order and/or may file a motion on notice and opportunity pursuant to Federal Rule 9014 of the Federal Rules of Bankruptcy Procedure for payment of Defense Costs for both the Adversary Proceeding and the Oakland County Litigation, as set forth above.

6. Scottdale's payment of Defense Costs pursuant to this Order is deemed not to be in violation of section 362 of the Bankruptcy Code or any injunction entered by the Court in the above-captioned case.

7. The Individual Defendants, the Oakland County Defendants and Scottsdale continue to reserve their rights regarding whether the Insurance Policy and/or the insurance proceeds for Defense Costs under the Insurance Policy constitute assets of the Bankruptcy Estate. The Stipulation and this Order shall not be construed as an admission that the Insurance Policy and/or the proceeds of the Insurance Policy are or are not assets of the Bankruptcy Estate.

8. The payment of Defense Costs pursuant to this Order is without prejudice to any rights Scottsdale may have under the Insurance Policy.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed on May 2, 2024**



/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**