# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

    Debtor

_____/

Case: 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## SUPERSEDING ORDER ALLOWING PAYMENT OF DEFENSE COSTS AND FEES UNDER SCOTTSDALE INDEMNITY COMPANY BUSINESS AND MANAGEMENT INDEMNIFICATION POLICY

Zousmer Law Group PLC ("Zousmer") and Saretsky Hart Michaels + Gould PC ("Saretsky"), as co-counsel for James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia") and Hamid Sattar ("Sattar" and collectively with Grossi, Tierney and Kiminaia, the "Individual Defendants"), each solely in their individual capacities, are seeking payment of their attorneys' fees and costs (collectively, "Defense Costs") incurred and to be incurred in defending the Individual Defendants in the Adversary Proceeding[1] maintained by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Trustee"), pursuant to a Business and Management Indemnity Policy issued by Scottsdale Indemnity Company ("Scottsdale") to the Debtor prior to the commencement of the Chapter 11 Case, Policy No. EK13461050 (the "Insurance Policy").

In addition, Saretsky is seeking the payment of its Defense Costs incurred and to be incurred in defending Grossi and Liam Dillon ("Dillon" and, collectively with Grossi, the "Oakland County Defendants" and, collectively with the Trustee and the Individual Defendants,

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation Allowing Payment of Defense Costs and Fees Under the Scottsdale Indemnity Company Business and Management Indemnification Policy ("Stipulation") [ECF No. 607] unless otherwise stated to the contrary herein.

the "Parties") in the Oakland County Litigation (collectively with the Adversary Proceeding, the "Pending Litigations").

When the Parties entered into the Stipulation that was approved by the Court on May 2, 2024 pursuant to the Order Allowing Payment of Defense Cost and Fees Under the Scottsdale Indemnity Company Business and Management Indemnification Policy ("Initial Insurance Defense Order") [ECF No. 618] , a cap in the amount of $230,000.00 (the "Cap") was established for fees and costs incurred by the Individual Defendants in the Pending Litigations through August 15, 2024, based on the Parties having agreed to mediate the Adversary Proceeding on August 14 and 15, 2024 (the "Mediation").

The Mediation in the Adversary Proceeding was conducted with former Bankruptcy Court Judge Phillip Shefferly on August 14, 15, and 20, 2024; however, it did not resolve all pending claims in the Adversary Proceeding.

The Individual Defendants in the Adversary Proceeding and the Oakland County Defendants in the Oakland County Litigation seek removal of the Cap to enable them to pay their Defense Costs in the Pending Litigations.

Accordingly, the Parties have agreed to modify the Initial Insurance Defense Order to allow the payment of Defense Costs for the Pending Litigations under the Insurance Policy by Scottdale pursuant to provisions delineated below; the Court having read same and being otherwise fully and duly advised in this matter;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order supersedes the Initial Insurance Defense Order in its entirety, including, but not limited to the Cap referenced therein.

2. Scottsdale is hereby authorized to make payments to (a) Zousmer and Saretsky for

2

23-43403-mlo  Doc 668  Filed 09/10/24  Entered 09/10/24 14:33:21  Page 2 of 4

all Defense Costs incurred and to be incurred in the Adversary Proceeding, and (b) Saretsky for all Defense Costs incurred and to be incurred in the Oakland County Litigation.

3. Zousmer and Saretsky shall provide counsel for the Trustee with redacted copies of their invoices (redacted for privilege) for fees and costs incurred in the Adversary Proceeding contemporaneous with submitting such invoices to Scottsdale for payment, which counsel for the Trustee may review solely with respect to whether the services provided by Saretsky and Zousmer for which they seek payment relate to or were provided for the benefit of individuals identified as insured under the Insurance Policy.

4. Zousmer and Saretsky shall also notify counsel for the Trustee regarding the Defense Costs that have been approved and paid to Zousmer and Saretsky within two (2) days of having received payment from Scottsdale for Defense Costs paid in the Pending Litigations.

5. Scottdale's payment of Defense Costs pursuant to this Order is deemed not to be in violation of Section 362 of the Bankruptcy Code or any injunction entered by the Court in the above-captioned case.

6. The Trustee, the Individual Defendants to the Adversary Proceeding, the Oakland County Defendants and Scottsdale continue to reserve their rights regarding whether (a) the Insurance Policy and/or the insurance proceeds for Defense Costs under the Insurance Policy constitute assets of the Bankruptcy Estate, or (b) the claims raised in the Adversary Proceeding and/or the Oakland County Litigation are covered or, alternatively, excluded under the Insurance Policy, and nothing contained herein shall constitute an admission with respect thereto

7. The payment of Defense Costs pursuant to this Order is without prejudice to any rights Scottsdale may have under the Insurance Policy.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed on September 10, 2024**



/s/ Maria L. Oxholm
Maria L. Oxholm
United States Bankruptcy Judge