# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

                Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## CERTIFICATION OF NO OBJECTION REGARDING MOTION FOR ORDER ESTABLISHING PROCEDURES GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS

I, Judith Greenstone Miller, counsel for Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Trustee"), do hereby certify that:

(i)      The Trustee filed his *Motion to Establish Procedures Governing Avoidance Action Adversary Proceedings* [ECF No. 683] (the "Motion") with the Court on November 14, 2024.

(ii)     All parties listed on the creditor matrix and who have elected to receive electronic notice have received electronic notice of the Motion as stated in the certificate of service filed with the Motion at ECF No. 683.

(iii)    No objections to the Motion were made or filed by any party within the fourteen (14) day period contemplated in Local Bankruptcy Rule 2002(a).

(iv)    Subsequent to the filing of the Motion, Judge Oxholm's clerk contacted the Trustee's counsel requesting that the procedures, attached as

170306775v2

**Exhibit A** to the Motion, be incorporated into the proposed order to be submitted to the Court for entry.

(v)     Attached as **Exhibit 1** is the proposed order to be submitted to the Court for entry and attached as **Exhibit 2** is a red-lined version of the changes made between the original proposed order submitted with the Motion and the proposed order that the Trustee seeks to have entered by the Court. As the changes merely reflect what was already noticed out to parties as part of the Motion and no objections to the Motion were timely filed or asserted, no additional noticing is required in connection with the entry of the order attached as **Exhibit 1** hereto.

**WHEREFORE,** the Trustee respectfully requests that the Court grant the Motion by entering an Order in the form attached hereto as **Exhibit 1.**

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated:  December 16, 2024           By:     /s/ Judith Greenstone Miller
                                    Judith Greenstone Miller (P29208)
                                    Kimberly Ross Clayson (P69804)
                                    27777 Franklin Road, Suite 2500
                                    Southfield, Michigan 48034
                                    Phone: (248) 351-3000
                                    jgmiller@taftlaw.com
                                    kclayson@taftlaw.com

                                    *Counsel for Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

# EXHIBIT 1

## PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

           Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## ORDER ESTABLISHING PROCEDURES GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS

THIS MATTER having come before the Court[1] on the Trustee's *Motion to Establish Procedures Governing Avoidance Action Adversary Proceedings* [ECF No. 683] (the "Motion"), the Court, having reviewed and considered the Motion and objections to the Motion, if any, along with the statements and arguments of counsel during the hearing on the Motion; all objections, if any, having been withdrawn or denied; due notice having being given, is of the opinion that the Motion and Procedures should be approved.

Therefore, it is hereby ORDERED that:

(1)    The following Procedures are hereby approved and shall govern the Avoidance Action Adversary Proceedings:

---

[1] All capitalized terms contained herein shall have the meanings ascribed to them in the Motion unless otherwise stated to the contrary herein.

# I.   Applicability of Procedures

## A.   *General Applicability*

The Procedures set forth herein shall apply to all Avoidance Action Adversary Proceedings, except as otherwise provided below. The Procedures shall continue to govern the Avoidance Action Adversary Proceedings unless otherwise expressly provided herein or as otherwise expressly modified by order of the Court.

## B.   *Objections*

Any defendant may object to being subject to the Procedures by filing and serving a written objection within 21 days of being served with a summons and complaint. Upon receipt of a timely objection, the Court shall hear such objection at the next Omnibus Hearing and determine whether, and to what extent the Procedures shall apply to an objecting defendant. An objecting defendant has the burden of establishing good cause to be exempted from the Procedures.

## C.   *The Insider Cause of Action*

The Procedures shall not apply to the Insider Cause of Action.

# II.   Service of Procedures; Notices of Deadlines

At the time the Trustee serves a summons and copy of the complaint in any Avoidance Action Adversary Proceeding, except for the Insider Cause of Action, the Trustee shall simultaneously serve  on each defendant (i) a copy of the Procedures,  (ii) the Order approving the Procedures, (iii) a cover notice, and (iv) the Notice of Procedures.

# III.   Track One and Two.

The Avoidance Action Adversary Proceedings shall be mediated pursuant to two tracks based upon the monetary amount pled in the applicable complaint. Track One shall be cases where the amount sought is less than $50,000 and Track Two shall be cases where the amount sought is over $50,000.

# IV.   Discovery Matters & Protocol

## A.   *Continued Adversary Proceedings.*

All Avoidance Action Adversary Proceedings shall be deemed Continued Adversary Proceedings unless the named defendant(s) in the Avoidance Action Adversary Proceeding submits an Election Notice (defined below) in accordance with the Procedures. For all Continued Adversary Proceedings, the following provisions of the

Federal Rules of Civil Procedure (the "Rules") as adopted by the Bankruptcy Rules shall be modified as follows:

(1) *Suspension of Certain Rule 26 Requirements*
Parties to Continued Adversary Proceedings **do not** need to file Rule 26(f) reports.

(2) *Informal Discovery*
Parties to a Continued Adversary Proceeding may engage in informal discovery by exchanging information to facilitate settlement. During this period, the parties may <u>not</u> take depositions or serve formal discovery requests on each other including, but not limited to, requests for production of documents; interrogatories; or requests for admissions (collectively, "<u>Discovery Requests</u>").

(3) The Trustee shall inform the Court of the status of Continued Adversary Proceedings on or before each Omnibus Hearing date.

B. *Disputed Adversary Proceedings.*

(1) <u>Election Notice</u>
Any defendant may seek to elect to deem a Continued Adversary Proceeding a Disputed Adversary Proceeding by filing a motion, upon a showing of good cause with the Court (the "<u>Opt-Out Motion</u>"), upon notice and opportunity to all counsel of record in the Continued Adversary Proceeding.

If the Court grants the Opt-Out Motion, such opt out election shall be binding on all parties to the Continued Adversary Proceeding, and any Continued Adversary Proceeding in which an Opt-Out Motion has been granted, after which a Continued Adversary Proceeding shall be considered a Disputed Adversary Proceeding, subject to the scheduling and discovery guidelines set forth below.

(2) <u>Modified Rule 26 Requirements</u>
Parties to Disputed Adversary Proceedings are not required to participate in a Rule 26(f) discovery conference or file a Rule 26(f) discovery report with the Court.

Parties to Disputed Adversary Proceedings shall file and serve initial disclosures under Rule 26(a) within 30 days from the date an Election Notice is served in accordance with the Procedures (the "<u>Initial Disclosure Date</u>").

(3)   <u>Discovery Schedule</u>
All written and oral fact discovery shall be completed within 6 months of the Initial Disclosure Date (the "<u>Discovery Deadline</u>") without prejudice to any party to a Disputed Adversary Proceeding requesting an extension of the Discovery Deadline.

(4)   <u>Initial Pretrial Conference</u>
A Disputed Adversary Proceeding shall be set for an initial pretrial status hearing (the "<u>Pretrial Status Hearing</u>") at the first Omnibus Hearing that is at least 14 days after the Discovery Deadline. Upon the close of discovery, the Trustee shall promptly inform the Court and the defendant of such occurrence, and the proposed Pretrial Status Hearing date. Unless otherwise excused by the Court for good cause shown, all parties to Disputed Adversary Proceedings shall appear at the Pretrial Status Hearing.

## V.   Mediation

The parties to a Continued Adversary Proceeding are required to engage in good faith mediation, pursuant to the terms and conditions set forth below, within 90 days after the defendant files an answer to the complaint. The parties to a Disputed Adversary Proceeding may engage in facilitative mediation in accordance with E.D. Mich. LBR 7016-2, pursuant to the terms and conditions set forth below, at any time after the defendant files an answer to the complaint.

*A.   Location*
Mediations shall be held at a location selected by the mediator or virtually through video conference.

*B.   Mediation Cost*
The cost of mediation shall be split equally between the defendant and the estate. The mediator's fees are fixed as follows:

Track One: $1,500 per party per case.
Track Two: $3,000 per party per case.

Each party shall pay its portion of the mediator's fee before the commencement of the mediation. The parties shall pay the mediator's reasonable expenses, pro rata and per case, within 14 days after billing by the mediator. The total fees and expenses of the mediator shall be paid by any party that cancels with less than 24 hours' notice or that fails to appear at a mediation.

## C.  *Mediators*

Continued Adversary Proceedings and Disputed Adversary Proceedings shall be mediated by a mediator listed on the approved list of mediators on the Court's webpage without seeking approval from the Court.

(1)  <u>Participation in Mediation</u>
Parties who participate in mediation shall do so as scheduled and in good faith, with a view toward reaching a consensual resolution. Each mediation shall be attended in person or virtually (as determined by the mediator) by a representative of the parties with full settlement authority and by counsel for the defendant, if the defendant is represented by legal counsel, as well as counsel for the Trustee and the Trustee.

(2)  <u>Mediator's Directives</u>
The mediator, in a separate document or other communication that will <u>not</u> be filed with the Court, may require that the parties provide him or her with relevant papers and exhibits, position statements, and settlement proposals for use during mediation. The mediator may continue a mediation that has been commenced if the mediator determines that a continuation is in the best interests of the parties. The mediator may establish such other procedures as the mediator deems appropriate in accordance with E.D. Mich. LBR 7016-2.

(3)  <u>Failure to Appear</u>
Upon notice and a hearing, a party's failure to appear at Mediation may result in a default judgment and/or sanctions. The mediator shall promptly file a notice with the Court when any party fails to appear at Mediation.

## D.  *Confidential Settlement Communications*

Under Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications between and among the parties and

the mediator in connection with mediation will be confidential and inadmissible at trial.

### E. Report on Mediation

The Mediator shall file a report at the conclusion of mediation stating whether the Continued Adversary Proceeding or the Disputed Adversary Proceeding has or has not settled. Additionally, the Trustee will advise the Court of the results of all concluded mediations at each regularly scheduled Omnibus Hearing as set forth below.

### F. Conflict of Interest

If a proposed Mediator's law firm represents any creditor or party in interest in the Chapter 11 Case, then such proposed Mediator shall not be eligible to serve as a mediator for an Avoidance Action Adversary Proceeding.

### G. Failure to Achieve Settlement of a Continued Adversary Proceeding at Mediation

If the parties to a Continued Adversary Proceeding are unable to resolve and to settle the claims subject to the Avoidance Action Adversary Proceeding at mediation, the Continued Adversary Proceeding shall be treated as a Disputed Adversary Proceeding.

## VI. Omnibus Status & Motion Hearings

The Court shall hold regular Omnibus Hearings in connection with Adversary Proceedings, at which time the Trustee will present a status report on the Adversary Proceedings generally, and during which all substantive motions will be heard, unless the Court schedules another time for a particular motion.

### A. Omnibus Hearing Dates

As soon as practicable after the filing of the Avoidance Action Adversary Proceedings, the Trustee shall request from the Court Omnibus Hearing dates and serve a notice of the Omnibus Hearing dates on each of the defendants and their counsel.

Future Omnibus Hearings may be scheduled by the Court on an as-needed basis. Matters requiring a hearing in an Avoidance Action Adversary Proceeding shall be set for, and heard on, an Omnibus Hearing date unless the Court independently sets a different date, or upon a motion to the Court by any party for good cause shown.

### B. Appearances at Omnibus Hearings

Defendants are <u>not</u> required to appear at the Omnibus Hearings unless:

(1)     such defendants have made a request for relief from the Court that will be heard at the Omnibus Hearing;

(2)     the Trustee has made a request for relief against a defendant that will be heard at the scheduled Omnibus Hearing and such defendant intends to contest that relief; or

(3)     the Court has directed the defendant to appear.

*C.     Trustee's Reports to the Court for Status & Motion Hearings*
Before each Omnibus Hearing, the Trustee will submit a chart summarizing all open Avoidance Action Adversary Proceedings (the "Preference Status Chart") to the Court. The Trustee shall deliver the Preference Status Chart to the Court two days prior to the Omnibus Hearing.

Unless otherwise provided by separate order of the Court, the Trustee will inform the Court of the status of each Avoidance Action Adversary Proceeding at every Omnibus Hearing through the Preference Status Chart.

## VII.   Miscellaneous Provisions

*A.     Conflicts*
Except as to Avoidance Action Adversary Proceedings that have been excepted from the Procedures and/or to the extent any conflict arises between the Procedures and any other applicable rules, the Procedures shall control with respect to Avoidance Action Adversary Proceedings.

*B.     Extending Deadlines & Modifications*
Other than as provided in the Procedures, the deadlines and other provisions contained in the Procedures may only be extended or modified by the Court upon written motion and for good cause shown. Good cause for extending or modifying a deadline shall include the consent of the parties. Nothing contained in the Procedures shall prejudice the rights of any party to seek an order (a) limiting or expanding notice of, and hearings related to, such filings upon a showing of good cause; or (b) enlarging or reducing any time period under Bankruptcy Rule 9006(b) or (c).

*C.     Relief from Procedures*
None of the Procedures shall prevent any party to an Avoidance Action Adversary Proceeding from seeking relief from the provisions

of the Procedures by appropriate motion to the Court upon a showing of good cause.

### D.   *Exchanging Documents & Information*

None of the Procedures shall prevent the parties to an Avoidance Action Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time. Voluntary exchanges of information shall not be construed as a waiver of any of the requirements or limitations contained in the Procedures.

### E.   *Construction*

The Procedures shall be construed by the parties in a manner that promotes the most expeditious and economical resolution of the Avoidance Action Adversary Proceedings and administration of the bankruptcy case.

### F.   *Service of Procedures*

The Trustee shall serve a copy of the Procedures and the Order Approving the Procedures on each defendant in each Avoidance Action Adversary Proceeding and on any defendant in subsequently filed Avoidance Action Adversary Proceedings by U.S. mail, postage prepaid.

(2)     The Notice of Procedures, attached to the Motion as **Exhibit B**, is hereby approved.

(3)     The Trustee shall serve a copy of this Order, along with a copy of the Notice of Procedures, on each defendant to an Avoidance Action Adversary Proceeding, along with a copy of the summons and complaint in the relevant Avoidance Action Adversary Proceeding.

**EXHIBIT 2**

**RED-LINED VERION OF PROPOSED ORDER AS AGAINST PROPOSED ORDER SUBMITTED WITH THE MOTION**

170306775v2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
         Debtor.                              Hon. Maria L. Oxholm
_____/

**ORDER ESTABLISHING PROCEDURES GOVERNING**
**AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

     THIS MATTER having come before the Court[2] on the Trustee's *Motion to Establish Procedures Governing Avoidance Action Adversary Proceedings* [ECF No. __] (the "Motion"), the Court, having reviewed and considered the Motion and objections to the Motion, if any, along with the statements and arguments of counsel during the hearing on the Motion; all objections, if any, having been withdrawn or denied; due notice having being given, is of the opinion that the Motion and Procedures should be approved.

     Therefore, it is hereby ORDERED that:

     (1)    The following Procedures, attached to the Motion as **Exhibit A,** are hereby approved; and shall govern the Avoidance Action Adversary Proceedings:

_____

[2] All capitalized terms contained herein shall have the meanings ascribed to them in the Motion unless otherwise stated to the contrary herein.

## I.  Applicability of Procedures

- A.  *General Applicability*
The Procedures set forth herein shall apply to all Avoidance Action Adversary Proceedings, except as otherwise provided below. The Procedures shall continue to govern the Avoidance Action Adversary Proceedings unless otherwise expressly provided herein or as otherwise expressly modified by order of the Court.

- B.  *Objections*
Any defendant may object to being subject to the Procedures by filing and serving a written objection within 21 days of being served with a summons and complaint. Upon receipt of a timely objection, the Court shall hear such objection at the next Omnibus Hearing and determine whether, and to what extent the Procedures shall apply to an objecting defendant. An objecting defendant has the burden of establishing good cause to be exempted from the Procedures.

C.  *The Insider Cause of Action*
The Procedures shall not apply to the Insider Cause of Action.

## II.  Service of Procedures; Notices of Deadlines

At the time the Trustee serves a summons and copy of the complaint in any Avoidance Action Adversary Proceeding, except for the Insider Cause of Action, the Trustee shall simultaneously serve on each defendant (i) a copy of the Procedures,  (ii) the Order approving the Procedures, (iii) a cover notice, and (iv) the Notice of Procedures.

## III.  Track One and Two.

The Avoidance Action Adversary Proceedings shall be mediated pursuant to two tracks based upon the monetary amount pled in the applicable complaint. Track One shall be cases where the amount sought is less than $50,000 and Track Two shall be cases where the amount sought is over $50,000.

## IV.  Discovery Matters & Protocol

- A.  *Continued Adversary Proceedings.*
All Avoidance Action Adversary Proceedings shall be deemed Continued Adversary Proceedings unless the named defendant(s) in the Avoidance Action Adversary Proceeding submits an Election Notice (defined below) in accordance with the Procedures. For all

Continued Adversary Proceedings, the following provisions of the Federal Rules of Civil Procedure (the "Rules") as adopted by the Bankruptcy Rules shall be modified as follows:

(1) *Suspension of Certain Rule 26 Requirements*
Parties to Continued Adversary Proceedings **do not** need to file Rule 26(f) reports.

(2) *Informal Discovery*
Parties to a Continued Adversary Proceeding may engage in informal discovery by exchanging information to facilitate settlement. During this period, the parties may not take depositions or serve formal discovery requests on each other including, but not limited to, requests for production of documents; interrogatories; or requests for admissions (collectively, "Discovery Requests").

(3) The Trustee shall inform the Court of the status of Continued Adversary Proceedings on or before each Omnibus Hearing date.

B. *Disputed Adversary Proceedings.*

- (1) Election Notice
Any defendant may seek to elect to deem a Continued Adversary Proceeding a Disputed Adversary Proceeding by filing a motion, upon a showing of good cause with the Court (the "Opt-Out Motion"), upon notice and opportunity to all counsel of record in the Continued Adversary Proceeding.

  If the Court grants the Opt-Out Motion, such opt out election shall be binding on all parties to the Continued Adversary Proceeding, and any Continued Adversary Proceeding in which an Opt-Out Motion has been granted, after which a Continued Adversary Proceeding shall be considered a Disputed Adversary Proceeding, subject to the scheduling and discovery guidelines set forth below.

(2) Modified Rule 26 Requirements
Parties to Disputed Adversary Proceedings are not required to participate in a Rule 26(f) discovery conference or file a Rule 26(f) discovery report with the Court.

Parties to Disputed Adversary Proceedings shall file and serve initial disclosures under Rule 26(a) within 30 days from the date an Election Notice is served in accordance with the Procedures (the "Initial Disclosure Date").

- (3) Discovery Schedule
All written and oral fact discovery shall be completed within 6 months of the Initial Disclosure Date (the "Discovery Deadline") without prejudice to any party to a Disputed Adversary Proceeding requesting an extension of the Discovery Deadline.

(4) Initial Pretrial Conference
A Disputed Adversary Proceeding shall be set for an initial pretrial status hearing (the "Pretrial Status Hearing") at the first Omnibus Hearing that is at least 14 days after the Discovery Deadline. Upon the close of discovery, the Trustee shall promptly inform the Court and the defendant of such occurrence, and the proposed Pretrial Status Hearing date. Unless otherwise excused by the Court for good cause shown, all parties to Disputed Adversary Proceedings shall appear at the Pretrial Status Hearing.

## V. Mediation

The parties to a Continued Adversary Proceeding are required to engage in good faith mediation, pursuant to the terms and conditions set forth below, within 90 days after the defendant files an answer to the complaint. The parties to a Disputed Adversary Proceeding may engage in facilitative mediation in accordance with E.D. Mich. LBR 7016-2, pursuant to the terms and conditions set forth below, at any time after the defendant files an answer to the complaint.

A. Location
Mediations shall be held at a location selected by the mediator or virtually through video conference.

B. Mediation Cost
The cost of mediation shall be split equally between the defendant and the estate. The mediator's fees are fixed as follows:

Track One: $1,500 per party per case.
Track Two: $3,000 per party per case.

Each party shall pay its portion of the mediator's fee before the commencement of the mediation. The parties shall pay the mediator's reasonable expenses, pro rata and per case, within 14 days after billing by the mediator. The total fees and expenses of the mediator shall be paid by any party that cancels with less than 24 hours' notice or that fails to appear at a mediation.

C.      *Mediators*
Continued Adversary Proceedings and Disputed Adversary Proceedings shall be mediated by a mediator listed on the approved list of mediators on the Court's webpage without seeking approval from the Court.

    (1)    Participation in Mediation
Parties who participate in mediation shall do so as scheduled and in good faith, with a view toward reaching a consensual resolution. Each mediation shall be attended in person or virtually (as determined by the mediator) by a representative of the parties with full settlement authority and by counsel for the defendant, if the defendant is represented by legal counsel, as well as counsel for the Trustee and the Trustee.

    (2)    Mediator's Directives
The mediator, in a separate document or other communication that will not be filed with the Court, may require that the parties provide him or her with relevant papers and exhibits, position statements, and settlement proposals for use during mediation. The mediator may continue a mediation that has been commenced if the mediator determines that a continuation is in the best interests of the parties. The mediator may establish such other procedures as the mediator deems appropriate in accordance with E.D. Mich. LBR 7016-2.

    (3)    Failure to Appear
Upon notice and a hearing, a party's failure to appear at Mediation may result in a default judgment and/or sanctions. The mediator shall promptly file a notice with the Court when any party fails to appear at Mediation.

D.      *Confidential Settlement Communications*
Under Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications between and among the parties and

the mediator in connection with mediation will be confidential and inadmissible at trial.

*E.      Report on Mediation*
The Mediator shall file a report at the conclusion of mediation stating whether the Continued Adversary Proceeding or the Disputed Adversary Proceeding has or has not settled. Additionally, the Trustee will advise the Court of the results of all concluded mediations at each regularly scheduled Omnibus Hearing as set forth below.

*F.      Conflict of Interest*
If a proposed Mediator's law firm represents any creditor or party in interest in the Chapter 11 Case, then such proposed Mediator shall not be eligible to serve as a mediator for an Avoidance Action Adversary Proceeding.

*G.      Failure to Achieve Settlement of a Continued Adversary Proceeding at Mediation*
If the parties to a Continued Adversary Proceeding are unable to resolve and to settle the claims subject to the Avoidance Action Adversary Proceeding at mediation, the Continued Adversary Proceeding shall be treated as a Disputed Adversary Proceeding.

## VI.    Omnibus Status & Motion Hearings

The Court shall hold regular Omnibus Hearings in connection with Adversary Proceedings, at which time the Trustee will present a status report on the Adversary Proceedings generally, and during which all substantive motions will be heard, unless the Court schedules another time for a particular motion.

- *A.      Omnibus Hearing Dates*
As soon as practicable after the filing of the Avoidance Action Adversary Proceedings, the Trustee shall request from the Court Omnibus Hearing dates and serve a notice of the Omnibus Hearing dates on each of the defendants and their counsel.

Future Omnibus Hearings may be scheduled by the Court on an as-needed basis. Matters requiring a hearing in an Avoidance Action Adversary Proceeding shall be set for, and heard on, an Omnibus Hearing date unless the Court independently sets a different date, or upon a motion to the Court by any party for good cause shown.

*B.      Appearances at Omnibus Hearings*
Defendants are not required to appear at the Omnibus Hearings unless:

- (1)    such defendants have made a request for relief from the Court that will be heard at the Omnibus Hearing;

- (2)    the Trustee has made a request for relief against a defendant that will be heard at the scheduled Omnibus Hearing and such defendant intends to contest that relief; or

- (3)    the Court has directed the defendant to appear.

*C.*     *Trustee's Reports to the Court for Status & Motion Hearings*
Before each Omnibus Hearing, the Trustee will submit a chart summarizing all open Avoidance Action Adversary Proceedings (the "Preference Status Chart") to the Court. The Trustee shall deliver the Preference Status Chart to the Court two days prior to the Omnibus Hearing.

Unless otherwise provided by separate order of the Court, the Trustee will inform the Court of the status of each Avoidance Action Adversary Proceeding at every Omnibus Hearing through the Preference Status Chart.

## VII.    Miscellaneous Provisions

*A.*     *Conflicts*
Except as to Avoidance Action Adversary Proceedings that have been excepted from the Procedures and/or to the extent any conflict arises between the Procedures and any other applicable rules, the Procedures shall control with respect to Avoidance Action Adversary Proceedings.

*B.*     *Extending Deadlines & Modifications*
Other than as provided in the Procedures, the deadlines and other provisions contained in the Procedures may only be extended or modified by the Court upon written motion and for good cause shown. Good cause for extending or modifying a deadline shall include the consent of the parties. Nothing contained in the Procedures shall prejudice the rights of any party to seek an order (a) limiting or expanding notice of, and hearings related to, such filings upon a showing of good cause; or (b) enlarging or reducing any time period under Bankruptcy Rule 9006(b) or (c).

*C.*     *Relief from Procedures*
None of the Procedures shall prevent any party to an Avoidance Action Adversary Proceeding from seeking relief from the provisions

of the Procedures by appropriate motion to the Court upon a showing of good cause.

**D.** *Exchanging Documents & Information*

None of the Procedures shall prevent the parties to an Avoidance Action Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time. Voluntary exchanges of information shall not be construed as a waiver of any of the requirements or limitations contained in the Procedures.

**E.** *Construction*

The Procedures shall be construed by the parties in a manner that promotes the most expeditious and economical resolution of the Avoidance Action Adversary Proceedings and administration of the bankruptcy case.

**F.** *Service of Procedures*

The Trustee shall serve a copy of the Procedures and the Order Approving the Procedures on each defendant in each Avoidance Action Adversary Proceeding and on any defendant in subsequently filed Avoidance Action Adversary Proceedings by U.S. mail, postage prepaid.

(2)     The Notice of Procedures, attached to the Motion as **Exhibit B**, is hereby approved~~; and~~.

(3)     The Trustee shall serve a copy of ~~the Procedures~~this Order, along with a copy of the Notice of Procedures, on each defendant to an Avoidance Action Adversary Proceeding, along with a copy of the summons and complaint in the relevant Avoidance Action Adversary Proceeding.

| Summary report: Litera Compare for Word 11.8.0.56 Document comparison done on 11/18/2024 3:45:04 PM | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/135902800/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/135902800/3 | |
| **Changes:** | |
| Add | 88 |
| Delete | 4 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 92 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

           Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated: December 16, 2024

By:   /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*