# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

     Debtor.

_____/

Case No. 23–43403–MLO
Chapter 11
Hon. Maria L. Oxholm

## SUCCESSOR TRUSTEE'S MOTION TO APPROVE (I) SETTLEMENT OF INSIDER CAUSES OF ACTION AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Successor Trustee"), by and through his undersigned counsel, brings this *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[1] and respectfully states as follows:

---

[1] References to specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __." Similarly, references to specific chapters of 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

## Introduction

1.      By this Motion, the Successor Trustee seeks entry of orders,[2] in this chapter 11 case, in the form attached hereto as **Exhibit 1A**, approving a settlement with all defendants[3] in the adversary proceeding, *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James H. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Insider Causes of Action" or the "Adversary Proceeding") pending before this Court, as set forth in the *Settlement Agreement* attached hereto as **Exhibit 6** (the "Settlement Agreement"). For the reasons set forth below, the Successor Trustee has exercised his business judgment and asserts that the settlement of the Adversary Proceeding, as memorialized in the

---

[2] As James Anthony Grossi ("Grossi"), principal of the Debtor at the time of the Debtor's bankruptcy filing and one of the defendants in the Adversary Proceeding, filed a voluntary petition under chapter 13, Case No. 25-43866 (the "Chapter 13 Case") on April 15, 2025, the Successor Trustee is seeking approval of the Settlement Agreement both in the Ark Laboratory, LLC chapter 11 case and in the Chapter 13 Case. A proposed order approving the Settlement Agreement in the Chapter 13 Case is attached as **Exhibit 1B**.

[3] As a result of the filing of the Chapter 13 Case by Grossi, the automatic stay precluded the taking of action by the Successor Trustee as to Grossi. On June 2, 2025, the Court held a hearing on a *Motion to Modify the Automatic Stay Under 11 U.S.C §362* [Grossi Chapter 13 ECF No. 13] filed by the Successor Trustee in the Chapter 13 Case that was granted by the Court. *See Order Modifying the Automatic Stay* [Grossi Chapter 13 ECF 37]. This Motion seeking approval of the settlement as to Grossi is also being filed in the Chapter 13 Case which, if approved by this Court, will resolve the Successor Trustee's claims against Grossi in the Adversary Proceeding and allow the Successor Trustee's claim in the Chapter 13 Case.

Settlement Agreement, is in the best interests of the Debtor's estate and, thus, it should be approved by the Court.

## Jurisdiction

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A. The Bankruptcy Case, Confirmation of the Chapter 11 Plan of Liquidation and Establishment of the Ark Laboratory Trust

4.  Ark Laboratory, LLC ("Ark" or the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") on April 12, 2023 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan ("Court").

5.  The Debtor filed, and the Court confirmed, the *Debtor's Second Amended Plan of Liquidation* ("Plan") [ECF No. 384] pursuant to the *Findings of Fact, Conclusions of Law and Order (I) Granting Final Approval of Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* (the "Confirmation Order") [ECF No. 392] entered on December 1, 2023, which Plan became effective on December 14, 2023 ("Plan Effective Date").

6.     As part of the confirmed Plan, The Ark Laboratory Trust, a liquidating trust (the "Trust"), was established on the Plan Effective Date, as evidenced by the Liquidating Trust Agreement and Declaration of Trust ("Initial Trust Agreement"), at which time, all of the remaining assets of the Debtor, including the Causes of Action[4] (which include the Avoidance Actions arising under chapter 5 of the Bankruptcy Code), were transferred to the Trust.

7.     The Initial Trust Agreement was subsequently amended pursuant to the First Amended and Restated Liquidating Trust Agreement and Declaration of Trust, approved by the Court ("Amended Trust Agreement" and, together with the Initial Trust Agreement, the "Trust Agreement") on July 9, 2024 pursuant to an *Order Granting Ex Parte Motion of Successor Trust to Approve Restated and First Amended Liquidation Trust Agreement and Declaration of Trust* [ECF No. 649].

8.     Paul R. Hage was appointed as the initial trustee of the Trust (the "Trustee") and, after he resigned, Jason W. Bank was appointed as the Successor Trustee of the Trust on July 2, 2024 pursuant to the Court's *Order (I) Approving the Appointment of Jason W. Bank as Successor Trustee of the Ark Laboratory Trust and (II) Granting Other Relief* [ECF No. 644].

---

[4] All capitalized terms not defined herein shall have the meanings provided in the Plan.

9.      Section 4.2.11 of the Trust Agreement authorizes the Successor Trustee, among other things, "to prosecute and/or settle any Causes of Action, with or without approval of the Bankruptcy Court . . . ."

**B.      The Commencement of the Adversary Proceeding**

10.     On December 22, 2023, the Trustee filed a 22-count Complaint against Grossi, Brian Tierney ("Tierney"), Norman Kiminaia ("Kiminaia"), Hamid Sattar ("Sattar"), the Tierney Family Trust Dated 12/21/2018, restated and amended and now known as Brian O. Tierney Living Trust Dated March 3, 2021 (the "Tierney Trust"), the Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and, collectively with the Tierney Trust, the "Trusts"), 2210/305, LLC ("2210/305"), ION Diagnostics, LLC ("ION Diagnostics") and ION Marketing, LLC ("ION Marketing" and collectively with Grossi, Tierney, Kiminaia, the Tierney Trust, the Kiminaia Trust, Sattar, 2210/305 and ION Diagnostics, the "Defendants" and together with the Trustee and the Successor Trustee, the "Parties"), asserting various causes of actions against the Defendants, including (i) avoidance and recovery of fraudulent conveyances under Sections 544, 548 and 550 of the Bankruptcy Code and the Michigan Voidable Transactions Act, M.C.L. §§ 566.31 *et seq.*, (ii) avoidance and recovery of preferential transfers under Sections 547 and 550 of the Bankruptcy Code, (iii) avoidance and recovery of post-petition transfers under Sections 549 and

5

550 of the Bankruptcy Code, (iv) equitable subordination under Sections 105 and 510 of the Bankruptcy Code, and (v) recharacterization (the "Initial Complaint").[5]

11.     The Initial Complaint was subsequently amended to add an additional count against Tierney, Grossi, Kiminaia and the Trusts for breaching the Debtor's Operating Agreement (the "Amended Complaint" and, together with the Initial Complaint, the "Complaint").

12.     Each of the Defendants filed answers to the Complaint denying any liability and asserting various affirmative defenses. Defendants asserted, among other things, that the Debtor was not insolvent and otherwise was sufficiently capitalized at the time of all transfers set forth in the Complaint.

13.     Prior to the commencement of the Chapter 11 Case, the Debtor purchased a Business and Management Indemnity Policy in the amount of $1million, Policy No. EK13461050 (the "Insurance Policy") from Scottsdale Indemnity

---

[5] On July 11, 2024, 2210/305 consented to entry of a default judgment against it for all claims asserted in the Adversary Proceeding and, thus, it is not a party to the Settlement Agreement. *See Stipulated Consent Judgment* [Adv. Pro. ECF 183].

Company (the "Insurer"), under which the Insurer has been paying defense costs for Grossi, Tierney, Kiminaia and Sattar.[6]

14. Upon information and belief, after payment of defense costs incurred in the Adversary Proceeding and the Oakland County Litigation, the Insurer has paid approximately $600,000 in defense fees and costs and, as a result thereof, approximately $400,000 remains available under the Insurance Policy for payment of additional defense fees and costs incurred by the insureds or toward a settlement of claims asserted against the insureds.

15. The Parties participated in extensive discovery consisting of depositions, interrogatories, requests to produce documents and requests to admit. In August 2024, the Parties engaged in a three-day facilitative mediation before the Hon. Phillip J. Shefferly (Ret.). Unfortunately, mediation did not result in a settlement, but did permit an extensive discussion regarding the merits of the claims, defenses asserted and possible avenues to settle.

---

[6] The Insurer is also paying defense costs in connection with another case, *iOpenWorld Inc. v. James A. Grossi, et al.*, Case No. 23-201762-CZ, pending in the Oakland County Circuit Court, State of Michigan, in which Grossi and Liam Dillon ("Dillon"), as "insureds" under the Insurance Policy, are defending claims asserted against them by iOpenWorld Inc. for fraud and breach of contract (the "Oakland County Litigation"). The Oakland County Litigation has not yet been resolved.

## C. The Settlement

16. The Parties have engaged in several weeks of extensive and exhaustive settlement negotiations. As a result, the Parties have agreed to a global settlement whereby the Defendants have agreed to pay the Trust $1 million, as more fully described in the Settlement Agreement, attached as **Exhibit 6**. The material terms of the settlement are as follows:

    (a)    Payment of $800,000 to be made as follows:

> (i)    $700,000 to be paid by the Defendants (other than Grossi and the Kiminaia Trust) and the Insurer in a lump sum cash payment[7] via wire, pursuant to the wire instructions attached as **Exhibit A** to the Settlement Agreement (the "<u>Lump Sum Settlement Payment</u>"), within thirty (30) days of entry of final nonappealable orders approving the Settlement Agreement in the Chapter 11 Case and in the Chapter 13 Case by the Court (collectively, the "<u>Settlement Orders</u>").

---

[7] The above payment obligations with respect to the Lump Sum Settlement Payment are not joint and several obligations; rather, the Lump Sum Settlement Payment is comprised of separate and independent payment obligations, as follows: (i) Tierney and/or the Tierney Trust shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000); (ii) Sattar shall pay the Successor Trustee the total amount of One Hundred Thousand and 00/100 Dollars ($100,000); and (iii) the Insurer shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000) on behalf of Grossi, Tierney, Kiminaia and Sattar (the "<u>Insurer's Settlement Payment</u>") pursuant to a separate agreement between the Insurer, on the one hand, and Grossi, Tierney, Kiminaia and Sattar, on the other hand (the "<u>Insurer's Settlement Agreement</u>"); <u>provided</u>, <u>however</u>, each of these parties contributing a portion of the Lump Sum Settlement Payment are required to pay their portion of the Lump Sum Settlement Payment to the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders.

(ii)   $50,000 (the "<u>Additional Tierney Settlement Payment</u>") to be paid by Tierney and the Tierney Trust within six (6) months of the entry of the later Settlement Orders.

(iii)   $50,000 (the "<u>Kiminaia Settlement Payment</u>") to be paid by the Kiminaia Trust, over a period of twelve (12) months as follows: $8,750 (the "<u>Initial Installment</u>") to be paid within thirty (30) days of entry of the Settlement Orders and thereafter, eleven (11) equal monthly installments in the amount of $3,750 each (collectively, the "<u>Monthly Installment Payments</u>" and each a "<u>Monthly Installment Payment</u>"), with the first such Monthly Installment Payment commencing two (2) months after the entry of the Settlement Orders by the Court, and thereafter, each month until all of the Monthly Installment Payments have been remitted to the Successor Trustee.

(b)   The Additional Tierney Settlement Payment shall be secured by a pocket consent judgment in the amount of $75,000 (the "<u>Tierney Consent Judgment</u>"), in the form attached as **Exhibit 7** hereto. If Tierney or the Tierney Trust fail to timely pay or to timely cure their failure to pay the Additional Tierney Settlement Payment, after a fourteen (14) day notice and opportunity to cure, Tierney and the Tierney Trust stipulate that the Successor Trustee may reopen the Adversary Proceeding and file the Tierney Consent Judgment, minus any payments made thereon, with the Court, in the form attached as **Exhibit 8** hereto. Once Tierney and the Tierney Trust pay the Additional Tierney Settlement Payment in full, the Tierney Consent Judgment will be deemed satisfied and released to Tierney and the Tierney Trust.

(c)   The Kiminaia Settlement Payment shall be secured by a pocket consent judgment in the amount of $125,000 (the "<u>Kiminaia Consent Judgment</u>"), in the form attached as **Exhibit 9** hereto. If the Kiminaia Trust fails to timely pay or to timely cure its failure to pay an Installment Payment, after a fourteen (14) day notice and opportunity to cure, the Kiminaia Trust stipulates that the Successor Trustee may reopen the Adversary Proceeding and file the Consent Judgment,

minus any payments made, with the Court, in the form attached as **Exhibit 10** hereto. Once the Kiminaia Trust pays the Kiminaia Settlement Payment in full, the Kiminaia Consent Judgment will be deemed satisfied and released as to the Kiminaia Trust.

(d)     As to Grossi, a separate stipulation and order will be entered in the Chapter 13 Case that will provide as follows:

(i) During the pendency of the Chapter 13 Case, the automatic stay shall prevent any and all collection actions by the Successor Trustee; and

(ii) Grossi shall consent to allowance of a Class Nine general unsecured claim in the amount of $200,000 in the Chapter 13 Case (the "Grossi Claim") and with the Grossi Claim being treated as nondischargeable pursuant to a nondischargeable judgment (the "Nondischargeable Judgment"), pursuant to a stipulation and order in the form attached as **Exhibit 11** hereto, until Grossi has satisfied all of his obligations under this Settlement Agreement. The Nondischargeability Judgment (attached as Exhibit 2 to the stipulation comprising **Exhibit 11**) shall be held and not filed by the Successor Trust pending an uncured default by Grossi under the Settlement Agreement. If Grossi defaults and fails to cure a default under the Settlement Agreement or the Chapter 13 Case is converted or dismissed, the Successor Trustee may file the stipulation and Nondischargeability Judgment, in the form attached as **Exhibit 11** hereto, with the Court; and

(iii) The Nondischargeability Judgment may be satisfied and treated as paid in full if, on or before forty-five (45) months following the date of the issuance of the chapter 13 discharge in the Chapter 13 Case, Grossi has paid $135,000 pursuant to timely monthly payments due to be paid to the Successor Trustee on the fifteenth (15th) day of each month; and

(iv) If Grossi confirms his chapter 13 plan and makes all timely payments required thereunder to the Successor Trustee on the Grossi Claim, Grossi shall then have sixty (60) months from the issuance of his discharge to pay the Grossi Claim pursuant to

monthly payments due to be paid to the Successor Trustee on the fifteenth (15th) day of each month; and

(v) Grossi may prepay the Grossi Claim or any portion thereof at any time without penalty; and

(vi) If Grossi dies, the Successor Trustee waives his right to pursue collection of the Grossi Claim from Grossi's estate; and

(vii) The Successor Trustee retains the right to sell, assign or transfer the Grossi Claim; and

(viii) If (a) Grossi's chapter 13 plan is not confirmed, (b) the Chapter 13 Case is converted to chapter 7, or (c) the Chapter 13 Case is dismissed, Grossi shall pay the Successor Trustee $200,000 (less any payments previously received on account of the Grossi Claim) in sixty (60) equal monthly payments, with the first monthly payment to commence on May 1, 2026 and thereafter on the fifteenth (15th) day of each month, provided, however, if Grossi pays $135,000 (less any payments previously made to the Successor Trustee on the Grossi Claim), pursuant to timely monthly payments within forty-five (45) months of the conversion or dismissal date, the Nondischargeability Judgment shall be deemed satisfied and paid in full.

(ix) If Grossi defaults under the Settlement Agreement after the Chapter 13 Case has been closed and/or the discharge has been granted, Grossi shall stipulate to the reopening of the Chapter 13 Case for purposes of submitting the Dischargeability Judgment, pursuant to the stipulation and order attached as **Exhibit 12** to the Motion.

(e)  The Adversary Proceeding shall be dismissed with prejudice and without costs as to all Defendants, except Grossi, Tierney, the Tierney Trust and the Kiminaia Trust, within ten (10) days of receipt of the Lump Sum Settlement Payment referenced in paragraph 16(a)(i) above by the Successor Trustee, in the form attached as **Exhibit 13**, provided that the Settlement Orders have been entered by the Court in the Chapter 11 Case and in the Chapter 13 Case;

provided, however, until the Successor Trustee has received the last of all of the aforementioned payments from Tierney, the Tierney Trust, Sattar and the Insurer, as provided in paragraph 16(a) *infra*, the time for the Successor Trustee to file the stipulation and subject the order of dismissal of the Adversary Proceeding as to these parties under the Settlement Agreement shall not start to run; provided, further, if the Insurer fails to pay the Successor Trustee the Insurer's Settlement Payment, the Successor Trustee may enforce the Insurer's obligation to make the Insurer's Settlement Payment as an intended third-party beneficiary of the Insurer's Settlement Agreement.

(f)     The Adversary Proceeding shall be dismissed without prejudice and without costs as to Tierney and the Tierney Trust within thirty (30) days of the later of the entry of the Settlement Orders and receipt of the Lump Sum Settlement Payment by the Successor Trustee, in the form attached as **Exhibit 14**.

(g)     The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Kiminaia Trust within ten (10) days of receipt of the Initial Installment by the Successor Trustee, in the form attached as **Exhibit 15**, provided that the Settlement Orders have been entered by the Court in the Chapter 11 Case and in the Chapter 13 Case.

(h)     Within ten (10) days of the Successor Trustee receiving the Additional Tierney Settlement Payment from Tierney and the Tierney Trust or satisfaction of the Tierney Consent Judgment if there is a default in payment by Tierney and the Tierney Trust, Tierney and the Tierney Trust stipulate to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to Tierney and the Tierney Trust, in the form attached as **Exhibit 16**.

(i)     Within ten (10) days of the Successor Trustee receiving the final Monthly Installment Payment from the Kiminaia Trust or satisfaction of the Kiminaia Consent Judgment if there is a default in payment by the Kiminaia Trust, the Kiminaia Trust stipulates to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to the Kiminaia Trust, in the form attached as **Exhibit 17**.

(j)    Upon entry of final nonappealable Settlement Orders in the Chapter 11 Case and the Chapter 13 Case <u>and</u> entry of a final nonappealable order approving the Grossi Claim, the Adversary Proceeding as to Grossi shall be dismissed, in the form attached as **Exhibit 18**. Within ten (10) days of Grossi completing his obligations contained in paragraph 16(c) *infra*, Grossi stipulates to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to Grossi, in the form attached as **Exhibit 19**.

(k)    Upon Grossi's satisfaction of his payment obligations to the Trust, as set forth in this Section 5 of the Settlement Agreement, the Successor Trustee file with the Court the Satisfaction of the Nondischargeabilty Judgment, if the Nondischargeabilty Judgment was previously entered pursuant to a stipulation to reopen the Chapter 13 Case, in the form attached as **Exhibit 20**.

(l)    Mutual releases between the Successor Trustee and all Defendants, except Grossi, Tierney, the Tierney Trust and the Kiminaia Trust, with such releases to be effective upon receipt of the Lump Sum Settlement Payment referenced in paragraph 16(a)(i) above by the Successor Trustee. With respect to releases between Grossi and the Successor Trustee, such releases shall be effective upon entry of a final nonappealable order in the Chapter 11 Case and the Chapter 13 Case approving the Settlement Agreement and entry of a final nonappealable order approving the Grossi Claim. With respect to Tierney and the Tierney Trust, such releases shall be effective upon receipt in full of the Tierney Settlement Payment. With respect to the Kiminaia Trust, such releases shall be effective upon receipt of full payment the Kiminaia Settlement Payment. The releases shall exclude the obligations of the Parties under the Settlement Agreement and include a waiver of any claims of the Defendants scheduled by the Debtor or subject to proofs of claim filed by the Defendants.

(m)    Other standard provisions as set forth and contained in the Settlement Agreement.[8]

**<u>Relief Requested</u>**

17.    Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a).

18.    Settlements are generally favored by law. *See, e.g., In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.*, 451 B.R. 747, 768 (Bankr. W.D. Mich. 2011) (quoting *Buckeye Check Cashing, Inc. d/b/a CheckSmart v. Meadows (In re Meadows)*, 396 B.R. 485, 499 (BAP 6th Cir. 2008)).

19.    "The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate." *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990) (citing *In re Energy Co-op.*, 886 F.2d 921, 927 (7th Cir. 1989)).

20.    The United States Supreme Court has stated that a bankruptcy judge, in evaluating compromises under Bankruptcy Rule 9019(a), must:

[A]pprised [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the

---

[8] Reference should be made to the Settlement Agreement attached as **Exhibit 6** hereto for all of the terms and conditions of the settlement as the Motion merely presents a summary of the primary terms and conditions. To the extent that there is an inconsistency between the Motion and the Settlement Agreement, the Settlement Agreement controls.

claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998).

21.     In reviewing a proposed settlement, courts consider the following criteria:

(a)     The probability of success in the litigation;

(b)     The difficulties, if any, to be encountered in the matter of collection;

(c)     The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)     The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Lee Way Holding Co.*, 120 B.R. at 890 (citing *Drexel v. Loomis*, 35 F.2d 800 (8th Cir. 1929)).

22.     A bankruptcy court's role in approving a settlement under Bankruptcy Rule 9019(a) is limited. The bankruptcy court "does not substitute its own judgment for that of the trustee" but, rather, examines the law and the facts to see whether the settlement is lower than the reasonable range, giving weight to the informed judgment of the trustee and its counsel that a compromise is fair and in

15

the best interests of the estate. *See e.g., In re Tennol Energy Co.*, 127 B.R. 820

(Bankr. E.D. Tenn. 1991). A bankruptcy court may also apply weight to a trustee's

business judgment that the proposed settlement should be approved. *See,*

*Depoister*, 36 F.3d at 587; *In re Hessinger Resources Ltd.*, 67 B.R. at 383.

23.　　In addition, a bankruptcy court should consider that compromises are

favored in bankruptcy:

> The law favors compromise and not litigation for its own sake, and as
> long as the bankruptcy court amply considered the various factors that
> determined the reasonableness of the compromise, the court's
> decision must be affirmed.

*Martin v. Kane (In re A & C Properties)*, 784 F.2d, 1377, 1381 (9th Cir. 1986);

*accord Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67

B.R. 378, 383 (C.D. Ill. 1986) ("In addition [to the four enumerated factors], the

bankruptcy court is to consider that the law favors compromise.").

24.　　Finally, a bankruptcy court is not required to conduct an evidentiary

hearing or a "mini-trial" on the parties' claims and defenses when approving a

settlement. *See Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th

Cir. 1994) (evidentiary hearing not required). Instead, the court is required only "to

canvas the issues in order to determine whether the settlement falls below the

lowest point in the range of reasonableness." *In re Rimsat, Ltd.*, 224 B.R. 685, 688

(Bankr. N.D. Ind. 1997); *accord In re Energy Co-op., Inc.*, 886 F.2d at 929; *In re*

*Tennol Energy Co.,* 127 B.R. at 828.

16

25.     After performing an extensive analysis of the merits of the claims and defenses raised in the Adversary Proceeding, the Successor Trustee, in the exercise of his business judgment, has determined that the settlement set forth in the Settlement Agreement is fair and equitable, in the best interests of the Debtor's estate, and should be approved for the following primary reasons:

i.      The Successor Trustee and the Defendants have conducted exhaustive discovery, which included depositions of each of the Defendants. The Successor Trustee and Defendants also engaged financial advisors as potential expert witnesses to assist with an analysis of the claims and defenses. The discovery process raised certain questions about the likelihood of success in the Adversary Proceeding.

ii.     Litigation by its nature is inherently uncertain. Moreover, to prevail on his claims, the Successor Trustee would likely be required to prove claims over a multi-day trial due to the numerous factual issues in dispute, many of which would require expert witness testimony.

iii.    Even if the Successor Trustee prevailed and obtained a judgment, he would be required to pursue collection of the judgment. As a part of the settlement process, the Defendants presented financial information that assisted the Successor Trustee in evaluating the collectability of the Defendants. The information presented raised serious questions regarding the Successor Trustee's ability to timely collect upon a judgment, should one be obtained after a lengthy trial.

iv.     Grossi managed the Debtor's operations in the months and years leading up to Debtor's bankruptcy filing. Last April, Grossi filed a Chapter 13 bankruptcy petition, thereby seriously calling into question the Successor Trustee's ability to collect a judgment from him.

17

26. For the reasons set forth herein, the Court should approve the settlement.

27. Prior to finalizing the settlement and filing this Motion, the Successor Trustee advised the Post-Confirmation Committee (compromised of some of the largest unsecured creditors of the Debtor) that was appointed under the Plan about the proposed settlement and the Post-Confirmation Committee indicated it had no objection to the proposed settlement.

28. For the foregoing reasons, the Successor Trustee requests that this Court enter orders, in the form attached hereto as **Exhibits 1A and 1B**, granting the Motion and approving the settlement as set forth in the Settlement Agreement.

## Notice

29. All parties having requested notice in this Chapter 11 Case under Bankruptcy Rule 2002 shall receive notice of the Motion via ECF. In addition, the Successor Trustee shall serve all creditors listed on the matrix of the Debtor via first class mail pursuant to Bankruptcy Rule 2002(a), in the form attached as **Exhibit 2A** hereto. The Successor Trustee will also serve the Motion and the notice on the Office of the United States Trustee via ECF and electronic mail. The Successor will also serve all creditors listed on the matrix for the Chapter 13 Case with notice of this Motion, in the form attached as **Exhibit 2B** hereto. The Successor Trustee will also serve the Motion and the notice on the Chapter 13

Trustee. The Successor Trustee submits that no additional notice is necessary in this matter.

WHEREFORE, the Successor Trustee respectfully requests that this Court enter orders in the form attached hereto as **Exhibits 1A and 1B:** (i) granting the Motion and thereby approving the settlement set forth in the Settlement Agreement, attached as **Exhibit 6** hereto, and (iii) granting any other relief that it deems just and equitable.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

# INDEX OF EXHIBITS

Exhibit 1A ...........................Proposed Orders – Chapter 11 (Case #23-43403-MLO)

Exhibit 1B ..........................Proposed Orders – Chapter 13 (Case #25-43866-MLO)

Exhibit 2A ..................... Notice and Opportunity to Object (Case #23-43403-MLO)

Exhibit 2B .................... Notice and Opportunity to Object (Case #25-43866-MLO)

Exhibit 3 .............................................................................Brief – Not Applicable

Exhibit 4A ........................................ Certificate of Service (Case #23-43403-MLO)

Exhibit 4B… .................................... Certificate of Service (Case #25-43866-MLO)

Exhibit 5 ........................................................................Affidavits – Not Applicable

Exhibit 6 ...................................................................Settlement Agreement

Exhibit 7 ..........................Consent Judgment Against Tierney and the Tierney Trust

Exhibit 8 ........................................Stipulation to Reopen Adversary Proceeding for
Entry of Tierney Consent Judgment

Exhibit 9 ........................................................... Kiminaia Trust Consent Judgment

Exhibit 10 ....................................Stipulation to Reopen Adversary Proceeding and
For Entry of Kiminaia Trust Consent
Judgment

Exhibit 11 ....................... Stipulation And Order Of Judgment Of Nondischargeable
Grossi Claim In The Amount Of $200,000

Exhibit 12 ............................Stipulation To Reopen The Chapter 13 Case For Entry
Of Nondischargeability Judgment As To Grossi

Exhibit 13   ..........................................Stipulation For Entry Of Order Of Dismissal
(With Prejudice And Without Costs)
Against All Defendants Except Grossi, Tierney,

The Tierney Trust And The Kiminaia Trust

Exhibit 14………................................Stipulation For Entry Of Order Of Dismissal
(Without Prejudice And Without Cost)
As To Tierney And The Tierney Trust

Exhibit 15 ...........................................Stipulation For Entry Of Order Of Dismissal
(Without Prejudice And Without Costs)
As To The Kiminaia Trust

Exhibit 16 .................................................Stipulation For Entry Order Of Dismissal
(With Prejudice And Without Costs)
As To Tierney And The Tierney Trust

Exhibit 17 .................................................Stipulation For Entry Order Of Dismissal
(With Prejudice And Without Costs)
As To The Kiminaia Trust

Exhibit 18 .................................................Stipulation For Entry Of Order Dismissal
(Without Prejudice And Without Costs) As To Grossi

Exhibit 19 .......................................... Stipulation To Reopen Adversary Proceeding
For Entry Of Dismissal (With Prejudice
And Without Costs) As To Grossi

Exhibit 20 ........................................... Stipulation To Reopen The Chapter 13 Case
For Filing Of Satisfaction Of
Nondischargeability Judgment As To Grossi

**Exhibit 1A**

**Proposed Order**
**Chapter 11 - Case No. 23–43403–MLO**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ARK LABORATORY, LLC,                      Case No. 23–43403–MLO
                                          Chapter 11
    Debtor.                              Hon. Maria L. Oxholm

_____/

## ORDER APPROVING SUCCESSOR TRUSTEE'S MOTION TO APPROVE (I) SETTLEMENT OF INSIDER CAUSES OF ACTION AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

Upon the Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a) (the "Motion")[1] filed by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Successor Trustee"), in connection with the Settlement Agreement, attached as **Exhibit 6** to the Motion; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); venue of this proceeding in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of this Motion was appropriate under the particular circumstances and that no other or further notice need be given; it appearing that the relief requested in the Motion is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

in the best interest of the Debtor's estate; after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted in its entirety.

2.      The proposed settlement described in the Motion and memorialized in the Settlement Agreement attached as **Exhibit 6** to the Motion is hereby approved.

3.      The Court retains jurisdiction with respect to any and all matters arising from or related to the settlement, the Settlement Agreement or the implementation of this Order.

2

**Exhibit 1B**

**Proposed Order**
**Chapter 13 - Case No. 25–43866–MLO**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

James Anthony Grossi,                        Case No. 25–43866–MLO
                                             Chapter 13
    Debtor.                              Hon. Maria L. Oxholm

_____/

## ORDER APPROVING SUCCESSOR TRUSTEE'S MOTION TO APPROVE (I) SETTLEMENT OF INSIDER CAUSES OF ACTION AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

Upon the Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a) (the "Motion")[1] filed by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Successor Trustee"), in connection with the Settlement Agreement, attached as **Exhibit 6** to the Motion; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); venue of this proceeding in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of this Motion was appropriate under the particular circumstances and that no other or further notice need be given; it appearing that the relief requested in the Motion is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

in the best interest of the Debtor's estate; after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted in its entirety.

2.      The proposed settlement described in the Motion and memorialized in the Settlement Agreement attached as **Exhibit 6** to the Motion is hereby approved.

3.      The Court retains jurisdiction with respect to any and all matters arising from or related to the settlement, the Settlement Agreement or the implementation of this Order.

2

**<u>Exhibit 2A</u>**

**Notice and Opportunity to Object
Chapter 11 - Case No. 23–43403–MLO**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ARK LABORATORY, LLC,                         Case No. 23–43403–MLO
                                             Chapter 11
     Debtor.                                Hon. Maria L. Oxholm

_____/

**NOTICE AND OPPORTUNITY TO OBJECT TO SUCCESSOR**
**TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF**
**INSIDER CAUSES OF ACTION AND (II) FOR OTHER**
**RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)**

    **PLEASE TAKE NOTICE** that Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "<u>Successor Trustee</u>") has filed the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "<u>Motion</u>").

    <u>**Your rights may be affected**</u>**. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

    If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within 21 days after the date of this Notice, you or your attorney must:

    1.   File with the Court a written response explaining your position at:[1]

United States Bankruptcy Court
Eastern District of Michigan
211 West Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so

---

[1] All responses or objections must comply with Rules 8(b), (c) and (e) of the Federal Rules of Civil Procedure.

1

the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail, email, or fax a copy to:

TAFT STETTINIUS & HOLLISTER, LLP
Attn: Judith Greenstone Miller and Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

2.    If an objection is timely filed and served, the Court will schedule a hearing on the Motion at a date to be determined.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

## Exhibit 2B

**Notice and Opportunity to Object**
**Chapter 13 - Case No. 25–43866–MLO**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                          Case No. 25–43866–MLO
                                                Chapter 13

      Debtor.                           Hon. Maria L. Oxholm

_____/

## NOTICE AND OPPORTUNITY TO OBJECT TO SUCCESSOR TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF INSIDER CAUSES OF ACTION AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

**PLEASE TAKE NOTICE** that Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Successor Trustee") has filed the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within 21 days after the date of this Notice, you or your attorney must:

    1.   File with the Court a written response explaining your position at:[1]

United States Bankruptcy Court
Eastern District of Michigan
211 West Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so

---

[1] All responses or objections must comply with Rules 8(b), (c) and (e) of the Federal Rules of Civil Procedure.

the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail, email, or fax a copy to:

TAFT STETTINIUS & HOLLISTER, LLP
Attn: Judith Greenstone Miller and Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

Afan Bapacker
The Law Office of Afan Bapacker, PC
1 Parklane Blvd. Ste. 729, East Tower
Dearborn, MI 48126
313-429-9525
afan@bapackerlaw.com

Tammy L. Terry, Chapter 13 Trustee
Buhl Building
535 Griswold
Suite 2100
Detroit, MI 48226
313-967-9857
www.det13tlt.com

2.    If an objection is timely filed and served, the Court will schedule a hearing on the Motion at a date to be determined.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller

Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

**<u>Exhibit 3</u>**

**Required Brief – Not Applicable**

**Exhibit 4A**

**Certificate of Service**
**Chapter 11 - Case No. 23–43403–MLO**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ARK LABORATORY, LLC,                          Case No. 23–43403–MLO
                                              Chapter 11
     Debtor.                              Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") and the *Notice and Opportunity to Object* (the "Notice") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

I further certify that on July 15, 2025, I served the Motion and the Notice on the Office of the United States Trustee via electronic mail, and the Notice on the mailing matrix via first class mail.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

Label Matrix for local noticing
0645-2
Case 23-43403-mlo
Eastern District of Michigan
Detroit
Tue Jul 15 07:18:15 EDT 2025

Advancing Health, Inc.
Paige Tinkham/BLANK ROME LLP
444 W. Lake Street
Suite 1650
Chicago, IL 60606-0070

Ark Laboratory Trust
c/o Taft Stettinius & Hollister LLP
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8222

Ark Laboratory, LLC
1344 Addington Court
Lake Orion, MI 48360-2529

Blue Cross Blue Shield of Michigan
c/o Doron Yitzchaki
Dickinson Wright PLLC
350 South Main Street, Suite 300
Ann Arbor, MI 48104-2131

Fisher Healthcare
c/o Maribeth Thomas, Esq.
Tucker Arensberg, P.c.
1500 One Ppg Place
Pittsburgh, PA 15222-5413

Gena's Timeless Cleaning, LLC
C/O Maxwell Dunn, PLC
220 S Main St
Ste. 213
Royal Oak, MI 48067-2679

Jason W. Bank, Solely in his Capacity as Suc
Taft Stettinius & Hollister LLP
c/o Judith Greenstone Miller
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8222

McLaren Health Plan, Inc.
G-3245 Beecher Road
#200
Flint, MI 48532-3615

Medcare MSO LLC
c/o Munsch Hardt Kopf & Harr, P.C.
Attn: Thomas D. Berghman
500 N. Akard St., Ste. 4000
Dallas, TX 75201-6605

Medspeed LLC
c/o Doron Yitzchaki
Dickinson Wright PLLC
350 S. Main Street
Suite 300
Ann Arbor, MI 48104-2131

Nofar Law, PLLC
32600 Telegraph Rd
Ste 100
Bingham Farms, MI 48025-2409

Orchard Software Corporation
701 Congressional Blvd., Suite 360
Carmel, IN 46032-5633

Team Financial Group
3391 Three Mile Rd., N.W.
Grand Rapids, MI 49534-1221

The Sports Marketing Agency
13 N Washington
Suite 706
Ypsilanti, MI 48197-2617

United States of America
Commercial Litigation Branch
1100 L St, NW
Room 7012
Washington, DC 20530-0001

United States of America (IRS)
United States Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3220

Younis Enterprises, LLC
5808 Schaefer Rd
Dearborn, MI 48126-2255

6600 Highland, LLC
29580 Northwestern Hwy
Suite #1000
Southfield, MI 48034-1031

A-Fordable Plumbing & Mechanical
1147 Centre Road
Auburn Hills, MI 48326-2603

AB Sciex, LLC
62510 Collections Center Drive
Chicago, IL 60693-0625

ASR Health Benefits
PO BOX 6392
Grand Rapids, MI 49516-6392

AVL-Creative
6235 Concord
Suite 135
Detroit, MI 48211-2454

Abbott Diagnostics Division
of Abbott Laboratories Inc.
c/o Kohner, Mann& Kailas, S.C.
4650 North Port Washington Road
Milwaukee, Wisconsin 53212-1077

Abbott Laboratories
PO Box 92679
Chicago, IL 60675-2679

Abbott Molecular Division of
Abbott Laboratories Inc.
c/o Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Milwaukee, Wisconsin 53212-1077

Abell Pest Control
3549 Airport Rd
Ste 108
Waterford, MI 48329-1395

Advancing Health Inc.
1620 W. Pierce Ave
Chicago, IL 60622-2518

Agena Bioscience, Inc.
12100 W. 6th Ave
Lakewood, CO 80228-1252

Alere San Diego, Inc.
d/b/a Immunalysis Corp.
c/o Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Milwaukee, Wisconsin 53212-1077

| | | |
|---|---|---|
| Alliance Architecture of Maryland, PC<br>79 West Street<br>Suite 200<br>Annapolis, MD 21401-2578 | Allied Media<br>240 N. Fenway Drive<br>Fenton, MI 48430-2699 | Allscripts Healthcare, LLC<br>305 Church at North Hills Street<br>Raleigh, NC 27609-2667 |
| Alpha Cleaners LLC<br>279 S Edith St.<br>Pontiac, MI 48342-3228 | Amazing Charts<br>33115 Collection Center Drive<br>Chicago, IL 60693-0331 | American Proficiency Institute<br>Department 9526<br>Box 30516<br>Lansing, MI 48909-8016 |
| Amro Almradi MDPC PLLC<br>612 Deauville Ln.<br>Bloomfield Hills, MI 48304-1450 | Arkstone Medical<br>P.O. Box 880823<br>Boca Raton, FL 33488-0823 | Athenahealth, Inc.<br>PO BOX 415615<br>Boston, MA 02241-5615 |
| Auburn Hills Medical Properties, LLC<br>3959 Centerpoint Pkwy.<br>Pontiac, MI 48341-3121 | Auxo Investment Partners LLC<br>c/o Jacob Carlton<br>Miller Johnson<br>45 Ottawa Ave. SW, ste 1100<br>Grand Rapids, MI 49503-4265 | (p)AVAIRIS INC<br>122 GARLAND WAY<br>WATERFORD MI 48327-3687 |
| Axiom Diagnostics<br>PO Box 13275<br>Tampa, FL 33681-3275 | Axiom Diagnostics, inc.<br>4309 W. Tyson Avenue<br>Tampa, FL 33611-3435 | BCC Distribution, Inc.<br>7529 Baron Drive<br>Canton, MI 48187-2494 |
| Beckman Coulter<br>Dept. CH 10164<br>Palatine, IL 60055-0164 | (p)BENKOFF HEALTH LAW PLLC<br>ATTN REESA BENKOFF<br>5365 VAN NESS CT<br>BLOOMFIELD HILLS MI 48302-2659 | BillionToOne, Inc.<br>PO BOX 8040<br>Carol Stream, IL 60197-8040 |
| (p)BIO RAD LABORATORIES INC<br>ATTN ATTN LEGAL DEPT<br>1000 ALFRED NOBEL DR<br>HERCULES CA 94547-1811 | BioPathogenix<br>120 Dewey Drive<br>Ste 126<br>Nicholasville, KY 40356-9709 | Blue Care Network<br>PO Box 33608<br>Detroit, MI 48232-5608 |
| Blue Cross Blue Shield of Michigan<br>PO Box 674416<br>Detroit, MI 48267-4416 | Blue Cross and Blue Shield of Illinois<br>Refund and Recovery<br>PO Box 94075<br>Palatine, IL 60094-4075 | Brehob CORPORATION<br>PO Box 2023<br>Indianapolis, IN 46206-2023 |
| Brehob Corporation<br>Linda Coffey<br>1334 S. Meridian St.<br>Indianapolis, IN 46225-1565 | Btzalel Hirschhorn<br>8002 Kew Gardens Rd<br>Suite 600<br>Kew Gardens, NY 11415-3606 | Bultynck & Co. CPA<br>15985 Canal Rd.<br>Clinton Twp., MI 48038-5021 |
| COLA Inc.<br>9881 Broken Land Parkway<br>Suite 200<br>Columbia, MD 21046-1195 | Cardinal Health<br>PO Box 70539<br>Chicago, IL 60673-0539 | Cardinal Health 200, LLC<br>7000 Cardinal Place<br>Dublin, OH 43017-1091 |

Careviso, Inc.
7600 B Leesburg Pike
East Building Suite 220
Falls Church, VA 22043-2029

Carolina Coastal Paper & Janitorial Supply,
PO BOX 1227
Wake Forest, NC 27588-1227

Celltreat Scientific
20 Mill Street
Unit 130
Pepperell, MA 01463-1670

Centers for Medicare & Medicaid Services, US
Diana Rathbun, Asst. Reg'l Counsel,
233 North Michigan Ave., Suite 700
Chicago, IL 60601-5532

Cerbo, LLC
350 SE Mill St
STE 11
Portland, OR 97214-5096

Cerilliant Corporation
US BANK CN-OH-L1WH Lockbox 005634
5065 Wooster Road
Cincinnati, OH 45226-2326

Change Healthcare
Attn: CDM/Bankruptcy
185 Asylum Street - 03B
Hartford, CT 06103-3408

Chris Pittenturf
584 Birchcrest Ct.
Oakland, MI 48363-1618

Claire Ann Richman
122 W. Washington Ave., Suite 850
Madison, WI 53703-2732

Clean Air Testing, Inc
37709 Schoolcraft Road
Livonia, MI 48150-5031

Clean Air Testing, LLC
37709 Schoolcraft Road
Suite 200
3910 Telegraph Road, Suite 200, Suite 20
Livonia,, MI 48150-5031

Cole-Parmer
13927 Collections Center Drive
Chicago, IL 60693-0139

College of American Pathologists
PO Box 71698
Chicago, IL 60694-1698

Comcast
P.O. Pox 37601
Philadelphia, PA 19101-0601

Comerica Bank
c/o Robert J. Diehl, Jr.
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226-2336

Comerica Commercial Lending Service
PO BOX 641618
Detroit, MI 48264-1618

CoreBioLabs
7956 Tyler BLVD
Mentor, OH 44060-4806

Coriell Institute, Inc.
403 Haddon Ave
Haddon Ave
Camden, NJ 08103-1505

Coronis Health RCM, LLC
PO BOX 790372
St. Louis, MO 63179-0372

Coronis Health RCM, LLC
c/o Doron Yitzchaki
Dickinson Wright PLLC
350 South Main Street, Suite 300
Ann Arbor, MI 48104-2131

Cotiviti Inc.
PO BOX 952366
St Louis, MO 63195-2366

Credential Check Corporation
PO BOX 4504
Troy, MI 48099-4504

Criterion Lab Consulting, LLC
490 Wildwood North Cir
Ste 110
Birmingham, AL 35209-0140

DTE ENERGY
ONE ENERGY PLAZA, WCB 735
DETROIT, MI 48226-1221

DTE Energy
PO BOX 740786
Cincinnati, OH 45274-0786

Daniel Brian Advertising
222 S. Main Street
Rochester, MI 48307-2029

Darren Cain
8304 Jaclyn Ann Dr.
Flushing, MI 48433-2908

Data Innovations, LLC
P.O. Box 101978
Atlanta, GA 30392-1978

Dave's Electric Services, Inc.
6650 Highland Rd
Waterford, MI 48327-1660

Davis Wright Tremaine LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104-1610

De Lage Landen Financial Services, Inc.
P.O. Box 8224018
Philadelphia, PA 19182-4018

Deborah Fish
211 West Fort Street
Suite 705
Detroit, MI 48226-3263

Definitive Healthcare, LLC
PO BOX 411273
Boston, MA 02241-1273

Dell Marketing L.P.
c/o Streusand, Landon, Ozburn & Lemmon,
1801 S MoPac Expressway, Suite 320
Austin, TX 78746-9817

Dell Marketing LP c/o Lam, Lyn & Philip P.C.
6213 Skyline Drive
Suite 2100
Houston, TX 77057-7027

Denny's Heating, Cooling & Refrigeratio
1831 Austin Drive
Troy, MI 48083-2219

Detroit Pistons Basketball Company
Taft, Stettinius & Hollister, LLP
Attn: Paul R. Hage
27777 Franklin, Suite 2500
Southfield, MI 48034-8222

Detroit Technical Equipment Co.
1091 Centre Rd., Suite 100
Auburn Hills, MI. 48326-2670
Attn: Patrick

Diana Anthony Rathbun
Health Resources & Services Administrati
c/o Diana Anthony Rathbun, Assistant Reg
233 N Michigan Avenue, Suite 700
Chicago, IL 60601-5532

Diana Rathbun
Centers for Medicare & Medicaid Services
c/o Diana Rathbun, Assistant Regional Co
233 N. Michigan Avenue, Suite 700
Chicago, IL 60601-5532

Diesel Funding, LLC
8002 Kew Gardens Rd
Suite 600
8002 Kew Gardens Rd, Suite 600
Kew Gardens, NY 11415-3606

DoctorsManagement, LLC
PO BOX 531002
Atlanta, GA 30353-1002

Dorene Guarnieri
9890 Smiths Creek Rd.
Goodells, MI 48027-3521

Doron Yitzchaki
Dickinson Wright PLLC
350 South Main Street, Suite 300
Ann Arbor, MI 48104-2131

Dropoff Inc.
PO BOX 92213
Las Vegas, NV 89193-2213

EXAGEN INC.
1261 LIBERTY WAY
VISTA, CA 92081-8356

Eden Software Solutions, LLC
12472 Lake Underhill Rd.
Suite 101
Orlando, FL 32828-7144

Edge Solutions
P.O. Box 594
Richmond, MI 48062-0594

Elio Bucciarelli
49795 Deer Run Dr.
Shelby Twp., MI 48315-3335

Ellkay, LLC
200 Riverfront Blvd.
3rd Floor
Elmwood Park, NJ 07407-1038

Empirical Biosciences
2007 Eastcastle Drive SE
Grand Rapids, MI 49508-8773

Eric  Vasseur
1355 Athlone Dr
Oxford, MI 48371-6001

Evoqua Water Technologies LLC
28563 Network Place
Chicago, IL 60673-1285

FISHMAN STEWART PLLC
800 TOWER DRIVE, SUITE 610
TROY, MI 48098-2843

Ferrellgas
PO BOX 173940
Denver, CO 80217-3940

Fink Bressack PLLC
38500 Woodward Ave
Suite 350
Bloomfield Hills, MI 48304-5053

Fire Alarm Services
25550 Seeley Road
Suite 200
Novi, MI 48375-2052

First Insurance Funding, a Division of Lake
450 Skokie Blvd. Suite 1000
Northbrook, IL 60062-7917

Fisher Healthcare
13551 Collections CTR DR
Chicago, IL 60693-0135

Fisher Healthcare, a division of Fisher Scie
Maribeth Thomas, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222-5413

Foley & Lardner LLP
PO BOX 78470
BOX 78470
Milwaukee, WI 53278-8470

FrontRunnerHC Inc
36 Cordage Park
Suite 302
Plymouth, MA 02360-7320

Gazam, Inc.
7901 4th St N.
Suite 300
St Petersburg, FL 33702-4399

Gemini Lab Group
8470 S. Shore Dr.
Clarston, MI 48348-2674

Gemini Lab Group, LLC
c/o The Dragich Law Firm PLLC
17000 Kercheval Ave, Suite 210
Grosse Pointe, MI 48230-1559

Gena's Timeless Cleaning, LLC
55166 Timberland Lane
Macomb, MI 48042-2364

Gena's Timeless Cleaning, LLC
C/O Maxwell Dunn, PLC
Ste. 213
220 S Main St, Ste. 213
Royal Oak, MI 48067-2679

George King Bio-Medical, Inc.
11771 W. 112th St.
Overland Park, KS 66210-2739

Great Lakes Express Delivery, LLC
3055 Cass Rd.
Ste 123
Traverse City, MI 49684-7904

(p)THE HARTFORD
ATTN BANKRUPTCY UNIT
ONE HARTFORD PLAZA
MAIL DROP T-16-285
HARTFORD CT 06155-0001

Health Equity
15 West Scenic Pointe Drive
Ste 100
Draper, UT 84020-6122

Health Resources &Services Administration, U
Diana Rathbun, Asst Reg'l Counsel,
233 North Michigan Avenue, Suite 700
Chicago, IL 60601-5532

HealthCare Appraisers, Inc.
2101 NW Corporate Blvd.
Suite 400
Boca Raton, FL 33431-7319

Henry Schein
Dept. CH 10241
Palatine, IL 60055-0241

Hogan Lovells US LLP
Lockbox Services - 75890
PO Box 715890
Philadelphia, PA 19171-5890

Hogan Lovells US LLP
c/o Christopher R. Bryant
390 Madison Avenue
New York, NY 10017-2507

Humana Insurance Company, et al.
Fox Swibel Levin & Carroll LLP
c/o Ken Thomas
200 W. Madison, Suite 3000
Chicago, IL 60606-3417

I Care MI, LLC
29919 Jefferson Ave.
St. Clair Shores, MI 48082-1823

IMCS, Inc.
110 Centrum Drive
Irmo, SC 29063-9396

INTEGRA Biosciences Corp.
22 Friars Drive
Hudson, NH 03051-4900

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Immunalysis Corporation
Alere San Diego dba Immunalysis
Box 102317
Pasadena, CA 91189-2317

Insync Healthcare Solutions
PO BOX 4577
Carol Stream, IL 60197-4577

JSW Consulting LLC
2836 Baltane Rd
West Bloomfield Township, MI 48323-3100

JSW Consulting, LLC
2836 Baltane Rd.
West Bloomfield, MI 48323-3100

James Pinckney
2034 Pleasant View Ave
Lansing, MI 48910-0348

Jeffrey Williamson
3873 Hartland Hills Dr
Hartland, MI 48353-1111

Karen L Whitmer
Johnson Legal Network, PLLC
535 Wellington Way, Suite 380
Lexington, KY 40503-1389

Kerr, Russell and Weber, PLC
500 Woodward Ave., Suite 2500
Detroit, MI 48226-5499

LGC Clinical Diagnostics, Inc.
Dept CH 16362
Palatine, IL 60055-6362

LabPath Consulting
105 4th Street E
Tierra Verde, FL 33715-2241

LabSoft, Inc.
PO Box 21042
Tampa, FL 33622-1042

(p)LABORATORY CORPORATION OF AMERICA
ATTN GOVERNMENT AUDITS
PO BOX 2270
BURLINGTON NC 27216-2270

Labtek, Inc.
7381 Grachen Dr.
7381 Grachen Dr.
Grand Rapids, MI 49546-9777

Labtek, Incorporated
7381 Grachen Dr. SE
Grand Rapids, MI 49546-9777

Landaal Packaging Systems
Delta Containers Division
6616 Solution Center
Chicago, IL 60677-6006

Leasing Associates of Barrington, INC.
220 N. River Street
East Dundee, IL 60118-1332

Life Technologies Corporation
12088 Collections Center Dr.
Chicage, IL 60693-0001

Lifepoint Informatics
65 Harristown Rd
Suite 305
Glen Rock, NJ 07452-3317

Lippitt O'Keefe, PLLC
370 E. Maple Road
Third Floor
Birmingham, MI 48009-6303

Lisa Slagle
4414 Blackberry Knoll Dr.'
Loves Park, IL 61111-4309

Little Sonia Real Estate LLC
801 Peach Tree Ln.
Rochester Hills, MI 48306-3353

Lotus Lab Consulting
885 Woodstock Rd
Suite 420/PMB 360
Roswell, GA 30075-2286

MAC Pizza, LLC
1081 S. State Rd
Davison, MI 48423-1903

MCW Partners, LLC
28287 Beck Rd.
Unit D-14
Wixom, MI 48393-4706

Mark C. Beauchamp
6686 Weston Ct.
Clarkston, MI 48348-5032

Mayo Collaborative Services
D.B.A. May Clinic Laboratories
P.O. Box 9146
Minneapolis, MN 55480-9146

McLaren Health Management Group
d/b/a McLaren Medical Laboratory
Attn:  Julie Teicher, Esq./Maddin Hauser
28400 Northwestern Hwy., 2nd Floor
Southfield, MI 48034-8348

McShane Welding, Inc.
12 Port Access Rd
Access Rd
Erie, PA 16507-2297

Mclaren Medical Laboratory
PO BOX 775452
Chicago, IL 60677-5452

Med Water Systems
2262 South 1200 West
Suite 101
Woods Cross, UT 84087-2564

MedMatch
3000 Town Center
Suite 75
Southfield, MI 48075-1120

MedSpeed, LLC
140 Industrial Drive
Elmhurst, IL 60126-1602

Medcare MSO
1000 Cordova Place
Suite 206
Sante Fe, NM 87505-1725

Medical Real Estate Group, LLC
c/o Steven Alexsy, Esq.
29580 Northwestern Hwy., Ste. 1000
Southfield, MI 48034-1031

(p)MEDLINE INDUSTRIES INC
ATTN ANNE KISHA
ONE MEDLINE PL
MUNDELEIN IL 60060-4486

Medspeed LLC
Christopher Combest
c/o Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654-3422

Mercedes Scientific
PO Box 850001
Orlando, FL 32885-0123

Mettler-Toledo Rainin, LLC
27006 Network Place
Chicago, IL 60673-1270

Michael D Lieberman
3910 Telegraph Road
Suite 200
Bloomfield Hills, MI 48302-1461

Michael D Lieberman
Lipson Neilson, PC
3910 Telegraph Road
Suite 200
Bloomfield Hills, MI 48302-1461

Michigan Legislative Consultants, Inc.
110 W. Michigan Ave
Suite 500
Lansing, MI 48933-1368

Microbiologics
200 Cooper Avenue North
St. Cloud, MN 56303-4440

Microbix Biosystems Inc.
265 Watline Ave
Mississauga, ON L4Z 1P3

Microgenics Corporation
Bank of America
7055 Collections Center Dr.
Chicago, IL 60693-0001

Microgenics, Inc.
Maribeth Thomas, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222-5413

Molecular BioProducts, Inc.
7704 Collection Center Drive
Chicago, IL 92121

Mutual of Omaha
Payment Processing Center
P.O. Box 2147
Omaha, NE 68103-2147

Netalytics
P.O. Box 969
Greer, SC 29652-0969

Newbsknob, LLC
10071 Burnside Court
Grand Blanc, MI 48439-9412

OMG & The A Team Consulting, LLC
3430 Vineyard Hill Dr.
Rochester Hills, MI 48306-2263

Omega Bio-Tek
400 Pinnacle Way
#450
Norcross, GA 30071-4908

PACCAIR
1345 Maricopa Drive
Oshkosh, WI 54904-8150

Palmer Moving Services
24660 Dequindre Road
Warren, MI 48091-3332

Peachstate Health Management
2225 Centennial Drive
Gainesville, GA 30504-5760

Peninsula Capital Partners
One Towne Square
Suite 1400
Southfield, MI 48076-3705

Perspectus Architecture
1300 East 9th Street
Suite 910
Cleveland, OH 44114-1507

Phenomenex, Inc
PO Box 749397
Box 749397
Los Angeles, CA 90074-9397

Polar Ice
47943 Van Dyke Ave.
Shelby Twp., MI 48317-3254

Practice Fusion
24630 Network Place
Chicago, IL 60673-1246

Predictive Health Diagnostics, Inc.
13885 Alton Pkwy
Suite B
Irvine, CA 92618-1647

Rachel Brown
24767 Nepavine
Novi, MI 48374-2574

Recovery Pathways
863 N. Pine
Suite A
Essexville, MI 48732-2159

Reliable Delivery
21450 Trolley Industrial
Taylor, MI 48180-1824

Restek Corporation
PO Box 4276
Lancaster, PA 17604-4276

Rhoda Yoder
58320 Fairfax Rd.
Colon, MI 49040-9705

Robert G. Read
169 Saxon Ct.
Rochester Hills, MI 48307-3158

Robert J. Diehl, Jr.
Bodman PLC
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226-3433

Rusas Printing, Inc.
26770 Grand River Avenue
Redford, MI 48240-1529

SAI Graphics
3595 Walker Road
Windsor, ON N8W 3S5

SAR Consulting Services, LLC
10019 Fair Oaks Drive
Goodrich, MI 48438-9202

Sarah Markie
25876 Barbara St.
Roseville, MI 48066-3868

Sci Floor Covering, Inc.
30610 Ecorse Rd
Romulus, MI 48174-3565

Seyburn Kahn Attorneys & Counselors
2000 Town Center
Suite 1500
Southfield, MI 48075-1148

Shelly Donovan
29330 US Highway 12
Sturgis, MI 49091-9598

Siemens Healthcare Diagnostics
221 Gregson Dr
Cary, NC 27511-6495

Sigma-Aldrich Inc.
PO BOX 535182
Atlanta, GA 30353-5182

Sigma-Aldrich, Inc
3050 Spruce Street
St Louis, MO 63103-2530

Silverman Consulting Inc.
One North Wacker Drive
#3925
Chicago, IL 60606-2834

Solaris Diagnostics
110 Dewey Drive
Nicholasville, KY 40356-7124

Staples
PO BOX 660409
Dallas, TX 75266-0409

(p)STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
7 TECHNOLOGY CIRCLE
COLUMBIA SC 29203-9591

State of Michigan
Dept of Attorney General, Health Care Fr
PO Box 30218
Lansing, MI 48909-7718

(p)STERICYCLE  INC
2355 WAUKEGAN ROAD
BANNOCKBURN IL 60015-1503

StrengthPoint Advisors
3540 Tall Oaks Rd.
Lake Orion, MI 48359-1468

Succurro's Painting, Inc.
294 Princess Drive
Canton, MI 48188-1142

Superior Medical Waste Disposal
42020 Koppernick Rd
#208
Canton, MI 48187-2440

Superior Medical Waste Disposal, LLC
42020 Koppernick Rd
208
Canton, MI 48187-2440

Suzanne Diller
3409 Virginia Dr.
Columbiaville, MI 48421-9367

Sysmex America, Inc.
28241 Network Pl.
Chicago, IL 60673-1282

Taft, Stettinius & Hollister, LLP
Attn: Paul R. Hage
27777 Franklin, Suite 2500
Southfield, MI 48034-8222

Taylor Door and Window
28040 Joy Road
Livonia, MI 48150-4137

Team Financial Group
650 3 Mile Rd
NW #200
Grand Rapids, MI 49544-1624

Tek-Pette
12 S Cleveland Ave.
Westerville, OH 43081-1329

The Alan Group, Inc.
1800 Brinston
Troy, MI 48083-2215

The Medical Real Estate Group
29580 Northwestern Hwy
Suite #1000
Southfield, MI 48034-1031

The Sports Marketing Agency, INC
13 N. Washington St.
#706
Ypsilanti, MI 48197-2617

Theranostix Inc.
8000 Virginia Manor Road
Suite 170
Beltsville, MD 20705-4230

Thomas Scientific
P.O. Box 536750
Pittsburgh, PA 15253-5909

Translational Software Inc
7683 SE 27TH ST, #352
MERCER ISLAND, WA 98040-2804

Translational Software, Inc.
7683 SE 27th Street
Suite #352
Mercer Island, WA 98040-2804

Tri-City Treatment
355 N. Center Road
Saginaw, MI 48638-5849

Tricon Services LLC
5119 Highland Rd
Suite 265
Waterford, MI 48327-1915

Tryco Inc.
PO BOX 530188
Livonia, MI 48153-0188

UHY, LLP
PO BOX 72243
Cleveland, OH 44192-0002

UPS
P.O. Box 809488
Chicago, IL 60680-9488

USA Scientific
Accounts Receivable
PO BOX 13387
Newark, NJ 07101-3387

Uline
12575 Uline Drive
Pleasant Prairie, WI 53158-3686

Uline
Accounts Receivable
Box 88741
Chicago, IL 60680-1741

United Courier Service, Inc.
2116 Hampden Dr
Lansing, MI 48911-1633

United States Plastic Corporation
1390 Neubrecht Road
Lima, OH 45801-3196

United States of America
United States Attorney's Office, ED
211 W. Fort Street
Detroit, MI 48226-3277

United of Omaha Life Insurance Co.
c/o Mutual of Omaha Plaza
Law Operation, 3rd Floor
Omaha, NE 68175-0001

UnitedHealthcare Insurance Company
ATTN: CDM/Bankruptcy
185 Asylum Street - 03B
Hartford, CT 06103-3408

VWR International, LLC
P.O. Box 640169
PIttsburgh, PA 15264-0169

Vernon Yoder
58320 Fairfax Rd.
Colon, MI 49040-9705

Waterford Township Treasurer
5200 Civic Center Drive
Waterford, MI 48329-3715

Wells Fargo Financial Leasing, Inc.
800 Walnut Street MAC F0005-055
Des Moines, IA 50309-3891

Wells Fargo Financial Leasing, Inc.
PO BOX 77096
Minneapolis, MN 55480-7796

Wintegrity
23560 Haggerty Rd
Farmington Hills, MI 48335-2614

Younis Enterprises
5728 Schaefer Rd
Suite 200
Dearborn, MI 48126-2287

Younis Enterprises, LLC
6050 Greenfield Rd., Suite 201
Dearborn, MI 48126-6004

e2o Health Inc.
21151 S. Western Ave
Suite 144
Torrance, CA 90501-1724

eClinicalWorks, LLC
P.O. Box 847950
Boston, MA 02284-7950

iPatientCare, LLC
10290 Alliance Road
Cincinnati, OH 45242-4710

mCubed Staffing, LLC
901 Wilshire Drive
Ste 255
Troy, MI 48084-1795

Andrew B. Wachler
Wachler & Associates, P.C.
210 E. Third Street
Suite 204
Royal Oak, MI 48067-2638

James Grossi
1344 Addington Ct.
Lake Orion, MI 48360-2529

Jason W Bank
Kerr, Russell and Weber, PLC
500 Woodward Ave., Suite 2500
Detroit, MI 48226-5499

Robert N. Bassel
Robert Bassel, Attorney at Law
Pobox T
49236
Clinton, MI 49236-9019

```
Steven M Nofar                              William F. Dillon
Nofar Law, PLLC                             28393 Wellington St.
32600 Telegraph Rd                          Farmington Hills, MI 48334-4274
Ste 100
Bingham Farms, MI 48025-2409
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Avairis, Inc.                  (d)Avairis, Inc.              Benkoff Health Law, PLLC
122 Garland Way                3724 Cheryl Dr.               7 West Square Lake Road
Waterford, MI 48327            Commerce Township, MI 48382   Bloomfield Hills, MI 48302


Bio Rad Laboratories, Inc.     (d)Bio-Rad Laboratories, Inc. Hartford Fire Insurance Company
1000 Alfred Nobel Drive        1000 Alfred Nobel Dr          Bankruptcy Unit, HO2-R, Home Office
Hercules, CA 94547             1000 ALFRED NOBEL DR          Hartford, CT 06155
                               1000 Alfred Nobel Dr
                               Hercules, CA 94547-1000


INTERNAL REVENUE SERVICE       Labcorp                       Medline Industries, Inc.
P O BOX 330500                 PO BOX 12140                  Box 382075
STOP 15                        Burlington, NC 27216-2140     Pittsburgh, PA 15251-8075
DETROIT MI 48232


Staples, Inc.                  Stericycle Inc
7 Technology Circle            PO Box 6575
Columbia, SC 29203             Carol Stream, IL 60197-6575
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)6600 Highland, LLC          (u)Abbott Diagnostics         (u)Abbott Molecular


(u)Alere San Diego             (u)Auxo Investment Partners, LLC  (u)Comerica Bank


(u)Committee of Unsecured Creditors  (u)Coronis Health RCM, LLC  (u)Gemini Lab Group, LLC
```

(u)Humana Dental Insurance Co.          (u)Humana Insurance Company          (u)Humana Medical Plan of Michigan, Inc.

(u)McLaren Medical Laboratory           (u)Medical Real Estate Group, LLC     (u)Only One Hub

(u)The Peninsula Fund VII Limited Partnership    (u)Applied Imaging         (u)Easterseals Michigan

(d)Fishman Stewart, PLLC                 (d)Healthcare Appraisers             (d)Orchard Software Corporation
800 Tower Drive                          2101 NW Corporate Blvd              701 Congressional Blvd.
Suite 610                                Suite 400                          Suite 360
Troy, MI 48098-2843                      Boca Raton, FL 33431-7319          Carmel, IN 46032-5633

(d)Polar Ice Co.                         (u)Andrew R. Vara                   (u)Rachel R. Brown
47943 Van Dyke Ave.
Shelby Twp., MI 48317-3254

(u)Russell Long                          End of Label Matrix
                                         Mailable recipients   271
                                         Bypassed recipients    25
                                         Total                 296

**<u>Exhibit 4B</u>**

**Certificate of Service**
**Chapter 13 - Case No. 25–43866–MLO**

1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                           Case No. 23–43866–MLO
                                                Chapter 13
      Debtor.                              Hon. Maria L. Oxholm
_____/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2025, I electronically filed the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "<u>Motion</u>") and the *Notice and Opportunity to Object* (the "<u>Notice</u>") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

I further certify that on July 15, 2025, I served the Motion and the Notice on the Chapter 13 Trustee via electronic mail, and the Notice on the mailing matrix via first class mail.

1

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

Label Matrix for local noticing
0645-2
Case 25-43866-mlo
Eastern District of Michigan
Detroit
Tue Jul 15 07:17:24 EDT 2025

(p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN
PO BOX 183853
ARLINGTON TX 76096-3853

AmeriCredit/GM Financial Leasing
PO Box 183692
Arlington, TX 76096-3692

Jason W. Bank
Taft Stettinius & Hollister LLP
27777 Franklin Road
Suite 2500
Suite 2500
Southfield, MI 48034-8222

Oakland County Treasurer
1200 N. Telegraph Road
Pontiac, Mi 48341-0479

State of Michigan Department of Treasury
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202-6030

United States of America
U.S. Attorney's Office - EDMI
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3220

ACAR Leasing LTD d/b/a GM Financial Leasing
P.O. Box 183853
Arlington, TX 76096-3853

Affirm, Inc.
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108-2716

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Ally Bank Lease Trust c/o AIS Portfolio Serv
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City OK 73118-7901

Ally Financial, Inc
Attn: Bankruptcy
Po Box 380901
Bloomington, IL 55438-0901

AmeriCredit Financial Services, Inc. dba GM
P O Box 183853
Arlington, TX 76096-3853

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998-1535

Capital One, N.A., successor by merger to Di
PO Box 3025
New Albany, OH 43054-3025

Cedar Financial
Attn: Bankruptcy
5230 Las Virgenes Rd
Calabasas, CA 91302-3448

Charter Township of Oakland
4393 Collins Rd
Rochester, MI 48306-1670

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062-2679

DORT FINANCIAL CREDIT UNION
9048 HOLLY ROAD
GRAND BLANC MI 48439-8336

David H. Wallace (Ohio)
200 Public Square Ste. 3500
Cleveland, OH 44114-2317

Detroit Athletic Club
31211 Jefferson Ave.
St. Clair Shores, MI 48082-1301

Directv, LLC
by AIS InfoSource LP as agent
PO Box 5072
Carol Stream, IL  60197-5072

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

Dort Financial Credit Union
Attn: Bankruptcy
Po Box 1635
Flint, MI 48501-1635

First Credit Services
Attn: Bankruptcy
Po Box 55  3 Skiles Ave
Piscataway, NJ 08855-0055

Flannery Georgalis
1 Clevelnd Ctr.
1375 E. 9th Street, 30th Floor
Cleveland, OH 44114-1797

Gaylen Curtis Attorney
1575 Lakeview Ave.
Sylvan Lake, MI 48320-1642

Gm Financial
801 Cherry Street, Ste. 3600
Fort Worth, TX 76102-6855

Goldman Sachs Bank USA
Attn: Bankruptcy
Po Box 70379
Philadelphia, PA 19176-0379

IC Systems, Inc
Attn: Bankruptcy
444 Hwy 96 East
St. Paul, MN 55127-2557

IOpen World Inc.
C/O David F. Hansman, Clark Hill, PLC
220 Park St Ste 200
Birmingham, MI 48009-3477

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jason W. Bank
27777 Franklin Road, Suite 2500
SOUTHFIELD, MI 48034-8222

Jason W. Banks
c/o Kimberly Ross Clayson
27777 Franklin Rd. Ste 2500
Southfield, MI 48034-8222

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Judge Paul R. Hage
C/O Kimberly Clayson
27777 Franklin Rd. Ste. 2500
Climax, MI 49034

Judith Greenstone Miller
C/O Jason W. Bank / Ark Laboratory, LLC
27777 Franklin Rd. Ste. 2500
Southfield, MI 48034-8222

Julie Pantalone
C/O Andrew L. Finn
901 Wilshire Dr. Ste 550
Troy, MI 48084-5605

Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
SOUTHFIELD, MI 48034-8222

Kristal Bellinger
7270 North Village Drive
Clarkston, MI 48346-1996

(p)LENDMARK FINANCIAL SERVICES
2118 USHER ST
COVINGTON GA 30014-2434

Lippett Okeefe
370 E. Maple Rd. 3rd Fl.
Birmingham, MI 48009-6303

Marcy Hahn / Lotus Legal
550 Merrill St. Ste 100
Birmingham, MI 48009-1443

Mclaren Oakland, a MI Non-profit corp
3000 Town Center - Ste 2390
suite 2390
Southfield, MI, MI 48075-1122

Michigan Department of Health and Human
Bankruptcy Liason
235 S. Grand Ave.
PO Box 30820
Lansing, MI 48909-8311

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

PINNACLE FUNDS II, LLC
c/o Wakefield & Associates, LLC
Po Box 58
Fort Morgan, CO 80701-0058

Randy Bierman, Brett Nagel, Graham Pocic
C/O Sweeney Scharkey & Blanchard
230 West Monroe, Ste. 1500
Chicago, IL 60606-4802

Ray Regner
R.A. Regner LTD
161 N. Clark St. Ste. 2550
Chicago, IL 60601-3246

(p)MICHIGAN DHHS OFFICE OF CHILD SUPPORT
ATTN BANKRUPTCY REPORTING CONTACT
PO BOX 30478
LANSING MI 48909-7978

Storage Rentals of America
4350 White Lake Rd
Clarkston, MI 48346

Susan L. Winters
3000 Town Center - Ste 2390
suite 2390
Southfield, MI, MI 48075-1122

TFS INCOME FUND 1, LLC
4875 SUNNYSIDE DR.
Clarkston, MI 48348-5216

Tina M. Walsh
31211 Jefferson Ave.
St. Clair Shores, MI 48082-1301

Trueaccord C
16011 College Blvd
Lenexa, KS 66219-1366

US Attorney
Civil Division
211 West Fort Street
Detroit, MI 48226-3269

Verizon
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

Verizon Wireless
Attn: Bankruptcy
500 Technology Dr, Ste 599
Weldon Springs, MO 63304-2225

Afan Bapacker
The Law Office of Afan Bapacker, PC
1 Parklane Blvd. Ste. 729, East Tower
Dearborn, MI 48126-4226

James Anthony Grossi
1344 Addington Court
Lake Orion, MI 48360-2529

Jason W Banks
c/o Kimberly Ross Clayson
27777 Franklin Road
Suite 2500
Suite 2500
Southfield, MI 48034-8222

Kristal Bellinger
Wolfson Bolton Kochis PLLC
880 W Long Lake
Suite 420
Suite 420
Troy, MI 48098-4534

Tammy L. Terry
Buhl Building
535 Griswold
Suite 2100
Detroit, MI 48226-3681

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AmeriCredit Financial Services, Inc.
P.O. Box 183853
Arlington, TX 76096

IRS
PO Box 330500
Stop 15
Detroit, MI 48232

Jefferson Capital Systems
PO Box 7999
Saint Cloud, MN 56302

(d)Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

Lendmark Financial Ser
2118 Usher St.
Covington, GA 30014

State Of Michigan Office Child Support
Office of Child Support/Bankruptcy
235 S Grand Ave  Pob 30037
Lansing, MI 48909

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Dort Financial Credit Union

(d)Oakland County Treasurer
1200 N. Telegraph Rd.
Pontiac, MI 48341-0479

End of Label Matrix
Mailable recipients    63
Bypassed recipients     2
Total                  65

**Exhibit 5**

**Affidavits – Not Applicable**

**Exhibit 6**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made on July 14, 2025, by and between Jason W. Bank, solely in his capacity as Successor Trustee (the "Successor Trustee" or "Plaintiff") of the Ark Laboratory Trust (the "Trust") and Plaintiff in the adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adversary Proceeding No. 23-00496-MLO (the "Adversary Proceeding"), in the Ark Laboratory, LLC Chapter 11 case, Case No. 23-43403-MLO (the "Chapter 11 Case"), pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") and defendants, James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia"), Hamid Sattar ("Sattar"), the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021, (the "Tierney Trust"), Nameer Kiminaia Living Trust Dated 5/31/2019, also known as, Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and, together with the Tierney Trust, the "Trusts"), ION Diagnostics, LLC ("ION Diagnostics") and ION Marketing, LLC ("ION Marketing" and together with Grossi, Tierney, Kiminaia, Sattar, the Tierney Trust, the Kiminaia Trust and ION Diagnostics, the "Defendants" and, collectively with the Plaintiff, the "Parties" and each individually a "Party").[1]

---

[1] On July 11, 2024, 2210/305, LLC, a defendant in the Adversary Proceeding, consented to entry of a default judgment against it for all claims asserted in the Adversary Proceeding and, thus, it is not a party to the Settlement Agreement. *See Stipulated Consent Judgment* [Adv. Pro. ECF 183].

174161852v1

## I.  The Ark Laboratory Chapter 11 Bankruptcy Case

A.  Ark Laboratory, LLC ("Ark" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code"), on April 12, 2023 (the "Petition Date") in the Court.

B.  The Debtor filed, and the Court confirmed, the *Debtor's Second Amended Plan of Liquidation* ("Plan") [ECF No. 384] pursuant to the *Finding of Fact, Conclusions of Law and Order (I) Granting Final Approval of Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* (the "Confirmation Order") [ECF No. 392] entered on December 1, 2023, which Plan became effective on December 14, 2023 ("Plan Effective Date").

C.  As part of the confirmed Plan, the Ark Laboratory Trust, a liquidating trust (the "Trust"), was established on the Plan Effective Date, as evidenced by the Liquidating Trust Agreement and Declaration of Trust ("Initial Trust Agreement"), at which time, all of the remaining assets of the Debtor, including the Causes of Action[2] (which included the Avoidance Actions arising under chapter 5 of the Bankruptcy Code), were transferred to the Trust.

D.  The Trust Agreement was subsequently amended pursuant to the First Amended and Restated Liquidating Trust Agreement and Declaration of Trust, approved by the Court ("Amended Trust Agreement" and, together with the Initial Trust Agreement, the "Trust Agreement") on July 9, 2024 pursuant to an *Order Granting Ex Parte Motion of Successor Trust to Approve Restated and First Amended Liquidation Trust Agreement and Declaration of Trust* [ECF No. 649].

---

[2] All capitalized terms not defined herein shall have the meanings provided in the Plan.

2

E.     Paul R. Hage was appointed as the initial trustee of the Trust (the "Trustee") and, after he resigned, Jason W. Bank was appointed as the Successor Trustee of the Trust pursuant to the Court's *Order (I) Approving the Appointment of Jason W. Bank as Successor Trustee of the Ark Laboratory Trust and (II) Granting Other Relief* [ECF No. 644].

F.     Section 4.2.11 of the Trust Agreement authorizes, among other things, the Successor Trustee "to prosecute and/or settle any Causes of Action, with or without approval of the Bankruptcy Court . . . ."

## II.     The Commencement of the Adversary Proceeding

A.     On December 22, 2023, the Trustee, as plaintiff, commenced the 22-count Adversary Proceeding against the Defendants, asserting various causes of actions against the Defendants, including (i) avoidance and recovery of fraudulent conveyances under Sections 544, 548 and 550 of the Bankruptcy Code and the Michigan Voidable Transactions Act, M.C.L. §§ 566.31 *et seq.*, (ii) avoidance and recovery of preferential transfers under Sections 547 and 550 of the Bankruptcy Code, (iii) avoidance and recovery of post-petition transfers under Sections 549 and 550 of the Bankruptcy Code, (iv) equitable subordination under Sections 105 and 510 of the Bankruptcy Code, and (v) recharacterization (the "Initial Complaint").

B.     The Initial Complaint was subsequently amended to add an additional count for breach of the Operating Agreement of the Debtor by Grossi, Tierney, Kiminaia and the Trusts (the "Amended Complaint" and, together with the Initial Complaint, the "Complaint").

C.     Each of the Defendants filed answers to the Complaint, filed numerous affirmative defenses and denied any liability.

D.     Prior to the commencement of the Chapter 11 Case, the Debtor purchased a Business and Management Indemnity Policy in the amount of $1 million, Policy No. EK13461050

(the "Insurance Policy") from Scottsdale Indemnity Company (the "Insurer"), under which the Insurer has been paying defense costs for Grossi, Tierney, Kiminaia and Sattar to defend the claims asserted against them in the Adversary Proceeding.

E.      The Plaintiff and the Defendants participated in extensive discovery consisting of depositions, interrogatories, requests to produce documents and requests to admit. In addition, the Plaintiff and the Defendants engaged in a three-day mediation to attempt to resolve the claims in the Complaint in August 2024.

F.      On April 15, 2025, Grossi filed a voluntary petition under chapter 13 of the Bankruptcy Code, Case No. 25-43866 (the "Chapter 13 Case"), which imposed an automatic stay that precluded collection action as to Grossi.

G.      On June 2, 2025, the Court held a hearing and granted the Successor Trustee's *Motion to Modify the Automatic Stay Under 11 U.S.C §362* [Grossi Chapter 13 ECF No. 13] in the Chapter 13 Case. *See Order Modifying the Automatic* Stay [Grossi Chapter 13 ECF 37].

H.      The Successor Trustee and Grossi acknowledge that they did not engage in any material settlement discussions between the date the mediation resolution fell apart and the petition date in Grossi's Chapter 13 Case.

I.      The Parties have engaged in several weeks of extensive settlement negotiations and have agreed to a settlement of the Adversary Proceeding pursuant to the terms and conditions set forth in this Settlement Agreement.

J.      In order to seek approval of this Settlement Agreement, the Successor Trustee has filed or will file a *Motion to Approve (I) Settlement of Insider Cause of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the Chapter 11 Case and in the

4

Chapter 13 Case.[3]

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

**AGREEMENT**

1.     **Recitals**: Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2.     **Settlement Payment By and On Behalf of Defendants**

(a)     Grossi, Tierney, Kiminaia, Sattar and the Tierney Trust,[4] collectively shall pay the Successor Trustee a total of Seven Hundred Thousand and 00/100 Dollars ($700,000.00) in a lump sum cash payment (the "Lump Sum Settlement Payment") within thirty (30) days after entry of the later of a final nonappealable order approving the Settlement Agreement by the Court in (a) the Chapter 11 Case, and (b) the Chapter 13 Case (collectively, the "Settlement Orders") via the wire instructions, attached as **Exhibit A** to this Settlement Agreement (the "Wire Instructions"). The above payment obligations with respect to the Lump Sum Settlement Payment are not joint and several obligations; rather, the Lump Sum Settlement Payment is comprised of separate and independent payment obligations, as follows: (i) Tierney and/or the

---

[3] References to specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __." Similarly, references to specific chapters of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

[4] The Insurer is providing Three Hundred Thousand and 00/100 Dollars ($300,000.00) of the Lump Sum Settlement Payment (as defined herein) on behalf of Grossi, Tierney, Kiminaia and Sattar to facilitate the settlement of the Adversary Proceeding pursuant to a separate Settlement Agreement and Release (the "Insurer Settlement Agreement") between the Insurer, on the one hand, and Grossi, Kiminaia, Tierney and Sattar, on the other hand, as referenced in paragraph 2(a).

Tierney Trust shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000); (ii) Sattar shall pay the Successor Trustee the total amount of One Hundred Thousand and 00/100 Dollars ($100,000); and (iii) the Insurer shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000) on behalf of Grossi, Tierney, Kiminaia and Sattar (the "Insurer's Settlement Payment");[5] provided, however, each of these Parties and the Insurer that is contributing a portion of the Lump Sum Settlement Payment are required to pay their portion of the Lump Sum Settlement Payment to the Successor Trustee such that it is actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders; provided, further, until the Successor Trustee has received the last of all of the aforementioned payments from Tierney, the Tierney Trust, Sattar and the Insurer, the time for the Successor Trustee to file the stipulation and submit the order of dismissal of the Adversary Proceeding to the Court as to Kiminaia, Sattar, ION Diagnostic and ION Marketing under the Settlement Agreement shall not start to run. If the Insurer fails to pay the Successor Trustee the Insurer's Settlement Payment, the Successor Trustee may enforce the Insurer's obligation to make the Insurer's Settlement Agreement as an intended third-party beneficiary of the Insurer's Settlement Agreement.

(b)     The Adversary Proceeding shall be dismissed with prejudice and without costs as to all Defendants, except Grossi, Tierney, the Tierney Trust and the Kiminaia Trust, within ten

---

[5] The Insurer may make the Insurer's Settlement Payment to the Successor Trustee via the Wire Instructions or via a check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank; provided, however, if the Insurer elects to make the Insurer's Settlement Payment by check, the check must be actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders.

(10) days of the receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee, in the form attached as **Exhibit 13** to the Motion.

        3.     <u>**Additional Settlement Payment by Tierney and the Tierney Trust**</u>

        (a)     Tierney and the Tierney Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "<u>Additional Tierney Settlement Payment</u>") within six (6) months of entry of the later of Settlement Orders via the Wire Instructions.

        (b)     Tierney and the Tierney Trust may prepay the Additional Tierney Settlement Payment, or any portion thereof, without penalty, cost or charge.

        (c)     The Additional Tierney Settlement Payment shall be secured by a pocket consent judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000) (the "<u>Tierney Consent Judgment</u>"), in the form attached as **Exhibit 7** to the Motion. If Tierney or the Tierney Trust fails to timely pay the Additional Tierney Settlement Payment, Tierney and the Tierney Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Tierney and the Tierney Trust and its counsel, as provided in paragraph 25 *infra*. If Tierney or the Tierney Trust fails to timely cure the default by wiring or delivering the Additional Tierney Settlement Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Tierney Consent Judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000), less any payments received, with the Court, pursuant to **Exhibit 8** attached to the Motion, and upon entry of the Tierney Consent Judgment, the Successor Trustee may immediately commence collection of the Tierney Consent Judgment against Tierney and the Tierney Trust. Once Tierney or the Tierney Trust pays the

Additional Tierney Settlement Payment in full, the Tierney Consent Judgment will be deemed satisfied and released to Tierney and the Tierney Trust.

(d) During the pendency of the Settlement Agreement, Tierney shall be prohibited from terminating the Tierney Trust.

(e) The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Tierney and the Tierney Trust within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders and receipt of the Lump Sum Settlement Payment by the Successor Trustee, in the form attached as **Exhibit 14** to the Motion. Within ten (10) days of the Successor Trustee receiving the Additional Tierney Settlement Payment from Tierney or the Tierney Trust or satisfaction of the Tierney Consent Judgment (if there is a default in payment by Tierney or the Tierney Trust), Tierney and the Tierney Trust stipulate to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to Tierney and the Tierney Trust, in the form attached as **Exhibit 16** to the Motion.

4. **Additional Settlement Payment by the Kiminaia Trust.**

(a) The Kiminaia Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Kiminaia Settlement Payment") over a period of twelve (12) months as follows: Eight Thousand Seven Hundred and Fifty and 00/100 Dollars ($8,750.00) (the "Initial Installment") to be paid within thirty (30) days after entry of the later of Settlement Orders and thereafter, eleven (11) equal monthly installments in the amount of Three Thousand Seven Hundred and Fifty and 00/100 Dollars ($3,750.00) (collectively, the "Monthly Installment Payments" and each a "Monthly Installment Payment"), with the first such Monthly Installment Payment commencing two (2) months after the entry of the later of Settlement Orders, and

8

thereafter, each month until all of the Monthly Installment Payments have been remitted to the Successor Trustee. The Initial Installment and each of the Monthly Installment Payments shall be made to the Successor Trust via check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check for each the Initial Installment and each Monthly Installment Payment is actually received by the Successor Trustee when due.

(b)     The Kiminaia Trust may prepay the Kiminaia Settlement Payment, or any portion thereof, without penalty, cost or charge.

(c)     The Kiminaia Settlement Payment shall be secured by a pocket consent judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000) (the "Kiminaia Consent Judgment"), in the form attached as **Exhibit 9** to the Motion. If the Kiminaia Trust fails to timely pay the Initial Installment or a Monthly Installment Payment, the Kiminaia Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Kiminaia Trust and its counsel, as provided in paragraph 25 *infra*. If the Kiminaia Trust fails to timely cure the default by wiring or delivering the Monthly Installment Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Kiminaia Consent Judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000), less any payments received, with the Court, pursuant to **Exhibit 10** attached to the Motion, and upon entry of the Consent Judgment, the Successor Trustee may immediately commence collection of the Kiminaia Consent Judgment against the Kiminaia Trust and Kiminaia, as Trustee of the Kiminaia Trust; provided, however, Kiminaia, individually, shall not be personally liable for the obligations of the Kiminaia Trust. Once the Kiminaia Trust pays

9

the Kiminaia Settlement Payment in full, the Kiminaia Consent Judgment will be deemed satisfied and released to the Kiminaia Trust.

(d)    During the pendency of the Settlement Agreement, Kiminaia shall be prohibited from terminating the Kiminaia Trust and, if he does so, he shall be individually liable for the Kiminaia Settlement Payment and the liability under the Kiminaia Consent Judgment.

(e) The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Kiminaia Trust upon the later of (i) ten (10) days of receipt of the Initial Installment by the Successor Trustee, and (ii) entry of the later of the Settlement Orders, in the form attached as **Exhibit 15** to the Motion. Within ten (10) days of the Successor Trustee receiving the final Monthly Installment Payment from the Kiminaia Trust or satisfaction of the Kiminaia Consent Judgment (if there is a default in payment by the Kiminaia Trust), the Kiminaia Trust stipulates to the Successor Trustee reopening to dismiss the Adversary Proceeding with prejudice and without costs as to the Kiminaia Trust, in the form attached as **Exhibit 17** to the Motion.

5.    <u>**Additional Settlement Payment by Grossi**</u>

(a)    During the pendency of the Chapter 13 Case, the Successor Trustee shall not take any action to collect from Grossi, except as expressly authorized in this Settlement Agreement.

(b)    Grossi hereby consents to a judgment of nondischargeability in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) (the "<u>Nondischargeability Judgment</u>") pursuant to a stipulation and judgment, in the form attached as **Exhibit 11** to the Motion; and the Trust shall be entitled to an allowed Class Nine general unsecured claim in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) in the Chapter 13 Case, with such claim to be treated as nondischargeable until Grossi has satisfied his obligations under

10

this Settlement Agreement (the "Grossi Claim"), in the form attached as **Exhibit 11** to the Motion.

(c)     If Grossi defaults under the Settlement Agreement and fails to cure said default(s), as set forth in section 4(h) below after Grossi's discharge in the Chapter 13 Case has been granted and/or the Chapter 13 Case has been closed, Grossi stipulates to the reopening of the Chapter 13 Case for the Successor Trustee to seek entry of the Nondischargeability Judgment, in the form attached as **Exhibit 20** to the Motion. Upon entry of an order dismissing or converting the Chapter 13 Case or such action being taken by the Court, the Successor Trustee may seek entry of the Nondischargeability Judgment, pursuant to the stipulation and order attached as **Exhibit 11** to the Motion and, if at such time, Grossi has not defaulted under the Settlement Agreement or failed to cure said default(s) as set forth in section 5(h) below, the Successor Trustee shall stay enforcement and collection of the Nondischargeability Judgment until Grossi defaults and fails to cure such default, as provided herein.

(d)     If the Court enters an order confirming a chapter 13 plan and Grossi makes all payments required thereunder, Grossi shall have sixty (60) months from the issuance of his discharge in the Chapter 13 Case to pay the Grossi Claim. Grossi may make such payments either pursuant to the Wire Instructions or via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due.

(e)     Grossi may prepay the Grossi Claim or any portion thereof at any time without penalty, cost or charge.

11

(f)     If Grossi dies (i) the Grossi Claim shall be deemed paid in full, (ii) the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi's estate, heirs, family members, beneficiaries or assets, and (iii) the Trust waives its right to pursue collection of the Grossi Claim from any source whatsoever.

(g)     The Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

(h)     If (i) Grossi's chapter 13 plan is not confirmed, (ii) the Chapter 13 Case is converted to chapter 7, or (iii) the Chapter 13 Case is dismissed, Grossi shall pay the Successor Trustee Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments previously received on account of the Grossi Claim, in sixty (60) equal monthly payments (collectively, the "Grossi Monthly Installment Payments" and each the "Grossi Monthly Installment Payment"), with the first monthly payment to commence on the thirtieth (30th) day after entry of the order of dismissal or conversion but in no event earlier than May 1, 2026, with each Grossi Monthly Installment Payment made thereafter on the fifteenth (15th) day of each month. The Successor Trustee shall hold (and not submit for entry by any court) the Nondischargeability Judgment unless and until Grossi defaults in his payment obligations. Upon the occurrence of a default in payment, the Successor Trustee will serve Grossi and his counsel with a notice of default, as provided in paragraph 25 *infra*. If Grossi fails to timely cure the default by wiring the Grossi Monthly Installment to the Successor Trustee either (i) pursuant to the Wire Instructions, or (ii) via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due, within fourteen (14) days of the Notice

12

of Default, Grossi stipulates if the Chapter 13 Case is closed to the reopening of the Chapter 13 Case for the Successor Trustee to submit the Nondischargeability Judgment in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments received, in the form attached as **Exhibit 12** hereto, to the Court for entry.

(i)    Notwithstanding anything in this Settlement Agreement to the contrary, if Grossi pays the Successor Trustee the aggregate amount of One Hundred and Thirty-Five Thousand and 00/100 Dollars ($135,000.00), inclusive of any payments made to the Successor Trustee on the Grossi Claim, within forty-five (45) months of (i) the entry of an order dismissing or converting the Chapter 13 Case, or (ii) the issuance of a discharge in the Chapter 13 Case, pursuant to timely monthly payments due to be paid to the Successor Trustee on the fifteen (15th) day of each month, the Nondischargeability Judgment and Grossi Claim shall be deemed satisfied and paid in full and the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi.

(j)    Upon the later of (i) the later entered Settlement Order, and (ii) the entry of the order allowing the Grossi Claim, the Adversary Proceeding as to Grossi shall be dismissed without prejudice and without costs, in the form attached as **Exhibit 18** to the Motion. Within ten (10) days of Grossi completing his obligations contained in this paragraph 5, Grossi stipulates to the Successor Trustee reopening the Adversary Proceeding with prejudice and without costs as to Grossi, in the form attached as **Exhibit 19** to the Motion.

(k)    Upon Grossi's satisfaction of his payment obligations to the Trust, as set forth in this paragraph 5 of the Settlement Agreement, Grossi stipulates to the Successor Trustee reopening the Adversary Proceeding for the Successor Trustee to submit to the Court for entry a

Satisfaction of the Nondischargeabilty Judgment, if the Nondischargeabilty Judgment was previously entered, in the form attached as **Exhibit 20** to the Motion.

      6.    **Mutual Releases**.

      A.    Except for the obligations set forth in this Settlement Agreement, and subject to the timing of releases as set forth below, the Successor Trustee on one hand, and the Defendants, on the other hand, fully and unconditionally release each other, as well as their successors, assigns, and attorneys, from any and all claims, losses, liabilities, damages, and causes of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement, including, but not limited to, all claims that have been made or could have been made in the Chapter 11 Case, the Chapter 13 Case and the Adversary Proceeding currently pending between the Parties in the Court (the "Released Claims"). Notwithstanding the foregoing, nothing in this Settlement Agreement addresses, resolves and/or releases any claims among and/or between the Defendants.

      B.    With respect to the Defendants, other than Tierney, Grossi, the Tierney Trust and the Kiminaia Trust, the releases set forth above shall only be effective upon (i) entry of the Settlement Orders, and (ii) receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee.

      C.    With respect to the releases between Grossi and the Successor Trustee, such releases shall only be effective upon entry of (i) the Settlement Orders, and (ii) the order approving the Grossi Claim; provided; however, such release shall not apply to the Grossi Claim and the Nondischargeable Judgment.

D.    With respect to the Kiminaia Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, and (ii) receipt of the Kiminaia Settlement Payment or satisfaction of the Kiminaia Consent Judgment, in accordance with the terms set forth above in paragraph 4.

E.    With respect to Tierney and the Tierney Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, (ii) receipt of the Lump Sum Settlement Payment, and (iii) receipt of the Additional Tierney Settlement Payment or satisfaction of the Tierney Consent Judgment, in accordance with the terms set forth above in paragraph 3.

F.    Each of the Defendants hereby waive (i) any claims scheduled for them by the Debtor, (ii) any proofs of claim filed by them in the Debtor's Chapter 11 Case, and (iii) any claims that they may assert against the Debtor's estate on the basis of Section 502(h) of the Bankruptcy Code or any other basis.

F.    Defendants acknowledge and agree that, notwithstanding anything in this Agreement to the contrary, by execution of this Settlement Agreement, no Defendant is releasing any other Defendant, or their successors or assigns, from any claim, loss, liability, damage, or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement.

G.    Each Party is aware that hereafter it/he may discover claims or facts in addition to or different from those it/he now knows or believes to be true with respect to the matters addressed herein. Nevertheless, it is each Party's intention to settle and to fully, finally, and forever release all Released Claims, whether suspected or unsuspected. In furtherance of their

15

intentions, each Party's release given herein shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relating thereto.

H.     Each Party warrants and represents that no other person or entity has any interest in any Released Claims and that it/he has not sold, assigned, transferred, or otherwise conveyed the Released Claims; provided, however, nothing contained herein shall preclude or prohibit the Successor Trustee from subsequently assigning, transferring or selling the Grossi Claim, as provided in paragraph 20, *infra*.

I.     Except as to a breach of any representation, obligation or duty in this Settlement Agreement, each Party covenants and agrees that it/he will not institute any action or actions, cause or causes of action (in law or in equity), suits, debts, liens, claims, demands, known or unknown, fixed or contingent, that it/he may have or claim to have in state or federal court, or with any state, federal or local government agency, or with any administrative or advisory body relating to, in any way whatsoever, the Released Claims.

7.     **Fees and Costs.** The Successor Trustee agrees not to object to insurance coverage for the reimbursement of attorney's fees and expenses for Grossi, Tierney, Kiminaia and Sattar by the Insurer.

8.     **Court Approval**: This Settlement Agreement is subject to (i) the filing of the Motion for Approval of the Settlement Agreement pursuant to Fed.R.Bankr.P. 9019 in the Ark Laboratory Chapter 11 Case and in the Grossi Chapter 13 Case, (ii) entry of the Settlement Orders, and (iii) entry of an order allowing the Grossi Claim in the Chapter 13 Case.

9.     **Entire Agreement.** This Settlement Agreement and the exhibits attached hereto constitute the entire understanding with respect to the subject matter hereof, and this Settlement

16

Agreement supersedes and replaces, in their entirety, all prior or contemporaneous agreements, discussions, statements, or representations, oral or written. Any modifications or amendments to this Settlement Agreement must be in writing and signed by the Parties to be charged in order to be effective. This Settlement Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements. All prior and contemporaneous oral agreements, if any, between the Parties are merged into this Settlement Agreement and do not survive this Settlement Agreement's execution. This Settlement Agreement is an integrated document and the consideration stated herein is the sole consideration for this Settlement Agreement. Notwithstanding the foregoing, Grossi, Tierney, Kiminaia and Sattar executed a separate and independent Settlement and Release Agreement with the Insurer necessary for the Insurer's Settlement Payment.

10.   **No Admissions**: The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. It is understood that this Settlement Agreement does not constitute an admission of wrongdoing or liability on the part of any Party, but is made to terminate further controversy respecting the claims and relationships settled herein. This Settlement Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or wrongdoing, or for any purpose other than to enforce the terms of this Settlement Agreement or as otherwise stated herein.

11.   **Advice of Counsel**: The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Settlement Agreement.

12. **Drafting Provision.** This Settlement Agreement is entered into among competent businesspersons and has been reviewed by the Parties and their counsel, if any. Therefore, any ambiguous language in this Settlement Agreement will not be interpreted or construed for or against any particular Party.

13. **Authority**: Subject to entry of the Settlement Orders, the Parties represent and warrant that they have full power, authority and legal right to, and have obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Settlement Agreement.

14. **Severability/Partial Invalidity.** Each of the Parties hereto intends and believes that each provision of this Settlement Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Settlement Agreement is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law administrative decisions, or public policy, or if such court should declare such portion, provision or provisions of this Settlement Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Settlement Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations, and interest of the Parties hereto under the remainder of the Settlement Agreement shall continue in full force and effect.

15. The term *"including"* means "including, without limitation," and the term *"includes"* means "includes, without limitation."

18

16. **Headings.** All headings are inserted for convenience and do not affect this Settlement Agreement's construction or interpretation.

17. **Counterparts**: This Settlement Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

18. **Merger/No Oral Modification**: This Settlement Agreement constitutes the entire understanding of the Parties in connection with the subject matter hereof and may only be amended or modified in a writing signed by the Parties to be bound.

19. **Binding Effect.** Except as otherwise provided herein, this Settlement Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.

20. **Inconsistency/Controlling Documents.** To the extent there is any discrepancy between the terms set forth in the Motion, the Settlement Orders and this Settlement Agreement, the terms of this Settlement Agreement shall control.

21. **Nonassignability.** This Settlement Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective successors, assigns, including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially of the business and/or assets of the Parties. None of the Parties may assign their rights or obligations in connection with this Settlement Agreement without the prior written consent of all the Parties subject to this Settlement Agreement; provided, however, the Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

22.    **Costs and Attorneys' Fees**: The Parties shall each bear their own fees and costs, including attorney's fees, associated with this Settlement Agreement and the resolution of the claims subject hereto.

23.    **Choice of Law**: This Settlement Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

24.    **Jurisdiction**: To the extent a dispute arises under this Settlement Agreement, it shall be determined by the Court.

25.    **Notice.** All notices and other communications required or permitted under this Agreement shall be in writing and shall be deemed to have been duly given, made and received only when delivered (personally, by courier service such as Federal Express, or by other messenger), when sent by electronic facsimile or four days following the day when deposited in the United States mail, registered or certified air mail, postage prepaid, return receipt requested, addressed as set forth below:

If to Grossi:

James A. Grossi
1344 Addington Court
Lake Orion, MI 48360
Email: thun2210@hotmail.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

20

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

and

Afan Bapacker
The Law Office of Afan Bapacker, P.C.
1 Parkland Blvd.
Suite 729 East
Dearborn, MI 48126
Email: afan@ba[ackerlaw.com

If to Sattar:

Hamid Sattar
6050 Greenfield Road, Suite 101
Dearborn, MI 48126
Email: sattarham@gmail.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

If to Kiminaia:

Nameer Kiminaia
132 Linda Court
Bloomfield Hills, MI 48304-2814
Email: nkiminaia@iondiagnostics.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

If to Tierney:

Brian Tierney
18439 N. Shore Estates Road
Spring Lake, MI 49456-9117
Email: btierney@iondiagnostics.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

If to the Tierney Trust:

Brian Tierney
18439 N. Shore Estates Road
Spring Lake, MI 49456-9117
Email: btierney@iondiagnostics.com

With a copy to:

Raymond J. Salloum
Raymond J. Salloum PC
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
Email: salloumlaw@comcast.net

If to the Kiminaia Trust:

Nameer Kiminaia
132 Linda Court
Bloomfield Hills, MI 48304-2814
Email: nkiminaia@iondiagnostics.com

22

| | |
|---|---|
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Diagnostics: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Marketing: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to the Successor Trustee: | Jason W. Bank<br>Kerr Russell and Weber, PLC,<br>500 Woodward Avenue, Suite 2500,<br>Detroit, MI 48226<br>Email: jbank@kerr-russell.com |
| With a copy to: | Kimberly Ross Clayson and<br>Judith Greenstone Miller<br>Taft Stettinius & Hollister LLP<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>Email: kclayson@taftlaw.com<br>       jgmiller@taftlaw.com |

26.    **Effective Date.** This Agreement shall be effective on the first day following the later of (i) the Settlement Orders becoming final and (ii) the order approving Creditor Claim, each becoming final and nonappealable.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

| | |
|---|---|
| **JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST** | **BRIAN TIERNEY** |

By: _~~James~~_

Its: _Successor Trustee_

Dated: _July 7, 2025_

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: _____

**NAMEER KIMINAIA**

By: _____

Dated: _____

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

By: _____

Its: _____

Dated: _____

***(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)***

174161852

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: 7/8/25

**NAMEER KIMINAIA**

By: _____

Dated: _____

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

By: _____

Its: _____

Dated: _____

***(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)****

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____


**BRIAN TIERNEY**

By: _Brian Tierney_

Dated: _7-9-25_


**HAMID SATTAR**

By: _____

Dated: _____


**NAMEER KIMINAIA**

By: _____

Dated: _____


**ION DIAGNOSTICS, LLC**

By: _Brian Tierney_

Its: _Brian Tierney_

Dated: _7-9-25_


**ION MARKETING, LLC**

By: _Brian Tierney_

Its: _Brian Tierney_

Dated: _7-9-25_


***(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)***

**THE TIERNEY FAMILY TRUST DATED 12/21/2018, AMENDED AND RESTATED AND NOW KNOWN AS BRIAN O. TIERNEY LIVING TRUST DATED MARCH 3, 2021**

By: _Brian Tierney_

Its: _Brian Tierney_

Dated: _7-9-25_

**JAMES A. GROSSI**

By: _____

Dated: _____

**THE NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, ALSO KNOWN AS KIMINAIA LIVING TRUST DATED 5/31/2019**

By: _____

Its: _____

Dated: _____

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: _____

**NAMEER KIMINAIA**

By: SELF _____

Dated: 7/09/2025

**ION DIAGNOSTICS, LLC**

By: NAMEER KIMINAIA

Its: MEMBER

Dated: 7/09/2025

**ION MARKETING, LLC**

By: NAMEER KIMINAIA

Its: MEMBER

Dated: 7/09/2025

**\*\*\*(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)\*\*\***

**THE TIERNEY FAMILY TRUST DATED 12/21/2018, AMENDED AND RESTATED AND NOW KNOWN AS BRIAN O. TIERNEY LIVING TRUST DATED MARCH 3, 2021**

By: _____

Its: _____

Dated: _____


**JAMES A. GROSSI**

By: _____

Dated: _____


**THE NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, ALSO KNOWN AS KIMINAIA LIVING TRUST DATED 5/31/2019**

By: _____ NAMEER KIMINAIA

Its: _TRUST MANAGING_ ( KIMINAIA LIVING ≡ TRUS

Dated: _7/09/2021_

(N.

26

THE TIERNEY FAMILY TRUST
DATED 12/21/2018, AMENDED AND
RESTATED AND NOW KNOWN AS
BRIAN O. TIERNEY LIVING TRUST
DATED MARCH 3, 2021

By: _____

Its: _____

Dated: _____


THE NAMEER KIMINAIA LIVING
TRUST DATED 5/31/2019, ALSO KNOWN
AS KIMINAIA LIVING TRUST DATED
5/31/2019

By: _____

Its: _____

Dated: _____


JAMES A. GROSSI

By: _____

Dated: ___7/14/2025___


26

**EXHIBIT A**

**WIRE INSTRUCTIONS**

# Incoming Wire Transfer

## Please provide this form to the party initiating the wire.

Date: 09/18/2024

### Beneficiary Information

Bank Name & Address:

Metropolitan Commercial Bank

99 Park Ave

4th Floor

New York, NY  10016

ABA Number (For Domestic Wires)

026013356

SWIFT (For Foreign Wires)

MCBEUS33

---

### NOTE TO SENDER
**Please ensure that ABA number listed on this form is used for this wire transfer request.**
You may visit the Federal Reserve website to validate
https://www.frbservices.org/EPaymentsDirectory/searchFedwire.html

---

| | |
|---|---|
| Account Number: | 3910616801 |
| Account Name: | ARK LABORATORY, LLC TRUST |
| Case Number: | 23-43403-MLO |
| Reference: | Jason Bank  #420680 |

### Contact Information

Contact Name  Jason Bank

Contact Phone  313  961-0200

**<u>Exhibit 7</u>**

**Consent Judgment Against Tierney and the Tierney Trust**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
    Debtor.                      Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                 Adv. P. No. 23-04496-MLO

  v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.
_____/

## __CONSENT JUDGMENT__

1

This matter having come before the Court upon the stipulation of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Plaintiff herein (the "Successor Trustee"), Brian Tierney ("Tierney") and the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021 (the "Tierney Trust" and collectively with Tierney and the Successor Trustee, the "Parties"); the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to *Orders Granting Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]; Tierney and the Tierney Trust having defaulted under the terms of the Settlement Agreement; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1. Judgment is entered jointly and severally against Tierney and the Tierney Trust in the amount of Seventy Five Thousand and 00/100 ($75,000.00), less any previous payments made by Tierney and the Tierney Trust under the Settlement Agreement.

2. The Court shall retain jurisdiction to enforce this judgment.

2

**<u>Exhibit 8</u>**

**Stipulation to Reopen Adversary Proceeding for
Entry of Tierney Consent Judgment**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                           Case No. 23-43403-MLO
                                               Chapter 11
     Debtor.                              Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

     Plaintiff,                           Adv. P. No. 23-04496-MLO

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

     Defendants.
_____/

## **STIPULATION TO REOPEN ADVERSARY PROCEEDING**
## **FOR ENTRY OF CONSENT JUDGMENT**

1

Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Successor Trustee"), Brian Tierney ("Tierney") and the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021 (the "Tierney Trust") stipulate to the entry of (i) the Order Reopening the Adversary Proceeding, attached as **Exhibit A** hereto, and (ii) the entry of the Tierney Consent Judgment (as defined in the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]), attached as **Exhibit B** hereto.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

**APPROVED AS TO FORM AND CONTENT:**

**RAYMOND J. SALLOUM PC**

By: */s/Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Tierney Trust*

**TAFT STETTINIUS &
HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,
Solely in his Capacity as Successor
Trustee of the Ark Laboratory Trust*

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**\*\*\*ADDITIONAL SIGNATURES ON FOLLOWING PAGE\*\*\***

3

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendant Brian Tierney*

Dated: July 15, 2025

4

**<u>Exhibit A</u>**

**Proposed Order Reopening Adversary Proceeding**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
      Debtor.                       Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                    Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## ORDER REOPENING ADVERSARY PROCEEDING
## FOR ENTRY OF CONSENT JUDGMENT

1

This matter having come before the Court upon the Stipulation to Reopen the Adversary Proceeding for Entry of Consent Judgment [Adv. Pro. No. ECF ___]; the Court finding good cause to grant the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.    The Adversary Proceeding is and shall be reopened to allow Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust, and Plaintiff, to submit the Tierney Consent Judgment[1] for entry.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise stated to the contrary herein.

**<u>Exhibit B</u>**

**Tierney Consent Judgment**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

        Debtor.

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

Adv. P. No. 23-04496-MLO

## **CONSENT JUDGMENT**

1

This matter having come before the Court upon the stipulation of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Plaintiff herein (the "Successor Trustee"), Brian Tierney ("Tierney") and the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021 (the "Tierney Trust" and collectively with Tierney and the Successor Trustee, the "Parties"); the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to *Orders Granting Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]; Tierney and the Tierney Trust having defaulted under the terms of the Settlement Agreement; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.    Judgment is entered jointly and severally against Tierney and the Tierney Trust in the amount of Seventy Five Thousand and 00/100 ($75,000.00), less any previous payments made by Tierney and the Tierney Trust under the Settlement Agreement.

2.    The Court shall retain jurisdiction to enforce this judgment.

2

## Exhibit 9

**Kiminaia Trust Consent Judgment**

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
      Debtor.                         Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                      Adv. P. No. 23-04496-MLO

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## CONSENT JUDGMENT

1

This matter having come before the Court upon the stipulation of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Plaintiff herein (the "Successor Trustee") and the Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and collectively with the Successor Trustee, the "Parties"); the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to *Orders Granting Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]; the Kiminaia Trust having defaulted under the terms of the Settlement Agreement; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1. Judgment is entered against the Kiminaia Trust in the amount of One Hundred Twenty-Five Thousand and 00/100 ($125,000.00), less any previous payments made by the Kiminaia Trust under the Settlement Agreement.

2. The Court shall retain jurisdiction to enforce this judgment.

**Exhibit 10**

**Stipulation to Reopen Adversary Proceeding and
For Entry of Kiminaia Trust Consent Judgment**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                     Case No. 23-43403-MLO
                                         Chapter 11
        Debtor.                         Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                      Adv. P. No. 23-04496-MLO

        v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

## STIPULATION TO REOPEN ADVERSARY PROCEEDING
## FOR ENTRY OF CONSENT JUDGMENT

1

Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Successor Trustee") and the Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust") stipulate to the entry of (i) the Order Reopening the Adversary Proceeding, attached as **Exhibit A** hereto, and (ii) the entry of the Kiminaia Consent Judgment (as defined in the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]), attached as **Exhibit B** hereto.

**APPROVED AS TO FORM AND CONTENT:**

**RAYMOND J. SALLOUM PC**

By: */s/Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Kiminaia Trust*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

3

**<u>Exhibit A</u>**

**Proposed Order Reopening Adversary Proceeding**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                                     Case No. 23-43403-MLO
                                                         Chapter 11
      Debtor.                                    Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                                 Adv. P. No. 23-04496-MLO

     v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.
_____/

## ORDER REOPENING ADVERSARY PROCEEDING
## FOR ENTRY OF CONSENT JUDGMENT

1

This matter having come before the Court upon the Stipulation to Reopen the Adversary Proceeding for Entry of Consent Judgment [Adv. Pro. No. ECF ___]; the Court finding good cause to grant the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.     The Adversary Proceeding is and shall be reopened to allow Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust, and Plaintiff, to submit the Kiminaia Trust Consent Judgment[1] for entry.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise stated to the contrary herein.

2

**Exhibit B**

**Kiminaia Trust Consent Judgment**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

Case No. 23-43403-MLO
Chapter 11

      Debtor.

Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,

Adv. P. No. 23-04496-MLO

     v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## **CONSENT JUDGMENT**

1

This matter having come before the Court upon the stipulation of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Plaintiff herein (the "Successor Trustee") and the Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and collectively with the Successor Trustee, the "Parties"); the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to *Orders Granting Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF ___]; the Kiminaia Trust having defaulted under the terms of the Settlement Agreement; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.  Judgment is entered against the Kiminaia Trust in the amount of One Hundred Twenty-Five Thousand and 00/100 ($125,000.00), less any previous payments made by the Kiminaia Trust under the Settlement Agreement.

2.  The Court shall retain jurisdiction to enforce this judgment.

2

## Exhibit 11

**Stipulation And Order Of Judgment Of Nondischargeable
Grossi Claim In The Amount Of $200,000**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| James Anthony Grossi, | ) | Case No.: 25-43866 |
| | ) | |
| Debtor. | ) | Judge Maria L. Oxholm |
| _____ | ) | |

### STIPULATION FOR ORDER ALLOWING CLASS 9 UNSECURED CLAIM OF JASON W. BANK, SOLELY IN HIS CAPACITY AS <u>SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST</u>

James Anthony Grossi (the "<u>Debtor</u>"), Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "<u>Creditor</u>"), and the Chapter 13 Trustee, Tammy Terry (the "<u>Trustee</u>" and collectively, the "<u>Parties</u>") by their undersigned counsel state as follows:

WHEREAS prior to the above-captioned bankruptcy proceeding (the "<u>Chapter 13 Case</u>"), Debtor was a defendant in an adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "<u>Ark Adversary Proceeding</u>"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "<u>Court</u>") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "<u>Chapter 11 Case</u>"); and

1

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which are memorialized in the *Successor Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ___] and filed in the Chapter 11 Case [ECF No. __] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to settlement terms which include the allowance of the Creditor's claims against the Debtor in the amount of $200,000.00 (the "Creditor's Claim") to be treated as nondischargeable; and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor has agreed that if he (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor, or (ii) if a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file a nondischargeability judgment (the "Nondischargeability Judgment"), in the form attached as **Exhibit B** hereto, and if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to

enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

NOW THEREFORE, the Parties agree to entry of the proposed Order attached hereto as **Exhibit A** hereto.

**\*\*\*SIGNATURES ON FOLLOWING PAGE\*\*\***

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN
BAPACKER, P.C.**

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.
Suite 729 East
Dearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com

*Counsel for the Debtor*

**TAFT STETTINIUS &
HOLLISTER LLP**

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Counsel for Plaintiff Jason W.
Bank, Solely in his Capacity as
Successor Trustee of the Ark
Laboratory Trust*

**JAMES ANTHONY GROSSI**

_____
James Anthony Grossi, the Debtor

**OFFICE OF THE CHAPTER 13
STANDING TRUSTEE,
TAMMY L. TERRY**

By: /s/_____
TRUSTEE ATTORNEY (P46254)
Buhl Building
535 Griswold, Suite 2100
Detroit, MI 4822
(313) 967-9857
www.det13tlt.com

*Counsel for Tammy L. Terry,
Chapter 13 Trustee*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                    Case No. 25-43866
                                         Chapter 13
      Debtor.                        Hon. Maria L. Oxholm

_____/

**ORDER ALLOWING CLASS 9 UNSECURED CLAIM**
**OF JASON W. BANK, SOLELY IN HIS CAPACITY AS**
**SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

THIS MATTER came before the Court upon the Parties[1] *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); the Court having reviewed the Stipulation and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED the Creditor's Claim against the Debtor shall be allowed as a Class Nine unsecured claim in the total amount of $200,000.00 under the Debtor's chapter 13 plan.

IT IS FURTHER ORDERED that the Creditor Claim is hereby deemed to be nondischargeable under 11 U.S.C. 523(a).

_____

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

IT IS FURTHER ORDERED that Creditor's Claim will be subject to the entry of a judgment of nondischargeability if the Debtor (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor in the amount of $200,000 less any previous payments made by the Debtor on the Creditor Claim (the "Nondischargeability Judgment") or (ii) a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file the Nondischargeability Judgment.

IT IS FURTHER ORDERED that if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the terms of this Order.

2

# Exhibit B

## Nondischargeability Judgment

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                    Case No. 25-43866
                                          Chapter 13
    Debtor.                              Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[1] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

1

**<u>Exhibit 12</u>**

**Stipulation To Reopen The Chapter 13 Case For Entry
Of Nondischargeability Judgment As To Grossi**

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
         Debtor.                               Hon. Maria L. Oxholm
_____/

## STIPULATION FOR REOPENING CHAPTER 13 CASE FOR FILING OF NONDISCHAREABILITY JUDGMENT

James Anthony Grossi (the "Debtor"), Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor"), and the Chapter 13 Trustee, Tammy Terry (the "Trustee" and collectively, the "Parties") by their undersigned counsel state as follows:

WHEREAS prior to the Debtor's above-captioned bankruptcy proceeding (the "Chapter 13 Case"), Grossi was a defendant in the matter known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary Proceeding"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which were memorialized in the *Successor Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For*

1

*Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ___] and filed in the Chapter 11 Case [ECF No. __] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to the reopening of the Chapter 13 Case if Grossi defaults and fails to timely cure the default of his obligations under the Settlement Agreement after the discharge has been granted and the Chapter 13 Case has been closed for entry of a nondischargeability judgment (the "Nondischargeability Judgment"), in the form attached as **Exhibit B** hereto.

NOW THEREFORE, the Parties agree to entry of the proposed Order Reopening the Chapter 13 Case, attached hereto as **Exhibit A** hereto, for entry of the Nondischargeability Judgment, attached as **Exhibit B** hereto.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

2

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **THE LAW OFFICE OF AFAN BAPACKER, P.C.** | **TAFT STETTINIUS & HOLLISTER LLP** |
| /s/ *Afan Bapacker (With Permission)* | /s/ *Kimberly Ross Clayson* |
| Afan Bapacker (P70885) | Kimberly Ross Clayson (P69804) |
| 1 Parklane Blvd. | Judith Greenstone Miller (P29208) |
| Suite 729 East | 27777 Franklin Road, Suite 2500 |
| Dearborn, MI 48126 | Southfield, MI 48034 |
| (313) 429-9525 | (248) 351-3000 |
| afan@bapackerlaw.com | kclayson@taftlaw.com |
| | jgmiller@taftlaw.com |

*Counsel for the Debtor*

*Counsel for Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*

**JAMES ANTHONY GROSSI**

**OFFICE OF THE CHAPTER 13 STANDING TRUSTEE, TAMMY L. TERRY**

_____
James Anthony Grossi, the Debtor

By: /s/_____
TRUSTEE ATTORNEY (P46254)
Buhl Building
535 Griswold, Suite 2100
Detroit, MI 4822
(313) 967-9857
www.det13tlt.com

*Counsel for Tammy L. Terry, Chapter 13 Trustee*

3

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
    Debtor.                            Hon. Maria L. Oxholm
_____/

## ORDER REOPENING CHAPTER 13 CASE

This matter having come before the Court upon the Stipulation to Reopen the Chapter 13 Case for Entry of Nondischargeability Judgment, the Court having found good cause for granting the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows;

1.    The Adversary Proceeding is and shall be reopened for Entry of Nondischargeability Judgment.

1

**Exhibit B**

**Nondischargeability Judgment**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
     Debtor.                                  Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[1] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

1

## Exhibit 13

**Stipulation For Entry Of Order Of Dismissal
(With Prejudice And Without Costs)
Against All Defendants Except Grossi, Tierney,
The Tierney Trust And The Kiminaia Trust**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                        Case No. 23-43403-MLO

                                        Chapter 11

      Debtor.                      Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                   Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

## **STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendants, Nameer Kiminaia, Hamid Sattar, ION Diagnostics, LLC and ION Marketing, LLC ("Defendants" and together with Plaintiff, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

**APPROVED AS TO FORM AND CONTENT:**

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendants, ION Diagnostics, LLC and ION Marketing, LLC*

**ZOUSMER LAW GROUP PLC**
By: /s/ *Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**\*\*\*ADDITIONAL SIGNATURES ON FOLLOWING PAGE\*\*\***

2

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendants Nameer*
*Kiminaia and Hamid Sattar*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

**<u>Exhibit A</u>**

**Proposed Order of Dismissal**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
      Debtor.                     Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                    Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## **ORDER OF DISMISSAL**

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to *Orders Approving Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___ and Grossi Chapter 13 ECF __]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to certain Defendants upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.     The Adversary Proceeding is dismissed with prejudice as to Defendants, Nameer Kiminaia, Hamid Sattar, ION Diagnostics, LLC and ION Marketing, LLC, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ___] unless otherwise expressly stated to the contrary herein.

2

**Exhibit 14**

**Stipulation For Entry Of Order Of Dismissal**
**(Without Prejudice And Without Costs)**
**As To Tierney And The Tierney Trust**

In re:

ARK LABORATORY, LLC,                        Case No. 23-43403-MLO
                                            Chapter 11
      Debtor.                         Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                      Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

**STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendants, Tierney ("Tierney") and the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021 ("Tierney Trust" and, together with the Successor Trustee and Tierney, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

## APPROVED AS TO FORM AND CONTENT:

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Tierney Trust*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank, solely in his capacity as*
*Successor Trustee of the Ark Laboratory Trust*

2

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com


**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendant Brian Tierney*

Dated: July 15, 2025

3

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
      Debtor.                    Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                 Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## ORDER OF DISMISSAL

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to Tierney and the Tierney Trust upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.    The Adversary Proceeding is dismissed without prejudice as to Defendants, Tierney and the Tierney Trust, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ___] unless otherwise expressly stated to the contrary herein.

**<u>Exhibit 15</u>**

**Stipulation For Entry Of Order Of Dismissal
(Without Prejudice And Without Costs)
As To The Kiminaia Trust**

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
      Debtor.                             Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                          Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## **STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendant, The Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and, together with the Successor Trustee, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

**APPROVED AS TO FORM AND CONTENT:**

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Kiminaia Trust*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank, solely in his capacity as*
*Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

2

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                     Case No. 23-43403-MLO
                                         Chapter 11
     Debtor.                            Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

     Plaintiff,                         Adv. P. No. 23-04496-MLO

     v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

     Defendants.

_____/

## **ORDER OF DISMISSAL**

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to the Kiminaia Trust upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.     The Adversary Proceeding is dismissed without prejudice as to Defendant, the Kiminaia Trust, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ___] unless otherwise expressly stated to the contrary herein.

2

**<u>Exhibit 16</u>**

**Stipulation For Entry Order Of Dismissal (With Prejudice And Without Costs) As To Tierney And The Tierney Trust**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                               Case No. 23-43403-MLO
                                                   Chapter 11
      Debtor.                                      Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                                   Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

## **STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendants, Brian Tierney ("Tierney") and The Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021 (the "Tierney Trust" and, together with Tierney and the Successor Trustee, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

## APPROVED AS TO FORM AND CONTENT:

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Tierney Trust*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank, solely in his capacity as*
*Successor Trustee of the Ark Laboratory Trust*

2

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com


**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendant Brian Tierney*

Dated: July 15, 2025

## Exhibit A

## Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

        Debtor.

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,

  v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

Adv. P. No. 23-04496-MLO

## <u>ORDER OF DISMISSAL</u>

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ____]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to Tierney and the Tierney Trust upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1. The Adversary Proceeding is dismissed with prejudice as to Defendants, Tierney and the Tierney Trust, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ____] unless otherwise expressly stated to the contrary herein.

## Exhibit 17

**Stipulation For Entry Order Of Dismissal (With Prejudice And Without Costs) As To The Kiminaia Trust**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

      Debtor.

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

Adv. P. No. 23-04496-MLO

## **STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendant, The Nameer Kiminaia Living Trust Dated 5/31/2019, also known as Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and, together with the Successor Trustee, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

**APPROVED AS TO FORM AND CONTENT:**

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel for Defendant, Kiminaia Trust*

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank, solely in his capacity as*
*Successor Trustee of the Ark Laboratory Trust*

Dated: July 15, 2025

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                              Case No. 23-43403-MLO
                                                  Chapter 11
      Debtor.                                     Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

      Plaintiff,                                  Adv. P. No. 23-04496-MLO

      v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.
_____/

## **ORDER OF DISMISSAL**

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ____]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to the Kiminaia Trust upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.   The Adversary Proceeding is dismissed with prejudice as to Defendant, the Kiminaia Trust, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ____] unless otherwise expressly stated to the contrary herein.

2

# **Exhibit 18**

**Stipulation For Entry Of Order Dismissal (Without Prejudice And Without Costs) As To Grossi**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                Case No. 23-43403-MLO
                                       Chapter 11
     Debtor.                         Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

       Plaintiff,                   Adv. P. No. 23-04496-MLO
     v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

       Defendants.
_____/

## **STIPULATION FOR ENTRY OF ORDER OF DISMISSAL**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendant, James A. Grossi ("Grossi" and, together the Successor Trustee, the "Parties"), by and through their undersigned counsel, stipulate to the entry of the Order of Dismissal, attached as **Exhibit A** hereto.

## APPROVED AS TO FORM AND CONTENT:

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**\*\*\*ADDITIONAL SIGNATURES ON FOLLOWING PAGE\*\*\***

2

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendant, James A. Grossi*

Dated: July 15, 2025

3

**Exhibit A**

**Proposed Order**

In re:

ARK LABORATORY, LLC,

        Debtor.

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,

    v.

Adv. P. No. 23-04496-MLO

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

## ORDER OF DISMISSAL

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to Grossi upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.      The Adversary Proceeding is dismissed without prejudice as to Defendant, Grossi, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ___] unless otherwise expressly stated to the contrary herein.

2

## Exhibit 19

**Stipulation To Reopen Adversary Proceeding For Entry Of Dismissal (With Prejudice And Without Costs) As To Grossi**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
      Debtor.                          Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                   Adv. P. No. 23-04496-MLO

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

      Defendants.
_____/

## STIPULATION TO REOPEN ADVERSARY PROCEEDING
## FOR ENTRY OF ORDER OF DISMISSAL

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff"), and Defendant, James A. Grossi ("Grossi" and, together with Grossi and the Successor Trustee, the "Parties"), by and through their undersigned counsel, stipulate to the entry of (i) the Order Reopening the Adversary Proceeding, attached as **Exhibit A** hereto, and (ii) the Order of Dismissal, attached as **Exhibit B** hereto.

**APPROVED AS TO FORM AND CONTENT:**

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**\*\*\*ADDITIONAL SIGNATURES ON FOLLOWING PAGE\*\*\***

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*_____
Gary M. Saretsky (P31708)
Brian Witus (P53062)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendant, James A. Grossi*

Dated: July 15, 2025

## Exhibit A

**Proposed Order Reopening Adversary Proceeding**

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
        Debtor.                               Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                            Adv. P. No. 23-04496-MLO

        v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.
_____/

## **ORDER REOPENING ADVERSARY PROCEEDING**

1

This matter having come before the Court upon the stipulation of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and James Anthony Grossi; the Court having found good cause for granting the relief sought herein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.      The Adversary Proceeding is and shall be reopened for the filing of an order of dismissal with prejudice and without costs as to James Anthony Grossi.

**<u>Exhibit B</u>**

**Proposed Order of Dismissal**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                              Case No. 23-43403-MLO
                                                  Chapter 11
        Debtor.                                   Hon. Maria L. Oxholm

_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                                Adv. P. No. 23-04496-MLO

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.

_____/

## **ORDER OF DISMISSAL**

1

This matter having come before the Court upon the stipulation of the Parties;[1] the Parties having entered into a Settlement Agreement on July 14, 2025 that was approved by this Court pursuant to a *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* [ECF No. ___]; the Settlement Agreement providing, among other things for the dismissal of the Adversary Proceeding as to Grossi upon certain conditions; such conditions having been met; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows:

1.    The Adversary Proceeding is dismissed with prejudice as to Defendant, Grossi, with each party to bear their own costs.

---

[1] All capitalized terms shall have the means ascribed to them in the Stipulation for Entry of Order of Dismissal [ECF Adv. Pro. No. ___] unless otherwise expressly stated to the contrary herein.

# Exhibit 20

**Stipulation To Reopen The Chapter 13 Case For Filing Of Satisfaction Of Nondischargeability Judgment As To Grossi**

In re:

James Anthony Grossi,                           Case No. 25-43866
                                                Chapter 13
    Debtor.                  Hon. Maria L. Oxholm
_____/

## STIPULATION FOR REOPENING CHAPTER 13 CASE FOR FILING OF SATISFACTION OF JUDGMENT

The parties, through their respective counsel, stipulate to the reopening of the above referenced Chapter 13 Case pursuant to the proposed Order, attached as **Exhibit A** hereto, to enable Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust, and holder of a nondischargeability judgment against James Anthony Grossi, to file a Satisfaction of Judgment, a copy of which is attached as **Exhibit B** hereto.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

1

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN BAPACKER, P.C.**

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.
Suite 729 East
Dearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com

*Counsel for the Debtor*

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Counsel for Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*

**OFFICE OF THE CHAPTER 13 STANDING TRUSTEE, TAMMY L. TERRY**

**JAMES ANTHONY GROSSI**

_____
James Anthony Grossi, the Debtor

By: /s/_____
TRUSTEE ATTORNEY (P46254)
Buhl Building
535 Griswold, Suite 2100
Detroit, MI 4822
(313) 967-9857
www.det13tlt.com

*Counsel for Tammy L. Terry, Chapter 13 Trustee*

2

**Exhibit A**

**Proposed Order**

In re:

James Anthony Grossi,                      Case No. 25-43866
                                           Chapter 13

      Debtor.                         Hon. Maria L. Oxholm
_____/

## <u>ORDER REOPENING CHAPTER 13 CASE</u>

This matter having come before the Court upon the Stipulation to Reopen the Chapter 13 Case for Filing a Satisfaction of Judgment, the Court having found good cause for granting the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows;

1.    The Adversary Proceeding is and shall be reopened for the filing of a Satisfaction of Judgment and promptly after such filing the Chapter 13 Case shall be closed.

**Exhibit B**

**Satisfaction of Judgment**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

James Anthony Grossi,                           Case No. 25-43866
                                                Chapter 13
          Debtor.                               Hon. Maria L. Oxholm

_____/

## SATISFACTION OF JUDGMENT

     Jason W. Bank, solely in his capacity as Liquidation Trustee of the Ark Laboratory Trust (the "Successor Trustee") and holder of a nondischargeability judgment entered by the Court on _____ against the Debtor [ECF No. ____] (the "Nondischargeability Judgment") hereby states that the Nondischargeability Judgment has been satisfied.

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel for Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

Dated: _____

1